LEONARD PEÑA (State Bar No. 192898)
JULIE A. SOMA (State Bar No. 180170)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Plaintiff
Carolyn A. Dye, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>URBAN COMMONS, LLC,<br><br>     Debtor.<br>_____<br>CAROLYN A. DYE, Chapter 7 Trustee,<br><br>     Plaintiff,<br><br>v.<br><br>POTTER ANDERSON & CORROON, LLP<br><br>     Defendant.<br>_____ | Case No. 2:21-bk-13523 WB<br><br>Chapter 7<br><br>Adv. No. 2:23-ap-01292-WB<br><br>FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) AVOIDANCE OF POST-PETITION TRANSFER, (3) PRESERVATION OF FRAUDULENT, PREFERENTIAL AND POST PETITION TRANSFERS, AND (4) DISALLOWANCE OF CLAIMS<br><br>[11 U.S.C. §§ 105, 502, 544, 547, 548, 549, 550 and 551]<br><br>Date:  January 23, 2024<br>Time:  2:00PM<br>Place: Courtroom 1375<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Carolyn A. Dye the Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *Urban Commons, LLC* avers and complains, by way of this First Amended Complaint, as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

1.    In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (F), (K), and (O) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the estate.  Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant Potter Anderson & Corroon, LLP ("Defendant") is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the defendant to plead whether each claim for relief asserted against the defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3.    This adversary proceeding is brought pursuant to Rule 7001, et seq. of the FRBP and 11 U.S.C. §§ 105, 502, 544, 547, 548, 549, 550 and 551 and Local Rules and Orders of the United States District Court for the Central District of California

governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

4.    Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with In re Urban Commons, LLC a chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District, Los Angeles Division (the "Court") as Case No. 2:21-bk-13523 ER (the "Bankruptcy Case").

5.    Plaintiff consents to entry of final orders or judgment by the Court.

<u>**RELEVANT BACKGROUND, PARTIES, AND**</u>

<u>**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**</u>

6.    The Bankruptcy Case was initiated by the filing of an Involuntary Petition against Urban Commons, LLC ("Debtor") on April 29, 2021 (the "Petition Date").

7.    On June 24, 2021, the Order for Relief was entered in this case.

8.    On June 24, 2021, the United States Trustee appointed Carolyn A. Dye, as the Chapter 7 Trustee.

9.    As the trustee of the Debtor's bankruptcy estate the Plaintiff is charged with recovering and paying out estate property to the Debtor's creditors, assessing claims, and liquidating any other assets of the Debtor for the benefit of the estate and its creditors.  The Plaintiff is in the process of marshalling the Debtor's assets, and the liquidation of Debtor's.  However, such assets will not be sufficient to reimburse the creditors of the Debtor for the over

$100,000,00.00 of dollars in prepetition unsecured claims.
Consequently, the Trustee must use her broad authority
Bankruptcy Code to pursue recovery for the Debtor's creditors.

10.  Based upon the Plaintiff's ongoing investigation as
the Debtor's chapter 7 Trustee it now appears that the Debtor
was insolvent at all times from its inception until the time of
its bankruptcy filing.  It is also apparent that neither the
Debtor, nor its subsidiaries or affiliates had any significant
income from business operations and that the source of their
income was from loans and money received from investors.

11.  The Debtor's books and records also reveal that the
Debtor was not paying is debts as they came due, it was many
months behind on its loan payments, rent payments, payments to
its vendors and its attorneys which is further evidenced by the
numerous prepetition lawsuits and judgments entered against the
Debtor.

12.  The Plaintiff's review of the Debtor's books and
records and investigation of the Debtor's prepetition financial
condition revealed that at all times relevant to this Complaint
and in particular for the periods ending 12/31/18, 12/31/19,
04/30/20, and 11/11/21 and in particular the balance sheets for
those periods show that the Debtor's liabilities exceeded its
assets and thus was insolvent.  For the period ending 12/31/19
the Debtor's total assets were $72,776,886 and its total
liabilities were $82,685,449.  For the period ending 12/31/2018
the Debtor's Total Assets were $15,285,972 and its Total
Liabilities were $16,612,049.  The Plaintiff's review of the
Debtor's books and records reveal that by the time of the

petition date in the Debtor's case, the Debtor's liabilities exceeded its assets by nearly $30,000,000.00.

13.   The Plaintiff's investigation of the Debtor's assets further revealed that the Debtor was the managing member, member, and sometimes both the managing member and member of various limited liability companies.

14.   In particular, the Plaintiff learned the Debtor was the sole managing member of EHT Asset Management, LLC ("EHT LLC") and that in turn EHT Asset Management LLC was the sole and managing member of at least 18 other limited liability companies called EHT HIDH, LLC; EHT ESAN, LLC; EHT RDH, LL; EHT HISM, LLC; EHT HIOR, LLC; EHT SPH, LLC; EHT ESPD, LLC; EHT HIA, LLC; EHT FPSJ, LLC; EHT WSAC, LLC; EHT CPDCT, LLC; EHT QMLB, LLC; EHT HAN, LLC; EHT DHSLC, LLC; EHT SDTC, LLC; EHT CPDGA, LLC; EHT HHG,LLC; and EHT RWH, LLC ("EHT Entities").

15.   Like the financial condition of the Debtor, the Plaintiff and the Plaintiff's accountants' review of the books and records of the EHT Entities show that at all times relevant to the claims in this Amended Complaint the EHT Entities were insolvent both individually and also when consolidated under their sole managing member EHT Asset Management, LLC.

16.   The Plaintiff's investigation of the financial condition of the EHT Entities evidence that at the time the Debtor made the transfers described below to the Defendant the EHT Entities, EHT Asset Management, LLC and the Debtor were all insolvent.

17.    Plaintiff brings this action solely in her capacity as chapter 7 trustee for the Debtor's estate and its respective creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

18.    Plaintiff was appointed as chapter 7 trustee after the Petition Date.

19.    As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to her appointment and, therefore, alleges certain facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against defendants and to challenge and recover transfers made to or for the benefit of defendants in addition to those transfers alleged in this Amended Complaint.

**DEBTOR FRAUDULENTLY TRANSFERRED $550,000.00 TO OR
FOR THE BENEFIT OF POTTER ANDERSON & CORROON, LLC**

20.    The Trustee is informed and believes and based thereon alleges that Defendant Potter Anderson & Corroon, LLP ("Defendant") is a limited liability partnership formed in California that did business in this state and is subject to the jurisdiction of this Court.

21.  At all relevant times, the Defendant was the initial transferee of the transfers alleged herein or was the party for whose benefit the transfers were made and/or an immediate or mediate transferee of such initial transferee.

22.  In August 2021, or earlier, the Plaintiff learned that on or about February 2, 2021, the Debtor, EHT Asset Management, LLC, the EHT Entities, individual Howard Wu and Taylor Wood ("Retaining Parties") entered into a retainer agreement with the Defendant to provide legal services to them in the bankruptcy case of EHT US1, Inc. case no. 21-10036 CSS pending in the United States Bankruptcy Court for the District of Delaware ("Delaware Case").

23.  With respect to the Defendant, during the ninety-day period prior to the Petition Date, the Debtor made transfers of the Debtor's property in the form of approximately 10 payments to Defendant during the 90-day period prior to the Petition Date in the total aggregate amount of $475,000.00 (collectively, the "Pre-petition Transfers"). *See* Exhibit "1" attached hereto.

24.  With respect to the Defendant, after the Petition Date, the Debtor made 1 payment to the Defendant in the total aggregate amount of $75,000.00 ("Post-Petition Transfer"). *See* Exhibit "1" attached hereto.

25.  Prior to the filing of this lawsuit, the Plaintiff demanded from Defendant that it provide Plaintiff with proof of the legal services it had provided or performed for the Debtor and or invoices, or other information that would evidence the legal services the Debtor received in exchange for the $550,000 in Pre and Post Petition Transfers.  Other than providing a copy

of the retainer agreement between the Defendant and the
Retaining Parties, the Defendant did not provide any proof of
legal work or other services that it might have provided to the
Debtor or legal work that benefitted the Debtor, even
indirectly, in exchange for the $550,000.00.

26.   Prior to the filing of this lawsuit, the Plaintiff
demanded that as the Trustee of the Debtor and the rightful
holder of the Debtor's attorney-client privilege with the
Defendant and as the managing member of EHT Asset Management,
LLC and the EHT Entities the Defendant turnover to her all the
Debtor's legal files, the legal files of EHT Asset Management,
LLC and the EHT Entities and communications between the Debtor,
EHT Asset Management, LLC and the EHT Entities.

27.   Notwithstanding Defendant's assertions that it had
been hired by the Retaining Parties, Defendant refused to
turnover any of the legal files or provide any copies of
invoices or documentation evidencing the legal work performed
for the Debtor or any other of the Retaining Parties.  Defendant
further failed to provide any proof that the Defendant performed
any legal work or services that either directly or indirectly
benefited the Debtor in exchange for the $550,000.00.

28.   Prior to the filing of this lawsuit, the Plaintiff
learned that the Defendant had filed approximately 25 adversary
cases ("Delaware Adversary Cases") in the Delaware Case on
behalf of the EHT Entities and other entities.  No adversary
case was filed for the Debtor, nor does it appear from the
docket in the Delaware Case that the Defendant performed any
legal services for the Debtor in the Delaware Case.

29.    The Plaintiff reviewed the dockets in the 25 Delaware
Adversary Cases and determined that:

    a. The plaintiffs in the Delaware Adversary Cases were
       the EHT Entities and were filed on behalf of the EHT
       Entities;

    b. But for different plaintiffs, all the Delaware
       Adversary Cases were the same complaint and alleged
       the same causes of action, namely, Complaint For (I)
       Breach Of Lease, (Ii) Breach Of Omnibus Assignment And
       Assumption Of Contracts And Other Obligations And
       Assets Agreement, And (Iii) Unjust Enrichment;

    c. None of the Delaware Adversary Cases name the Debtor
       as a plaintiff;

    d. The Delaware Adversary cases were ultimately all
       dismissed;

    e. The Plaintiff's review of the docket in the Delaware
       Adversary Case evidence that all of the cases were
       dismissed;

    f. A review of the Debtor's books and records and those
       of the Debtor, EHT Asset Management LLC and the EHT
       Entities does not disclose any financial benefit to
       the Debtor or any of the other Retaining Parties
       through a settlement or other financial gain for the
       Debtor;

30.    The Plaintiff asserts and alleges that at the time of
the $550,000.00 payment to the Defendant of the Pre and Post
Petition Transfers to the Defendant, the Debtor, EHT Asset
Management LLC and the EHT Entities were all insolvent.

31.  The Plaintiff asserts and alleges that the Debtor received no reasonably equivalent value in exchange for the $550,000.00 to the Defendant.  The $550,000 payment was for the benefit of persons and entities other than the Debtor.

32.  The Plaintiff asserts and alleges that when the Debtor made the $550,000.00 to the Defendant on behalf of its subsidiaries and or affiliates all those entities and persons were insolvent, therefore any equity that the Debtor might hold in those entities had no value and therefore the payment of the $550,000.00 did not benefit the Debtor or the Debtor's creditors.

33.  Plaintiff asserts and alleges that the Debtor did not benefit either directly or indirectly from the $550,000 payment to the Defendant in that it did not receive any good or service in exchange for the $550,000 payment to the Defendant.

34.  Plaintiff asserts and alleges that the $550,000 payment to the Defendant only benefited third parties therefore there was no reasonably equivalent value received by the Debtor.

35.  The Plaintiff asserts and alleges that the Debtor received no reasonably equivalent value in exchange for $550,000 paid to the Defendant on behalf of the EHT Entities, EHT Asset Management, LLC, Mr. Woods and Mr. Wu.

36.  The Plaintiff asserts and alleges that there is a presumption under Ninth Circuit authority that the Debtor's transfers to Defendant that benefited EHT Entities, EHT Asset Management, LLC, Mr. Woods and Mr. Wu are "of nominal value" to the Debtor, unless there is contrary evidence proving that some "clear and tangible benefit" accrued to the Debtor.  The benefit

1  to the Debtor must conform to the Ninth Circuit's holding that
2  "any consideration not involving utility for the creditors [of
3  the debtor]" is not value.

4      37.   The Plaintiff further alleges and asserts that there
5  was no dollar-for-dollar benefit to the Debtor for the transfers
6  to the Defendants made on behalf of the EHT Entities, EHT Asset
7  Management, LLC, Mr. Woods and Mr. Wu.

8      38.   The Plaintiff further alleges and asserts that the
9  Plaintiff has not discovered any evidence that the transfer of
10 the $550,000 to the Defendant resulted in any benefit to the
11 Debtor, its estate and creditors and therefore the $550,000.00
12 is avoidable.

13     39.   Based on the foregoing, the Defendant asserted a claim
14 in the Debtor's case on account of prepetition debts owed to it
15 by the Debtor.  The Plaintiff asserts and alleges that the
16 $550,000.00 to the Defendant was applied in full or in part to
17 the prepetition debts allegedly owed to the Defendant.

18     40.   The Plaintiff as the Trustee of the Debtor's case did
19 not authorize nor did the Court authorize the $75,000.00 post
20 petition transfer to the Defendant and it is therefore
21 avoidable.

22     41.   The Plaintiff asserts and alleges that there are
23 presently insufficient funds in the Debtor's estate to pay the
24 Debtor's prepetition claims in excess of $100,000,000.00 and
25 therefore the monies received by the Defendant allowed it to
26 receive more than it would have received pursuant to the
27 priority scheme of the Bankruptcy Code.
28 / / /

1

## FIRST CLAIM FOR RELIEF

2

(Avoidance and Recovery of Pre-Petition Transfers

3

Pursuant to U.S.C. §§ 548(a)(1)(B) and 550)

4      42.   Plaintiff realleges and incorporates herein by

5  reference each and every allegation contained in paragraphs 1

6  through 41 as though set forth in full.

7      43.   Plaintiff is informed and believes, and on that basis

8  alleges thereon, that during the two-year period preceding the

9  Petition Date, the Debtor made the Pre-Petition Transfers to or

10 for the benefit of the Defendant.

11     44.   Plaintiff is informed and believes, and on that basis

12 alleges thereon, that Debtor received less than a reasonably

13 equivalent value in exchange for the Pre-Petition Transfers, and

14 (a) the Debtor was insolvent on the date that such transfers

15 were made or became insolvent as a result of such transfers, (b)

16 the Debtor was engaged in business or a transaction, or was

17 about to engage in business or a transaction, for which any

18 remaining property remaining with Debtor was an unreasonably

19 small capital, or (c) the Debtor intended to incur, or believed

20 that it would incur, debts that would be beyond its ability to

21 pay as such debts matured.

22     45.   Plaintiff is informed and believes, and based thereon

23 alleges thereon that, at all relevant times, the Pre-Petition

24 Transfers were voidable under 11 U.S.C. § 544(b) by one or more

25 creditors who held and hold unsecured claims against the Debtor

26 that were and are allowable under 11 U.S.C. § 502, or that were

27 and are not allowable only under 11 U.S.C. § 502(e). These

28

creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or who have filed proofs of claim against the Debtor's estate.

46.   Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Pre-Petition Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Debtor's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

**<u>SECOND CLAIM FOR RELIEF</u>**

[For Avoidance Of Preferential Transfer – 11 U.S.C § 547]

47.   Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 46, inclusive, as though fully set forth herein.

48.   Plaintiff is informed and believes and based thereon alleges that the Pre-Petition Transfers were a transfer of an interest of the Debtor in property.

49.   Plaintiff is informed and believes and based thereon alleges that the Pre-Petition Transfers were made to or for the benefit of Defendant at a time in which Defendant was creditor of the Debtor.

50.   Plaintiff is informed and believes and based thereon alleges that the Pre-Petition Transfers were made for or on account of antecedent debt owed by Debtor before such transfers were made.

51.   Plaintiff is informed and believes and based thereon alleges that the Pre-Petition Transfers were made while Debtor was insolvent.

52. Plaintiff is informed and believes and based thereon alleges that the Pre-Petition Transfers were made on or within 90 days before the Petition Date.

53. Plaintiff is informed and believes and based thereon alleges that the Pre-Petition Transfers enabled Defendant to receive more than Defendant would otherwise receive if (a) the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the Pre-Petition Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

54. Based on her reasonable due diligence in the circumstances of the case and taking into account Defendant's known or reasonably knowable affirmative defenses, Plaintiff may avoid the Pre-Petition Transfers pursuant to 11 U.S.C. § 547(b).

55. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Pre-Petition Transfers are avoided and recovered for the benefit of the Debtor's creditors.

### THIRD CLAIM FOR RELIEF

[For Avoidance Of Post-Petition Transfer – 11 U.S.C § 549]

56. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 55 of this Complaint, as though fully set forth herein.

57. Plaintiff is informed and believes, and based thereon alleges that the Post-Petition Transfer was a transfer of an interest of the Debtor in property.

58. Plaintiff is informed and believes, and based thereon alleges that the Post-Petition Transfer was made after the Petition Date.

59.  Plaintiff is informed and believes, and based thereon alleges that the Post-Petition Transfer was not authorized under the Bankruptcy Code or by the Court.

60.  Plaintiff is entitled to an order and judgment under 11 U.S.C. § 549 that the Post-Petition Transfer is avoided and recovered for the benefit of the Debtor's creditors 11 U.S.C. § 549(a).

**FOURTH CLAIM FOR RELIEF**

[For Recovery and Preservation Of Transfer

11 U.S.C. §§ 550 and 551]

61.  Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 60 of this Complaint, inclusive, as though fully set forth herein.

62.  Plaintiff is informed and believes, and based thereon alleges that Defendant is the initial transferee of the Pre-Petition Transfers and the Post-Petition Transfers, and to the extent it was not the initial transferee, it was the immediate or mediate transferee of the initial transferee of the Pre-Petition Transfers and Post-Petition Transfers.

63.  Upon avoidance of the Pre-Petition Transfers and Post-Petition Transfers, as alleged herein, Plaintiff is entitled to recover the Pre-Petition Transfers and Post-Petition Transfers, together with interest at the applicable rate from the date of the Pre-Petition Transfers and Post-Petition Transfers from Defendant as the initial transferee, the immediate or mediate transferee of such initial transferee, or as the entity for whose benefit the Two-Year Transfers and Preferential Transfer

were made, pursuant to 11 U.S.C. § 550 and to preserve them

pursuant to 11 U.S.C. § 551.

### FIFTH CLAIM FOR RELIEF

[For Disallowance of Claim - 11 U.S.C. § 502]

64.   Plaintiff realleges and incorporates herein by this

reference the foregoing allegations in paragraphs 1 through 63

of this Complaint, inclusive, as though fully set forth herein.

65.   The Pre-Petition Transfers and Post-Petition Transfers

are recoverable from Defendant pursuant to 11 U.S.C. §550, and

Defendant has not paid the amount of the Pre-Petition Transfers

and Post-Petition Transfers to the Plaintiff.

66.   Based on the foregoing, any and all claims of the

Defendant against the Debtor must be disallowed pursuant to 11

U.S.C. § 502(d).

### RESERVATION OF RIGHTS

67.   Plaintiff reserves the right to amend this Complaint

to include, among other things, (i) further information

regarding the Two-Year Transfers and Preferential Transfers,

(ii) additional transfers, (iii) modifications of and revisions

to Defendant's name, (iv) additional defendants, and (v)

additional claims for relief, that may become known to Plaintiff

at any time during this adversary proceeding through formal

discovery or otherwise, and for the amendments to relate back to

this Complaint.

68.   Plaintiff reserves the right to bring all other claims

for relief that Plaintiff may have against the Defendant, on any

and all grounds, as allowed under the law or in equity.

Additionally, nothing contained in this Complaint shall be

1  construed as a waiver of Plaintiff's right to object to any

2  proof of claim filed by the Defendant. Accordingly, Plaintiff

3  reserves the right to object, on any and all grounds, to any

4  proof of claim filed by the Defendant.

5  **PRAYER FOR RELIEF**

6      WHEREFORE, the Plaintiff prays for judgment as follows:

7      A. On the First, Second and Third Claims for Relief: A

8  judgment in favor of Plaintiff and against Defendant (1)

9  avoiding the Pre-Petition Transfers and Post-Petition Transfers,

10 (2) entitling Plaintiff to recover from Defendant the Pre-

11 Petition Transfers and Post-Petition Transfers or the value

12 thereof, for the benefit of the estate, and (3) entitling

13 Plaintiff to recover from Defendant attorneys' fees and expenses

14 incurred in connection with the claims asserted herein to the

15 extent allowable under applicable law;

16     B. On the Fourth Claim for Relief: A judgment that

17 Plaintiff is entitled to recover and preserve the Pre-Petition

18 Transfers and Post-Petition Transfers, or the value thereof,

19 from Defendant under 11 U.S.C. §§ 550 and 551;

20     C. On the Fifth Claim for Relief: A judgment in favor of

21 Plaintiff and against Defendant disallowing any and all claims

22 of the Defendant against Debtor;

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

D. On All Claims for Relief: For such other and further relief as the Court deems just and proper.

DATED: November 30, 2023                    PEÑA & SOMA, APC

                              By: /s/ Leonard Peña
                                      LEONARD PEÑA
                                      JULIE A. SOMA
                                      Attorneys for Plaintiff
                                      Carolyn A. Dye,
                                      Chapter 7 Trustee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

XXH1928DPCSTM          01312108003171231

ACCOUNT STATEMENT
Page 6 of 7
135 N. Los Robles Ave., 6TH FL.
Pasadena, CA. 91101                          STARTING DATE: January 01, 2021
ENDING DATE: January 31, 2021
Total days in statement period: 31
URBAN COMMONS LLC                                        80-03171231
( 2)

| Date | Transaction Description | Subtractions | Control Number |
|---|---|---|---|
| 01-21 | Onln Bkg Trfn DTO ACC 08003086439 | 4,000.00 | 012000121160314 |
| 01-21 | Onln Bkg Trfn DTO ACC 08003171348 | 32,000.00 | 012000121154858 |
| 01-21 | Onln Bkg Trfn DTO ACC 08003050575 | 33,000.00 | 012000121163606 |
| 01-22 | Outgoing Wire  Nick Management In c. | 11,000.00 | 000000000006976 |
| 01-22 | Onln Bkg Trfn DTO ACC 08003171363 | 400.00 | 012000122122533 |
| 01-22 | Preauth Debit  AMEX EPAYMENT ACH PMT 210122 | 5,964.91 | 091000014202244 |
| 01-25 | Outgoing Wire  Taylor Woods | 1,000.00 | 000000000008559 |
| 01-25 | Outgoing Wire  Howard Wu | 5,000.00 | 000000000010744 |
| 01-25 | Onln Bkg Trfn DTO ACC 08003050575 | 1,000.00 | 012000125122211 |
| 01-25 | Onln Bkg Trfn DTO ACC 08003050575 | 1,000.00 | 012000125170701 |
| 01-25 | POS Purchase  MERCHANT PURCHASE TERMINAL 449215 | | |
| | GRUBHUBVERSAILLESC UBA GRUBHUB C NY | | |
| | 4490950001142046 SEQ # 102228713486 | 227.74 | 000007134860000 |
| 01-25 | POS Purchase  MERCHANT PURCHASE TERMINAL 449215 | | |
| | GRUBHUBGENWAKOREAN BBQ GRUBHUB C NY | | |
| | 4490950001142046 SEQ # 102328715557 | 304.85 | 000007155570000 |
| 01-25 | Preauth Debit  Tesla 13 AGNT PYMNT 210125 | 1,746.54 | 041001039494880 |
| 01-25 | Preauth Debit  WELLS FARGO CARD RESERVE 210125 | 2,011.00 | 091000011286808 |
| 01-26 | Outgoing Wire  Nick Management In c. | 7,000.00 | 000000000008057 |
| 01-26 | Outgoing Wire  JMBN Depository Ac ct | 15,000.00 | 000000000009516 |
| 01-26 | Onln Bkg Trfn DTO ACC 08003171348 | 4,200.00 | 012000126120113 |
| 01-26 | Onln Bkg Trfn DTO ACC 08003050575 | 15,000.00 | 012000126115217 |
| 01-26 | Preauth Debit  REP CF MBFS D000007852 210126 | 15.00 | 096016930962850 |
| 01-26 | Preauth Debit  MBFS - 15.00 D000007844 210126 | 2,663.77 | 096016930962586 |
| 01-27 | Onln Bkg Trfn DTO ACC 08003050575 | 10,200.00 | 012000127111630 |
| 01-27 | Onln Bkg Trfn DTO ACC 08003171348 | 11,100.00 | 012000127111725 |
| 01-27 | POS Purchase  MERCHANT PURCHASE TERMINAL 449215 | | |
| | GRUBHUBBBQBILL GRUBHUB C NY | | |
| | 4490950001142046 SEQ # 102626715764 | 89.43 | 000007157640000 |
| 01-27 | Preauth Debit  BANK OF AMERICA QRMT Pymt 210126 URBAN COMM | | |
| | | 490.00 | 051000017217958 |
| 01-28 | Outgoing Wire  Nick Management In c. | 6,000.00 | 000000000007777 |
| 01-28 | Onln Bkg Trfn DTO ACC 08003171348 | 320.00 | 012000128140259 |
| 01-28 | Onln Bkg Trfn DTO ACC 08003171348 | 1,770.00 | 012000128140043 |
| 01-28 | Onln Bkg Trfn DTO ACC 08003171348 | 2,700.00 | 012000128154544 |
| 01-28 | Onln Bkg Trfn DTO ACC 08003050575 | 5,800.00 | 012000128133246 |
| 01-28 | Onln Bkg Trfn DTO ACC 08003050575 | 8,300.00 | 012000128134439 |
| 01-29 | Outgoing Wire  Brian Thomas De Ma rco | 7,500.00 | 000000000008809 |
| 01-29 | Outgoing Wire  Potter Anderson & Corroon LLP | 25,000.00 | 000000000008955 |
| 01-29 | Onln Bkg Trfn DTO ACC 08003050575 | 5,300.00 | 012000129151633 |
| 01-29 | Onln Bkg Trfn DTO ACC 08003086439 | 15,000.00 | 012000129152102 |
| 01-29 | POS Purchase  MERCHANT PURCHASE TERMINAL 449215 | | |
| | GRUBHUBNORTHERNCAF ECH GRUBHUB C NY | | |
| | 4490950001142046 SEQ # 102822715904 | 137.74 | 000007159040000 |

ACCOUNT STATEMENT

Page 2 of 6
STARTING DATE: February 01, 2021
ENDING DATE: February 28, 2021
Total days in statement period: 28

135 N. Los Robles Ave., 6TH FL.
Pasadena, CA. 91101

80-03171231
( 1)

URBAN COMMONS LLC

| Number | Date | Transaction Description | | Additions | Control Number |
|---|---|---|---|---|---|
| | 02-16 | Deposit | TLR 606 BR 8006 | 10,000.00 | 02130060612533 |
| | 02-17 | Onln Bkg Trft C FR ACC 08003121178 | | 2,000.00 | 012000217125715 |
| | 02-17 | Onln Bkg Trft C FR ACC 08003121178 | | 10,000.00 | 012000217155835 |
| | 02-17 | Onln Bkg Trft C FR ACC 08003121178 | | 14,000.00 | 012000217123643 |
| | 02-17 | Deposit | | 22,538.68 | 000007054120520 |
| | 02-19 | Onln Bkg Trft C FR ACC 08003121178 | | 100.00 | 012000219162114 |
| | 02-19 | Onln Bkg Trft C FR ACC 08003121178 | | 5,000.00 | 012000219114723 |
| | 02-22 | Onln Bkg Trft C FR ACC 08003050575 | | 600.00 | 012000222112418 |
| | 02-22 | Onln Bkg Trft C FR ACC 08003171264 | | 3,600.00 | 012000222112224 |
| | 02-26 | Wire Trans-IN | TAYLOR R WOODS | 20,000.00 | 000000000009678 |

CHECKS

| Number | Date | Amount | Control |
|---|---|---|---|
| 104 | 02-16 | 2,000.00 | 000009267890480 |

DEBITS

| Date | Transaction | Description | Subtractions | Control Number |
|---|---|---|---|---|
| 02-01 | Outgoing Wire | Potter Anderson & Corroon LLP | 25,000.00 | 000000000009542 |
| 02-01 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 GRUBHUBHAIDILAOHOT POT GRUBHUB C NY 4490950001142046 SEQ # 103028719068 | 92.77 | 000007190680000 |
| 02-02 | POS Purchase | MERCHANT PURCHASE TERMINAL 469216 AMZN Mktp US RR57F 4723 Amzn com WA 4490950001142046 SEQ # 103223100391 | 69.48 | 000001003910000 |
| 02-05 | Outgoing Wire | Richard B. Gerdts | 5,095.89 | 000000000009053 |
| 02-05 | Outgoing Wire | First Choice Bank | 10,000.00 | 000000000009014 |
| 02-05 | Outgoing Wire | JMBM Depository Ac ct | 15,000.00 | 000000000007802 |
| 02-05 | Outgoing Wire | Howard Wu | 15,000.00 | 000000000008396 |
| 02-05 | Outgoing Wire | Taylor Woods | 15,000.00 | 000000000008437 |
| 02-05 | Outgoing Wire | Potter Anderson & Corroon LLP | 100,000.00 | 000000000007821 |
| 02-05 | Onln Bkg Trfn DTO ACC 08003050575 | | 100.00 | 012000205145820 |
| 02-05 | Onln Bkg Trfn DTO ACC 08003171363 | | 100.00 | 012000205145900 |
| 02-05 | Onln Bkg Trfn DTO ACC 08003171348 | | 1,000.00 | 012000205160712 |
| 02-05 | Onln Bkg Trfn DTO ACC 08003086439 | | 68,300.00 | 012000205161805 |
| 02-08 | Outgoing Wire | Howard Wu | 27,000.00 | 000000000008207 |
| 02-08 | Onln Bkg Trfn DTO ACC 08003091066 | | 2,400.00 | 012000208180334 |
| 02-08 | Onln Bkg Trfn DTO ACC 08003050567 | | 3,000.00 | 012000208181117 |
| 02-08 | Onln Bkg Trfn DTO ACC 08003050575 | | 4,200.00 | 012000208115358 |
| 02-08 | Onln Bkg Trfn DTO ACC 08003050906 | | 6,200.00 | 012000208180808 |
| 02-08 | Onln Bkg Trfn DTO ACC 08003171348 | | 6,700.00 | 012000208115709 |
| 02-08 | Onln Bkg Trfn DTO ACC 08003050575 | | 10,000.00 | 012000208115319 |
| 02-08 | Onln Bkg Trfn DTO ACC 08003171264 | | 17,000.00 | 012000208181808 |

```
                                              ACCOUNT STATEMENT
                                                    Page 3 of 6
135 N. Los Robles Ave., 6TH FL.          STARTING DATE: February 01, 2021
Pasadena, CA. 91101                       ENDING DATE: February 28, 2021
                                       Total days in statement period: 28
       URBAN COMMONS LLC                            80-03171231
                                                      ( 1)
```

| Date | Transaction Description | | Subtractions | Control Number |
|---|---|---|---|---|
| 02-08 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 GRUBHUBGENWAKOREAN BBQ GRUBHUB C NY 4490950001142046 SEQ # 103728715572 | 156.80 | 000007155720000 |
| 02-09 | Outgoing Wire | Nick Management In c. | 33,000.00 | 000000000007379 |
| 02-09 | Onln Bkg Trfn | DTO ACC 08003171348 | 8,000.00 | 012000209122450 |
| 02-09 | Onln Bkg Trfn | DTO ACC 08003171363 | 9,500.00 | 012000209122243 |
| 02-09 | Onln Bkg Trfn | DTO ACC 08003050575 | 20,000.00 | 012000209122149 |
| 02-09 | Preauth Debit | DTF - 0.00 D000008388 210209 | 1,657.84 | 096016930076472 |
| 02-10 | Outgoing Wire | Global Law Group C orporation | 1,811.00 | 000000000004937 |
| 02-10 | Outgoing Wire | Donald J. Watson J r | 5,000.00 | 000000000007361 |
| 02-10 | Outgoing Wire | FWC Developers LLC | 20,000.00 | 000000000007476 |
| 02-10 | Outgoing Wire | Potter Anderson & Corroon LLP | 100,000.00 | 000000000007338 |
| 02-10 | Onln Bkg Trfn | DTO ACC 08003171348 | 1,000.00 | 012000210113745 |
| 02-10 | Onln Bkg Trfn | DTO ACC 08003171348 | 2,700.00 | 012000210162214 |
| 02-10 | Onln Bkg Trfn | DTO ACC 08003050575 | 3,000.00 | 012000210113713 |
| 02-10 | Onln Bkg Trfn | DTO ACC 08003086439 | 29,000.00 | 012000210160450 |
| 02-10 | Preauth Debit | AMEX EPAYMENT ACH PMT 210210 | 5,930.99 | 091000017034959 |
| 02-11 | Outgoing Wire | JMBM Depository Ac ct | 15,000.00 | 000000000003537 |
| 02-11 | Outgoing Wire | Howard Wu | 30,000.00 | 000000000003403 |
| 02-11 | Onln Bkg Trfn | DTO ACC 08003171348 | 2,500.00 | 012000211124321 |
| 02-11 | Onln Bkg Trfn | DTO ACC 08003050575 | 4,500.00 | 012000211124227 |
| 02-11 | Onln Bkg Trfn | DTO ACC 08003171348 | 4,650.00 | 012000211161541 |
| 02-11 | Onln Bkg Trfn | DTO ACC 08003050575 | 7,500.00 | 012000211161657 |
| 02-12 | Outgoing Wire | Brian Thomas De Ma rco | 7,500.00 | 000000000003143 |
| 02-12 | Outgoing Wire | Howard Wu | 10,000.00 | 000000000002463 |
| 02-12 | Outgoing Wire | Taylor Woods | 10,000.00 | 000000000002476 |
| 02-12 | Onln Bkg Trfn | DTO ACC 08003171348 | 4,200.00 | 012000212124158 |
| 02-12 | Onln Bkg Trfn | DTO ACC 08003171264 | 16,500.00 | 012000212124332 |
| 02-12 | Onln Bkg Trfn | DTO ACC 08003050575 | 17,100.00 | 012000212124123 |
| 02-12 | Onln Bkg Trfn | DTO ACC 08003086439 | 66,760.00 | 012000212125646 |
| 02-12 | POS Purchase | MERCHANT PURCHASE TERMINAL 494300 AMERICAN AIR001215 651103FORT WORT TX 4490950001142046 SEQ # 1042239780000 | 11.20 | 000009780000000 |
| 02-12 | POS Purchase | MERCHANT PURCHASE TERMINAL 494300 AMERICAN AIR001215 651103FORT WORT TX 4490950001142046 SEQ # 1042269780000 | 11.20 | 000009780000000 |
| 02-12 | POS Purchase | MERCHANT PURCHASE TERMINAL 494300 AMERICAN AIR001215 651103FORT WORT TX 4490950001142046 SEQ # 1042289780000 | 11.20 | 000009780000000 |
| 02-12 | Preauth Debit | BANK OF AMERICA QRMT Pymt 210211 URBAN COMM | 702.32 | 051000019175686 |
| 02-12 | Preauth Debit | BANK OF AMERICA QRMT Pymt 210211 URBAN COMM | 1,398.18 | 051000019175689 |
| 02-16 | Outgoing Wire | NES Financial Corp . | 3,000.00 | 000000000006704 |

XXH1928DPCSTM          03312108003171231

```
                                          ACCOUNT STATEMENT
                                                Page 3 of 5
135 N. Los Robles Ave., 6TH FL.           STARTING DATE: March 01, 2021
Pasadena, CA. 91101                        ENDING DATE: March 31, 2021
                                    Total days in statement period: 31
        URBAN COMMONS LLC                          80-03171231
                                                     ( 0)
```

| Date | Transaction Description | | Subtractions | Control Number |
|------|------------------------|---|-------------|----------------|
| 03-10 | Onln Bkg Trfn DTO ACC 08003171348 | | 2,200.00 | 012000310120308 |
| 03-11 | Outgoing Wire  Potter Anderson & Corroon LLP | | 100,000.00 | 000000000005907 |
| 03-11 | Onln Bkg Trfn DTO ACC 08003050575 | | 200.00 | 012000311113336 |
| 03-11 | Onln Bkg Trfn DTO ACC 08003121178 | | 50,000.00 | 012000311151820 |
| 03-15 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 ME ET F HTTPSPOST CA 4490950001142046 SEQ # 10732663742ⁿ | | |
| | | | 24.66 | 0000063ⁿ4270000 |
| 03-15 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 GU YI R HTTPSPOST CA 4490950001142046 SEQ # 10732763742ⁿ | | |
| | | | 68.16 | 0000063ⁿ4270000 |
| 03-15 | POS Purchase | MERCHANT PURCHASE TERMINAL 46921ξ VERIZONWRLSS RTCCR VB 800 922 0 FL 4490950001142046 SEQ # 10ⁿ323100171 | | |
| | | | 527.74 | 000001001710000 |
| 03-16 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 107526637479 | | |
| | | | 6.17 | 0000063ⁿ4790000 |
| 03-16 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 107528637479 | | |
| | | | 17.04 | 0000063ⁿ4790000 |
| 03-16 | Analysis ServicANALYSIS ACTIVITY FOR 02/21 | | 4,260.37 | 000000000000000 |
| 03-17 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 NO RTHE HTTPSPOST CA 4490950001142046 SEQ # 107522637515 | | |
| | | | 46.39 | 0000063ⁿ5150000 |
| 03-18 | Onln Bkg Trfn DTO ACC 08003050906 | | 50.00 | 012000318124024 |
| 03-18 | Onln Bkg Trfn DTO ACC 08003171348 | | 850.00 | 012000318121619 |
| 03-18 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 107621637526 | | |
| | | | 11.60 | 0000063ⁿ5260000 |
| 03-18 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 ME ET F HTTPSPOST CA 4490950001142046 SEQ # 107623637564 | | |
| | | | 16.79 | 0000063ⁿ5640000 |
| 03-19 | Outgoing Wire  Woolley Investment s LLC | | 5,000.00 | 000000000007569 |
| 03-19 | Onln Bkg Trfn DTO ACC 08003086439 | | 2,000.00 | 012000319163016 |
| 03-19 | Onln Bkg Trfn DTO ACC 08003050575 | | 5,000.00 | 012000319161449 |
| 03-19 | Onln Bkg Trfn DTO ACC 08003050906 | | 6,000.00 | 012000319191129 |
| 03-19 | Onln Bkg Trfn DTO ACC 08003171256 | | 27,000.00 | 012000319191803 |
| 03-19 | POS Purchase | POS PURCHASE TERMINAL 77827301 SQ *BRIGITTE KNERR SANTA MON CA 4490950001142046 SEQ # 107719188346 | | |
| | | | 75.00 | 000001883460000 |
| 03-19 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 107823637621 | | |
| | | | 4.20 | 0000063ⁿ6210000 |
| 03-22 | Outgoing Wire  Potter Anderson & Corroon LLP | | 20,000.00 | 000000000008466 |
| 03-22 | Onln Bkg Trfn DTO ACC 08003050906 | | 675.00 | 012000322140555 |

XH1928DPCSTM         0331210800317123:

```
                                                    ACCOUNT STATEMENT
                                                         Page 4 of 5
135 N. Los Robles Ave., 6TH FL.          STARTING DATE: March 01, 2021
Pasadena, CA. 91101                       ENDING DATE: March 31, 2021
                                     Total days in statement period: 31
        URBAN COMMONS LLC                            80-03171231
                                                        ( 0)
```

| Date | Transaction Description | | Subtractions | Control Number |
|------|------------------------|---|--------------|----------------|
| 03-22 | Onln Bkg Trfn DTO ACC 08003171348 | | 3,800.00 | 01200032216281C |
| 03-22 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 109129637757 | 5.08 | 00000063?7570000 |
| 03-22 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 107921637675 | 6.64 | 00000063?6750000 |
| 03-22 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 NO BLE HTTPSPOST CA 4490950001142046 SEQ # 107921637712 | 20.30 | 00000063?7120000 |
| 03-22 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 YI FANG HTTPSPOST CA 4490950001142046 SEQ # 10782963766? | 26.55 | 00000063?6670000 |
| 03-23 | Onln Bkg Trfn DTO ACC 08868001960 | | 100.00 | 012000323173523 |
| 03-23 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 108229637800 | 25.34 | 00000063?8000000 |
| 03-23 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 CA SSIA HTTPSPOST CA 4490950001142046 SEQ # 108128637792 | 101.36 | 00000063?7920000 |
| 03-25 | Onln Bkg Trfn DTO ACC 08003050575 | | 200.00 | 012000325124251 |
| 03-25 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 108420637887 | 5.69 | 00000063?8870000 |
| 03-25 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 NO BLE HTTPSPOST CA 4490950001142046 SEQ # 108329637861 | 22.77 | 00000063?8810000 |
| 03-26 | Onln Bkg Trfn DTO ACC 08003050575 | | 1,000.00 | 012000326161609 |
| 03-26 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 LJ S S HTTPSPOST CA 4490950001142046 SEQ # 108424637925 | 46.91 | 00000063?9250000 |
| 03-29 | Outgoing Wire Potter Anderson & Corroon LLP | | 30,000.00 | 00000000000007989 |
| 03-29 | Onln Bkg Trfn DTO ACC 08003091066 | | 2,060.00 | 012000329131448 |
| 03-29 | Onln Bkg Trfn DTO ACC 08868001960 | | 50,000.00 | 012000329153927 |
| 03-29 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES CA 4490950001142046 SEQ # 108726637025 | 4.09 | 00000063?0250000 |
| 03-29 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES TIP HTTPSPOST CA 4490950001142046 SEQ # 108523637935 | 11.73 | 00000063?9350000 |
| 03-29 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 YI FANG HTTPSPOST CA 4490950001142046 SEQ # 10852363797? | 16.35 | 00000063?9770000 |

XXH1928DPCSTM          0331210800317123

ACCOUNT STATEMENT
Page 5 of 5

135 N. Los Robles Ave., 6TH FL.
Pasadena, CA. 91101

STARTING DATE: March 01, 2021
ENDING DATE: March 31, 2021
Total days in statement period: 31

URBAN COMMONS LLC

80-03171231
· 0)

| Date | Transaction Description | Subtractions | Control Number |
|------|------------------------|--------------|----------------|
| 03-30 | Preauth Debit  BANK OF AMERICA QRMT Pymt 210329 URBAN COMM | | |
| | | 670.44 | 051000017819732 |
| 03-31 | Outgoing Wire  Potter Anderson & Corroon LLP | 25,000.00 | 000000000000022 |
| 03-31 | Outgoing Wire  Potter Anderson & Corroon LLP | 25,000.00 | 000000000008327 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 02-28 | 14,736.44 | 03-10 | 2,023.70 | 03-22 | 1,332.01 |
| 03-01 | 12,336.44 | 03-11 | 1,823.70 | 03-23 | 1,105.31 |
| 03-02 | 1,856.44 | 03-15 | 1,203.14 | 03-25 | 876.85 |
| 03-04 | 44,136.44 | 03-16 | -3,080.44 | 03-26 | 829.94 |
| 03-05 | 26,236.44 | 03-17 | 873.17 | 03-29 | 7.77 |
| 03-08 | 5,119.59 | 03-18 | 244.78 | 03-30 | 537.33 |
| 03-09 | 6,823.70 | 03-19 | 165.58 | 03-31 | 37.33 |

OVERDRAFT/RETURN ITEM FEES

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

XXH1928DFCSTM        04302108003171231

```
                                              ACCOUNT STATEMENT
                                                    Page 3 of 4
135 N. Los Robles Ave., 6TH FL.               STARTING DATE: April 01, 2021
Pasadena, CA. 91101                            ENDING DATE: April 30, 2021
                                            Total days in statement period: 30
     URBAN COMMONS LLC                                80-03171231
                                                        ( 2)
```

| Date | Transaction Description | | Subtractions | Control Number |
|------|------|------|------|------|
| 04-13 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 UBER EATS HELP UBER CA 4490950001142046 SEQ # 110324717618 | 61.53 | 0000071~6180000 |
| 04-14 | ATM Withdrawal | CASH WITHDRAWAL TERMINAL 00624071 10900 WILSHIRE BLV LA CA 4490950001142046 SEQ # 110414143036 | 203.00 | 000001430360000 |
| 04-14 | Onln Bkg Trfn | DTO ACC 08003050906 | 50.00 | 012000414130259 |
| 04-14 | POS Purchase | MERCHANT PURCHASE TERMINAL 475542 LAX AIRPORT LOT P 4 LOS ANGEL CA 4490950001142046 SEQ # 110321161038 | 320.00 | 000001610380000 |
| 04-15 | Outgoing Wire | ADR Services, In. | 1,500.00 | 00000000000755: |
| 04-15 | Outgoing Wire | High Speed, LLC | 1,500.00 | 000000000007578 |
| 04-15 | Onln Bkg Trfn | DTO ACC 08003171348 | 800.00 | 012000415163508 |
| 04-15 | Preauth Debit | ALLSTATE INS CO PREM PYMT 210415 | 1,394.90 | 021000027776887 |
| 04-16 | Outgoing Wire | Potter Anderson & Corroon LLP | 25,000.00 | 000000000005325 |
| 04-16 | Onln Bkg Trfn | DTO ACC 08003171348 | 80.00 | 012000416121626 |
| 04-16 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 POSTMATES 40BD3 MA NPUK HTTPSPOST CA 4490950001142046 SEQ # 110521637853 | 106.41 | 0000063~8530000 |
| 04-19 | Outgoing Wire | ASAP Property Hold ings Inc. | 5,000.00 | 000000000007397 |
| 04-19 | Onln Bkg Trfn | DTO ACC 08868001960 | 10,000.00 | 012000419162721 |
| 04-20 | Onln Bkg Trfn | DTO ACC 08003050575 | 5,000.00 | 012000420122355 |
| 04-20 | Analysis Servic | ANALYSIS ACTIVITY FOR 03/21 | 3,269.62 | 000000000000000 |
| 04-21 | Preauth Debit | REP CF MBFS D000012333 210421 | 15.00 | 096016930524706 |
| 04-21 | Preauth Debit | DTF - 14.95 D000012330 210421 | 789.45 | 096016930524657 |
| 04-22 | Outgoing Wire | Loretta Wu | 3,000.00 | 000000000007048 |
| 04-22 | Outgoing Wire | Goodwin Procter LL P | 10,000.00 | 000000000007062 |
| 04-22 | Onln Bkg Trfn | DTO ACC 08003050575 | 2,800.00 | 012000422163554 |
| 04-22 | Onln Bkg Trfn | DTO ACC 08003050575 | 5,500.00 | 012000422165102 |
| 04-22 | Onln Bkg Trfn | DTO ACC 08003171348 | 5,515.00 | 012000422160830 |
| 04-22 | Onln Bkg Trfn | DTO ACC 08003171363 | 7,960.00 | 012000422163924 |
| 04-23 | Outgoing Wire | Mick Management In c. | 20,000.00 | 000000000004993 |
| 04-23 | Onln Bkg Trfn | DTO ACC 08003050906 | 8,225.00 | 012000423122809 |
| 04-23 | Onln Bkg Trfn | DTO ACC 08003050575 | 8,800.00 | 012000423124547 |
| 04-26 | Preauth Debit | REP CF MBFS D000012667 210426 | 8.95 | 096016930554258 |
| 04-26 | Preauth Debit | MBFS - 8.95 D000012676 210426 | 2,588.77 | 096016930555132 |
| 04-26 | Preauth Debit | AMEX EPAYMENT ACH PMT 210426 | 10,816.66 | 091000001037111 |
| 04-27 | Onln Bkg Trfn | DTO ACC 08003050575 | 130.00 | 012000427122118 |
| 04-27 | Onln Bkg Trfn | DTO ACC 08003050575 | 6,520.00 | 012000427152802 |
| 04-27 | Onln Bkg Trfn | DTO ACC 08003171348 | 7,515.00 | 012000427152723 |
| 04-28 | Outgoing Wire | JMBM Depository Ac ct | 5,000.00 | 000000000006584 |
| 04-28 | Outgoing Wire | Frost Brown Todd L LC | 12,822.50 | 000000000006912 |
| 04-30 | Onln Bkg Trfn | DTO ACC 08003050906 | 5,000.00 | 012000430115435 |
| 04-30 | Onln Bkg Trfn | DTO ACC 08003086439 | 7,500.00 | 012000430113250 |

##XXH192BDPCSTP       05312108003171231

                                        ACCOUNT STATEMENT
                                            Page 3 of 5
135 N. Los Robles Ave., 6TH FL.          STARTING DATE: May 01, 2021
Pasadena, CA. 91101                        ENDING DATE: May 31, 2021
                                     Total days in statement period: 31
        URBAN COMMONS LLC                        8C-C3171231
                                                   ( 2)

| Number | Date | Transaction Description | | Additions | Control Number |
|--------|------|------------------------|--|-----------|----------------|
| | 05-27 | Wire Trans-IN | MATTHEW H TAYLOR | 5CC.CO | 000000000006484 |
| | 05-27 | Wire Trans-IN | SUNNY HSU PAOHUA Y EH | 5CC.CO | 000000000007703 |
| | 05-28 | Wire Trans-IN | JIA BAO INVESTMENT INC | 5CC.CO | 000000000007044 |
| | 05-28 | Wire Trans-IN | NIVEDITA KOHLI | 1,25C.CO | 000000000005059 |
| | 05-28 | Wire Trans-IN | CNNY VENTURE LLC | 1,5CC.CO | 000000000008382 |
| | 05-28 | Wire Trans-IN | STEPHEN DARBY B | 2,0CC.CO | 000000000005042 |
| | 05-28 | Wire Trans-IN | 40047891219 | 2,0CC.CO | 000000000006811 |
| | 05-28 | Pre-Auth Credit | HSI TIEN SENDER 524967056 | | |
| | | | | 5CC.CO | 113000029222785 |

CHECKS

| Number | Date | Amount | Control |
|--------|------|--------|---------|
| 503 | 05-05 | 996.06 | 000009119412720 |

DEBITS

| Date | Transaction Description | Subtractions | Control Number |
|------|------------------------|--------------|----------------|
| 05-03 | Cnln Bkg Trfn DTO ACC 00003091066 | 2C.CO | 01200050314200I |
| 05-04 | Cnln Bkg Trfn DTO ACC 08003171363 | 28C.CO | 0120005041304411 |
| 05-04 | Cnln Bkg Trfn DTO ACC 08003171348 | 2,28C.CO | 012000504130359 |
| 05-04 | Cnln Bkg Trfn DTO ACC 08003050575 | 6,05C.CO | 012000504130300 |
| 05-05 | Cnln Bkg Trfn DTO ACC 08003171363 | 52C.CO | 012000505155622 |
| 05-07 | Cnln Bkg Trfn DTO ACC 08003171348 | 86C.CO | 012000507134232 |
| 05-07 | Cnln Bkg Trfn DTO ACC 08003050575 | 1,1CC.CO | 012000507134140 |
| 05-10 | Outgoing Wire  Nick Management In c. | 1,5CC.CO | 000000000008421 |
| 05-10 | Cnln Bkg Trfn DTO ACC 08003050575 | 6,0CC.CO | 012000510165642 |
| 05-13 | Outgoing Wire  Massive Dynamic In c. | 2,0CC.CO | 000000000006817 |
| 05-13 | Outgoing Wire  Twanmoh, Peng & As sociates, CPAS, | 2,5CC.CO | 000000000006280 |
| 05-13 | Outgoing Wire  Nick Management In c. | 4,5CC.CO | 000000000005770 |
| 05-13 | Cnln Bkg Trfn DTO ACC 08003050906 | 1CC.CO | 012000513182621 |
| 05-13 | Cnln Bkg Trfn DTO ACC 08003050575 | 5CC.CO | 012000513162921 |
| 05-13 | Cnln Bkg Trfn DTO ACC 08003050567 | 2,9CC.CO | 012000513182345 |
| 05-13 | Cnln Bkg Trfn DTO ACC 08868001960 | 10,0CC.CO | 012000513161841 |
| 05-13 | Cnln Bkg Trfn DTO ACC 08003086439 | 29,5CC.CO | 012000513162156 |
| 05-14 | Outgoing Wire  Massive Dynamic In c. | 2,0CC.CO | 000000000007217 |
| 05-14 | Outgoing Wire  Tamara Woods | 2,0CC.CO | 000000000007243 |
| 05-14 | Outgoing Wire  Capital Educators Federal Credit | 2,0CC.CO | 000000000007457 |
| 05-14 | Outgoing Wire  Neufeld Marks | 25,0CC.CO | 000000000007422 |
| 05-14 | Outgoing Wire  J. Brian Urtnowski , P.C. | 50,0CC.CO | 000000000007398 |
| 05-14 | Cnln Bkg Trfn DTO ACC 08003171348 | 3,4CC.CO | 012000514163736 |
| 05-14 | Cnln Bkg Trfn DTO ACC 08003171363 | 7,96C.CO | 012000514163678 |
| 05-17 | Outgoing Wire  Massive Dynamic In c. | 2,5CC.CO | 000000000007839 |

| In re:<br><br>Dye v. Potter Anderson & Corroon LLP<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NUMBER: 2:23-ap-01292 WB |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.    My business address is:
402 S. Marengo Avenue Suite B Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*):  First Amended Complaint.    will be served or was served **(a)**
on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and
LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  11/30/2023 , I checked the
CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail
Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR)
trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com

Beth Gaschen on behalf of Defendant Potter Anderson & Corroon LLP
bgaschen@go2.law,
kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law

Beth Gaschen on behalf of Interested Party Courtesy NEF
bgaschen@go2.law,
kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law

Jeffrey I Golden on behalf of Defendant Potter Anderson & Corroon LLP
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@
notify.bestcase.com

Leonard Pena on behalf of Plaintiff Carolyn A Dye
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  11/30/2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.
Hon. Julia W. Brand
United States Bankruptcy Court
225 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

This form is mandatory.    It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June   2012*                                                                                    **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER 7 |
|---|---|---|
| Urban Commons, LLC | | CASE NUMBER 2:21-bk-13523-ER |
| | Debtor(s). | |

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or, (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/30/2023 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.    It has been approved for use by the United States Bankruptcy Court for the Central District of California.