**GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@go2.law
Beth E. Gaschen, State Bar No. 245894
bgaschen@go2.law
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

R. Stephen McNeil (Delaware Bar No. 5210)
rmcneill@potteranderson.com
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108

Admitted Pro Hac Vice

Attorneys for Defendant
Potter Anderson & Corroon LLP

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:21-bk-13523-WB |
| URBAN COMMONS, LLC, | Chapter 7 |
| Debtor. | |
| CAROLYN A. DYE, Chapter 7 Trustee, | Adv. No. 2:23-ap-01292-WB |
| Plaintiff, | **POTTER ANDERSON & CORROON LLP'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) AVOIDANCE OF POST-PETITION TRANSFER, (3) PRESERVATION OF FRAUDULENT, PREFERENTIAL AND POST PETITION TRANSFER TRANSFERS, AND (4) DISALLOWANCE OF CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| POTTER ANDERSON & CORROON LLP, | |
| Defendant. | |
| | **DATE:    JANUARY 23, 2023** |
| | **TIME:    2:00 PM (PT)** |
| | **CTRM:  1375** |

MOTION

11229787v.9

# TABLE OF CONTENTS

**Page**

I.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ...........................2

II.    STATEMENT OF FACTS ...........................................................................................2

A. Potter Anderson's History with the Debtor …………………………………………… 3

B. The Amended Complaint………………………………………………………………… 4

III.   LEGAL STANDARD ..................................................................................................5

IV.    ARGUMENT ...............................................................................................................8

    A.     COUNT II AND III WERE NOT AMENDED, STILL FAIL, AND
          MUST BE DISMISSED ...........................................................................8

    B.     COUNT I SHOULD BE DISMISSED AS A MATTER OF LAW
          BECAUSE POTTER ANDERSON PROVIDED REASONABLY
          EQUIVALENT VALUE UNDER 11 U.S.C. § 548...................................................9

          1.     Services Provided to the Debtor's Subsidiaries were for the Benefit of the
               Debtor…………………………………………………………………………………9

          2.     Reasonably Equivalent Value is Cleary Evident When Due Diligence is
               Conducted……………………………………………………………………………12

    C.     PLAINTIFF'S CLAIMS UNDER SECTION 550 AND 551
          (COUNT FOUR) AND SECTION 502(d) (COUNT FIVE)
          SHOULD BE DISMISSED, AS PLAINTIFF DID NOT ALLEGE
          AN AVOIDABLE TRANSFER ...........................................................15

V.     THE COURT SHOULD NOT GRANT THE TRUSTEE LEAVE TO
    AMEND THE COMPLAINT.............................................................................16

VI.    CONCLUSION..........................................................................................18

MOTION

1

## <u>TABLE OF AUTHORITIES</u>

2                                                                              **Page**

3

4
<u>Cases</u>

5
*Anadarko Petro. Corp. v. Panhandle Eastern Corp.*
    545 A.2d 1171, 1174 (Del. 1988) ........................................................................ 10

6
*Ashcroft v. Iqbal*
7       556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ....................................... 6

8
*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1988) ................................................................................. 6

9
*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).................................... 6, 8
10

11
*Cahill v. Liberty Mutual Ins. Co.*
    80 F.3d 336 (9th Cir. 1996) ................................................................................... 7

12
*In re Dunham*
    110 F.3d 286, 286 (5th Cir. 1997) ....................................................................... 11
13

14
*In re El-Atari*
    2012 WL 404947, 3 (Bankr. E.D. Va. 2012)........................................................ 12

15
*In re Fairchild Aircraft Corp.*
    6 F.3d 1119, 1125–26 (5th Cir. 1993) ................................................................. 11
16

17
*Grace Bros. v. UniHolding Corp.*
    2000 WL 982401, at *12 (Del. Ch. July 12, 2000) ........................................ 10, 11

18
*In re Maddalena*
    176 B.R. 551, 553 (Bankr. C.D. Cal. 1995) ........................................................ 11
19

20
*In re Momenta, Inc.,*
    455 B.R. 353 (Bankr. D. N.H. 2011) ................................................................... 12

21
*In re Pringle*
    495 B.R. 447, 464 (9th Cir. BAP 2013) ............................................................... 11
22

23
*In re Rollins*
    32 C.B.C.2d 609, 175 B.R. 69 (Bankr. E.D. Cal. 1994)...................................... 15

24
*In re Sneed*
    No. 06-10085-B-7, 2008 WL 1782375 (Bankr. D. Id. June 17, 2020)................ 12
25

26
*Lieb v. Korangy Pub'g, Inc.*
    2016, WL 8711195, at *6 (E.D.N.Y. Sept. 30 2016) ............................................17

27
*Peltz v. Hatten*
    279 B.R. 710, 738 (D. Del. 2002).........................................................................11
28

# TABLE OF AUTHORITIES (cont.)

**Page**

*Mier v. Owens*
   57 F.3d 747 (9th Cir. 1995) ................................................................................ 7

*Moss v. United States Secret Service*
   572 F.3d 962 (9th Cir. 2009) ............................................................................. 8

*Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*
   215 F.R.D. 100, 104 (S.D.N.Y. 2003) ................................................................16

*Rolo v. City Investing Co. Liquidating Trust*
   155 F.3d 644, 655 (3d Cir. 1998) ......................................................................16

*Roselink Investors, L.L. C. v. Shenkman*
   5 No. 01CIV7176 (MBM), 2004 WL 875262, at *2 (S.D.N.Y. May 19,
   2004) ...................................................................................................................10

*Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*
   906 A.2d 168, 173 (Del. Ch. 2006)…………………………………………10, 11

*VFB LLC v. Campbell Soup Co.*
   482 F.3d 624, 635 (3d Cir. 2007) …………………………………10, 11, 12

**Statutes**

11 U.S.C. § 502(d) ...................................................................................................... 16

11 U.S.C. § 547 ........................................................................................................... 17

11 U.S.C. § 548 ............................................................................................................. 9

11 U.S.C. § 549 ........................................................................................................... 17

11 U.S.C. § 550 ........................................................................................................... 15

11 U.S.C. § 551 ........................................................................................................... 15

11 U.S.C. § 704…………………………………………………………………14, 15

**Other Authorities**

6 *Collier on Bankruptcy*
   ¶ 704.04 (16th ed. 2023) …………………………………………………...15

Executive Office for U.S. Trustees, U.S. Department of Justice, Handbook for Chapter 7 Trustees
   4–2 (2012), available at https://www.justice.gov/ust/private-trustee-handbooks-reference-
   materials/chapter-7-handbooks-reference-materials …………….........................14

**Rules**

L.B.R. 7012-1 ................................................................................................................ 1

MOTION

## TABLE OF AUTHORITIES (cont.)

**Page**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 7

Fed. R. Bankr. P. 7012.................................................................................................... 1, 7

Fed. R. Bankr. P. 2015………………………………………………………………14, 15

MOTION

1  **TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE,**

2  **PLAINTIFF AND HER COUNSEL, AND ALL OTHER INTERESTED PARTIES:**

3    Potter Anderson & Corroon LLP (the "Defendant" or "Potter Anderson") respectfully moves,

4  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding

5  by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of

6  an order, substantially in the form attached hereto as **Exhibit A**, dismissing with prejudice the *First*

7  *Amended Complaint for (1) Avoidance and Recovery of Fraudulent Transfers, (2) Avoidance of Post-*

8  *Petition Transfer, (3) Preservation of Fraudulent, Preferential and Post Petition Transfer Transfers,*

9  *and (4) Disallowance of Claims* [Adv. Docket No. 24] (the "Amended Complaint" or "Complaint")

10  filed by Carolyn A. Dye, in her capacity as Chapter 7 trustee (the "Trustee" or "Plaintiff") for the

11  bankruptcy estate of the Urban Commons, LLC (the "Debtor" or "Urban Commons").  The grounds

12  for this motion are set forth in the following Memorandum of Points and Authorities.  Pursuant to

13  Bankruptcy Rule 7012 and Local Rule 7012-1, the Defendant consents to entry of a final order and

14  judgment by the United States Bankruptcy Court for the Central District of California Los Angeles

15  Division.

16                                            Respectfully submitted,

17  Dated:  January 2, 2024                    GOLDEN GOODRICH LLP

18

19                                   By:   */s/ Beth E. Gaschen*_____
                                          JEFFREY I. GOLDEN
20                                        BETH E. GASCHEN
                                          Attorneys for Defendant
21                                        Potter Anderson & Corroon LLP

22

23

24

25

26

27

28

                                                                          MOTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

On June 21, 2023, Plaintiff initiated this adversary proceeding against Potter Anderson (the "Original Complaint" or "Adversary Proceeding").  On September 18, 2023, Potter Anderson filed its *Motion to Dismiss Adversary Proceeding Pursuant to FRCP 12(b)(6) and FRBP 7012; and Memorandum of Points and Authorities in Support Thereof Including Exhibit A and Proof of Service* [Adv. Docket No. 15] (the "Original MTD").  On October 19, 2023, the Trustee filed an untimely opposition [Adv. Docket No. 15] to the Original MTD (the "Original Opposition").  On October 24, 2023, Potter Anderson filed a timely reply [Adv. Docket No. 17] to the Trustee's Original Opposition ("Original Reply").

On October 31, 2023, United States Bankruptcy Court Central District of California Los Angeles Division (the "Court") held a hearing on the Original MTD (the "Hearing").  At the Hearing, the Court granted the Original MTD, without prejudice. On November 8, 2023, the Court entered the *Order Granting Potter Anderson & Corroon LLP's Motion to Dismiss Adversary Complaint* was entered by the Court [Docket No. 21] (the "Original Dismissal Order") dismissing the Original Complaint but granting the Trustee leave to file an amended complaint.  Although the Court granted the Trustee leave to amend by November 30, 2023, the Court emphasized that the Trustee must allege specific facts to support her claims and that more diligence was required.

On November 30, 2023, the Trustee filed the Amended Complaint [Adv. Docket No. 24]. Unfortunately for the Trustee, the Amended Complaint does not remedy any of the flaws that plagued the Original Complaint.  Simply put, the Trustee cannot demonstrate that any viable claims exist against Potter Anderson under any of her counts and indeed, has seemingly walked away from at least two claims despite being reasserted in the Amended Complaint.[1]

---

[1] As it relates to Counts II and III, Potter Anderson reserves all rights to seek sanctions for continuing to pursue invalid claims, which were previously dismissed and which were not amended or supplemented in any material way in the Amended Complaint.

MOTION

## II.    STATEMENT OF FACTS[2]

### A.    Potter Anderson's History with the Debtor.

Potter Anderson was previously engaged to represent the Debtor, two of its corporate representatives, and certain of the Debtor's wholly-owned subsidiaries[3] in the bankruptcy case of *In re EHT US1, Inc., et al.*, (the "EHT Debtors") Case No. 21-10036 (CSS) (Bankr. D. Del.) (the "Delaware Bankruptcy Case") filed in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). *See* Original MTD, Pages 3-5.  All work performed by Potter Anderson was provided to or for the benefit of the Debtor, as the ultimate parent and operating entity of the Urban Commons enterprise, and a detailed description of the work performed work can be found in the Original MTD, which incorporated by reference herein in full. *See id*.

On September 22, 2021, Potter Anderson filed a proof of claim (Claim No. 11) in the Urban Commons bankruptcy case for unpaid legal fees and expenses owed by Urban Commons in an amount not less than $329,212.95 (the "Proof of Claim").  By the Proof of Claim, Potter Anderson asserted a secured claim pursuant to section 506(a) of the Bankruptcy Code, an administrative claim to the extent services provided were during the post-petition period and, in the alternative, a prepetition general unsecured claim.  On November 9, 2021, counsel to the Trustee sent a demand email to Potter Anderson.  On November 18, 2021, Potter Anderson sent a letter (the "Response Letter") responding to the Trustee's initial demand letter detailing the shortfalls in the Trustee's case and Potter Anderson's defenses thereto.  Despite these factual and legal assertions, the Original Complaint neglected to account for any of those factors or defenses.

---

[2] The Original MTD and related memorandum of points and authorities are incorporated by reference herein in full, including all factual assertions and legal arguments.

[3] The former clients consisted of: Urban Commons, LLC, EHT HIDH, LLC, EHT ESAN, LLC, EHT RDH, LLC, EHT HISM, LLC, EHT HIOR, LLC, EHT SPH, LLC, EHT ESPD, LLC, EHT HIA, LLC, EHT FPSJ, LLC, EHT WSAC, LLC, EHT CPDCT, LLC, EHT QMLB, LLC, EHT HAN, LLC, EHT DHSLC, LLC, EHT SDTC, LLC, EHT CPDGA, LLC, EHT HHG, LLC, EHT RWH, LLC, EHT Asset Management, LLC, Howard Wu, and Taylor Woods (collectively, the "Former Clients").  Because the Debtor is the ultimate 100% owner of the remaining entities that are Former Clients, all work performed by Potter Anderson on behalf of those entities was to and for the benefit of the Debtor.

MOTION

**B.    The Amended Complaint.**

Just like the Original Complaint, Plaintiff's Amended Complaint asserts five causes of action (each a "<u>Count</u>" herein and together "<u>Counts</u>") related to the avoidance of alleged transfers (the "<u>Transfers</u>" and each a "<u>Transfer</u>") made before or during the bankruptcy case (the "<u>Bankruptcy Case</u>").  In Count I, Plaintiff alleges that "during the two-year period preceding April 29, 2023 (the "<u>Petition Date</u>"), the Debtor made the pre-petition Transfers to or for the benefit of the Defendant" Am. Compl., ¶ 43, and seeks to avoid the pre-petition Transfers and recover the equivalent value of the alleged fraudulent transfers.  *See id.*, ¶46.  In Count II, Plaintiff alleges that Potter Anderson received pre-petition preferential Transfers on account of antecedent debt owed by the Debtor before such transfers were made.  *Id.*, ¶ 50.  Plaintiff, in Count III, additionally claims Potter Anderson received a Transfer made after the Petition Date that is avoidable pursuant to 11 U.S.C. § 549.  *See id.*, ¶ 58.  In Count IV of the Amended Complaint, Plaintiff claims under 11 U.S.C. §§ 550 and 551, she is entitled to recover the Transfers, together with interest at the applicable rate from the date of the Transfers to Potter Anderson.  *Id.*, ¶ 63.  With Count V of the Amended Complaint, the Plaintiff seeks the disallowance of any and all claims of Potter Anderson against the Debtor pursuant to section 502(d).  *See id.*, ¶ 65.

The Trustee's Amended Complaint focuses almost exclusively on the fraudulent transfer allegation in Count I.  *See id.*, ¶¶ 9-19 and ¶¶ 25-41.  Most of the new allegations focus on the alleged insolvency of the Debtor and its subsidiaries as well as the supposed complete lack of value provided to the Debtor by Potter Anderson.  There continues to be no assertion of an antecedent debt required to state a preference claim; indeed, the Trustee goes out of her way to allege that not one cent of the nearly $1 million in services provided by Potter Anderson should be payable by the Debtor creating an internal inconsistency within the Amended Complaint.  The other stray new assertion related to Count III—that the Trustee did not authorize the $75,000 post-petition—is misleading because that transfer was made six weeks prior to the entry of the order for relief and the appointment of the Trustee on June 24, 202.  *See id.*, ¶¶ 8 & 40.

One of the Trustee's primary focuses is her request for evidence of legal services to properly assert her claims. *See id.*, ¶¶ 25 & 27.  This argument inappropriately flips the burden on Potter

MOTION

Anderson, and, in any event, is baseless because the Trustee was appointed almost two years prior to the filing of the Original Complaint and should have access to all of the Debtor's books and records, including all of the relevant invoices, which Potter Anderson provided to the Debtor during the course of its representation.

The Trustee has now had two years and through and including November 2023 to conduct basic diligence and properly allege each cause of action.  Notably, the Trustee submitted no formal discovery demand to Potter Anderson by way of a 2004 motion or the like.  Instead of conducting her due diligence on the Debtor's relationship with Potter Anderson, the Trustee filed the bare-bones Original Complaint that merely recited the elements of each alleged count.[4]

In lieu of competent allegations regarding the legal services indisputably provided by Potter Anderson to the Debtor, the Trustee's new allegations simply assert that none of the nearly $1 million in services were provided to the Debtor directly.  Am. Compl. ¶ 33.  Instead, the Trustee alleges that all services were provided exclusively for the benefit of the remaining Former Clients.  *See id*.  ¶¶ 10, 14 & 32.  While the Trustee's assertion that "the Debtor did not benefit either directly or directly from the $550,000 payment to the Defendant" is patently and demonstrably false,[5] *see id.*, ¶¶ 33 & 34, even assuming that statement is true, as described further below, under governing Delaware law, wholly-owned subsidiaries exist for the benefit of their parent and any work performed by Potter

---

[4] In addition to the Trustee's access to the Debtor's books and records, as a prerequisite to Potter Anderson's withdrawal as counsel to the Former Clients in the Delaware Bankruptcy Case, the Former Clients agreed that all raw data and documents obtained from the Former Clients shall be preserved and nothing would prevent Everest Discovery LLC (the e-discovery company used to process all document productions in the Delaware Bankruptcy Case) from providing copies of those material to any party, "including without limitation the chapter 7 trustee in the chapter 7 bankruptcy case of Urban Commons LLC.*" See Order Granting Motion of Potter Anderson & Corroon LLP for Leave to Withdraw as Counsel to Urban Commons, LLC, its Affiliated Entities, Constellation Hospitality Group, LLC, Howard Wu and Taylor Woods* [Delaware Docket No. 1043] (the "Withdrawal Order").  Accordingly, the Trustee has thousands of additional documents readily accessible by court order.

[5] *See Debtors' Motion, Pursuant to Federal Rule of Bankruptcy Procedure 2004, For Order Authorizing Examination of Taylor Woods, Howard Wu, Urban Commons, LLC, and Current or Former Affiliated Persons and Entities)* [Delaware Docket 122] & *Motion of the Official Committee of Unsecured Creditors for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Production of Documents by Urban Commons, LLC, the Master Lessees, EHT Asset Management, LLC, Taylor Woods, Howard Wu, and Others* [Delaware Docket 936] "(requesting 68 categories of document production from Urban Commons)."

MOTION

1  Anderson on behalf of those entities would constitute equivalent value received by the Debtor.

2  Therefore, the Trustee's assertion that every dollar paid to Potter Anderson should be clawed back

3  for lack of reasonably equivalent value cannot be upheld.  *See id.*, ¶ 37.

4      Incredibly, and as an aside, the Trustee continues to assert that Potter Anderson is an LLP

5  formed in California, Am. Compl. ¶ 20, despite it being made clear in the Original MTD and on the

6  record at the Hearing that Potter Anderson has been a Delaware entity since 1826, before California

7  was even a recognized state, and it has never been organized as a California entity at any point since

8  its formation. Original MTD, Page 13.  Nonetheless, as noted in the Original MTD, the assertion is

9  false and demonstrates the Trustee's complete lack of basic diligence in asserting the Original

10  Complaint and now the Amended Complaint.

11      Finally, despite the Trustee including updated factual assertions in an attempt to support the

12  fraudulent transfer claim, she did not amend any portion of the Amended Complaint relating to

13  Counts II and III.  For convenience of the Court, a redline of the Amended Complaint against the

14  Original Complaint is attached as **Exhibit B**.  Remarkably, despite not otherwise revising or

15  supplementing Count II, the Trustee now admits that the Debtor was party to a retainer agreement

16  with Potter Anderson, which is a fatal admission that all payments made to Potter Anderson by the

17  Debtor were payments in advance and thus not preferential. Am. Compl. ¶¶ 22 & 25.

18      Given the almost non-existent revisions related to Counts II through V, those counts must be

19  dismissed in their entirety without leave to amend for the same reasons granted by this Court in the

20  Original Dismissal Order.

21  **III.   LEGAL STANDARD**

22      A complaint may be dismissed for failure to state a claim upon which relief can be granted

23  pursuant to Fed. R. Civ. P. 12(b)(6).  A motion brought pursuant to Fed. R. Civ. P. 12(b)(6)[6]

24  challenges the legal sufficiency of the claims asserted in the complaint.  A motion is proper where

25  there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under

26  a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

27

28

---

[6] Rule 12(b)(6) is incorporated by Fed. R. Bank. P. 7012.

MOTION

1   The court must accept all factual allegations pleaded in the complaint as true and construe them and

2   draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual*

3   *Ins. Co.*, 80 F.3d 336, 337– 38 (9th Cir. 1996); and *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995).

4         However, the court need not accept as true unreasonable inferences or conclusory legal

5   allegations cast in the form of factual allegations. *See*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

6   553–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("While a complaint attacked by a Rule 12(b)(6)

7   motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

8   'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

9   recitation of the elements of a cause of action will not do").  Thus, a plaintiff's complaint must

10  "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

11  face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court

12  to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

13  *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also Twombly*, 550 U.S. at

14  555 ("Factual allegations must be enough to raise the right to relief above the speculative level, on

15  the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations

16  omitted)); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint

17  to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

18  that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," *citing, Iqbal* and

19  *Twombly*).  Thus, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires

20  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

21  not do." *Twombly,* 550 U.S. at 555 (citations and quotations omitted).

22        Here, application of these standards mandates dismissal of the Amended Complaint in its

23  entirety.  The allegations set forth in the Amended Complaint fall far short of stating a plausible

24  claim for relief.  Moreover, as mentioned above, the Trustee had an opportunity to amend the Original

25  Complaint; however, only Count I had supplemental facts asserted with only trivial allegations

26  related to the other Counts.  Even with the new allegations, Count I still fails as a matter of law and

27  any granting of further leave to amend the claim would be futile.

28

MOTION

1      The Amended Complaint does not reveal any new information that was not already

2    previously stated in connection with the briefing on the Original MTD or at the Hearing and

3    therefore, the legal issues at hand do not exceed the four corners of the Amended Complaint.  All

4    Counts should be dismissed with prejudice to not waste the Court's resources and time.

5    **IV.**   **ARGUMENT**

6        **A.**   **COUNTS II AND III WERE NOT AMENDED, STILL FAIL, AND MUST BE**

7            **DISMISSED.**

8      Neither Counts II (preference claim) and III (unauthorized postpetition transfer) are viable

9    for the reasons set forth in the Original MTD.  *See* Original MTD, Page 10 (arguing that there were

10   no payments on account of antecedent debt due to the retainer received for anticipated legal services.

11   As Potter Anderson provided services to the Debtor, it drew down on the retainer, and sought

12   replenishment from the Debtor thus, none of the pre-petition payments constitute preferential

13   transfers because they were not payments on account of antecedent debt.).[7]

14      The only new allegation related to Count III is that the trustee did not approve the allegedly

15   preferential transfer under section 549, but as noted above, that transfer was made a full six weeks

16   prior to the Trustee's appointment upon the entry of the order for relief.  *See also* Original MTD,

17   Page 1 (arguing Potter Anderson provided services to the Former Clients, including Urban

18   Commons, during the period between the filing of the involuntary petition and entry of the order

19   granting relief (*i.e.,* April 29, 2021 to June 24, 2021, the "Gap Period") and invoiced the Debtor for

20   these services.).  The Amended Complaint did not amend or otherwise supplement those claims with

21   additional factual assertions.  That is because there are no factual assertions that can support those

22   claims, and therefore, those claims should be dismissed with prejudice.[8]

23

24

25

26   _____

[7] Indeed, in the Amended Complaint, the Trustee acknowledges the "retainer agreement" that Potter Anderson entered

27   into with its clients, which further supports the dismissal of the preference claim.  Am. Compl. ¶ 22.

[8] This defect was placed directly at issue in the briefing on the Original MTD and the Hearing, so the Trustee's failure to

28   address these pleading defects in the Amended Complaint is dispositive.

**B.** **COUNT I MUST BE DISMISSED AS A MATTER OF LAW BECAUSE POTTER ANDERSON PROVIDED REASONABLY EQUIVALENT VALUE UNDER 11 U.S.C. § 548**

Count I of the Amended Complaint seeks to avoid transfers as fraudulent under Section 548. To avoid transfers as constructively fraudulent pursuant to 11 U.S.C. § 548, the Trustee must show that it (1) received "less than a reasonably equivalent value in exchange for such transfer" and (2) "was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer." 11 U.S.C. § 548(a)(1)(B). Assuming the Debtor was insolvent at the time of the Transfers, the Trustee cannot demonstrate a lack of reasonably equivalent value.

**1.** **Services Provided to the Debtor's Subsidiaries were for the Benefit of the Debtor.**

The Trustee asserts that every dollar should be clawed back for lack of reasonably equivalent value because Potter Anderson was engaged by the Former Clients other than the Debtor, and that the provision of those services did not provide **any** value to Urban Commons. This argument fails because all services provided to the Former Clients benefitted the Debtor as a matter of governing Delaware law. The Former Clients consist of two of the Debtor's corporate representatives, Mr. Wu and Mr. Woods, as well as a number of wholly-owned subsidiaries of the Debtor. Under Delaware law, which applies to all of the Former Clients that are business organizations, wholly-owned subsidiaries exist for the benefit of their parent. *Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*, 906 A.2d 168, 173 (Del. Ch. 2006), *aff'd sub nom. Trenwick Am. Litig. Tr. v. Billett*, 931 A.2d 438 (Del. 2007) ("Moreover, the mere fact that the holding corporation caused its wholly-owned subsidiary to take on more debt to support the holding corporation's overall business strategy does not buttress a claim. Wholly-owned subsidiary corporations are expected to operate for the benefit of their parent corporations; that is why they are created. Parent corporations do not owe such subsidiaries fiduciary duties. That is established Delaware law."); *Grace Bros. v. UniHolding Corp.*, 2000 WL 982401, at *12 (Del. Ch. July 12, 2000) ("It is by no means a novel concept of corporate law that a wholly-owned subsidiary functions to the benefit of its parent."); *VFB LLC v. Campbell*

MOTION

1  *Soup Co.,* 482 F.3d 624, 635 (3d Cir. 2007) ("Directors must act in the best interests of a corporation's

2  shareholders, but a wholly-owned subsidiary has only one shareholder: the parent. There is only one

3  substantive interest to be protected, and hence 'no divided loyalty' of the subsidiary's directors and

4  no need for special scrutiny of their actions."); *Roselink Investors, L.L. C. v. Shenkman,* No.

5  01CIV7176 (MBM), 2004 WL 875262, at *2 (S.D.N.Y. May 19, 2004) ("Under Delaware law, when

6  one company wholly owns another, the directors of the parent and the subsidiary are obligated to

7  manage the affairs of the subsidiary in the best interests only of the parent and its shareholders.");

8  *Anadarko Petro. Corp. v. Panhandle Eastern Corp.*, 545 A.2d 1171, 1174 (Del. 1988) ("[I]n a parent

9  and wholly-owned subsidiary context, the directors of the subsidiary are obligated only to manage

10 the affairs of the subsidiary in the best interests of the parent and its shareholders.").

11     Indeed, "a subsidiary's directors are *obligated* to manage the subsidiary with loyalty to its

12 parent, the company's sole stockholder." *Trenwick*, 906 A.2d at 202 (emphasis added); *see also*

13 *Grace Bros. v. UniHolding Corp.,* 2000 WL 982401 at *12 (Del. Ch.); *Sternberg v. O'Neil*, 550 A.2d

14 1105, 1124 (Del. 1988). Because the "EHT Entities" exist for the benefit of Urban Commons, any

15 services provided by Potter Anderson to those entities at the request of the management of Urban

16 Commons were provided for the benefit of Urban Commons.

17     Likewise, services provided to representatives of a business entity in their representative

18 capacity are services provided for the benefit of the entity. *See Trenwick*, 906 A.2d at 174, 202.

19 Therefore, even if legal services were performed for the Debtor's wholly-owned subsidiaries, as a

20 matter of law, those services benefitted the Debtor parent.

21     The Trustee explicitly asserts in the Amended Complaint that the Former Clients are the

22 Debtor's wholly-owned subsidiaries. Am. Compl. ¶¶ 10, 14 & 32. Furthermore, the Schedules and

23 Statements prepared and filed by the Trustee in this Bankruptcy Case, of which the Court can take

24 judicial notice, acknowledge under oath, the existence of these wholly owned subsidiaries. *See*

25 Schedule A, Question 15 [Docket No. 173]. "Facts subject to judicial notice may be considered on

26 a motion to dismiss." *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

27     The Trustee also alleges "there was no dollar-for-dollar benefit to the Debtor for the transfers

28 to the Defendants made on behalf of the EHT Entities, EHT Asset Management, LLC, Mr. Woods

MOTION

1   and Mr. Wu." Am. Compl., ¶ 37.  However, the Trustee does not—and indeed cannot—allege that

2   Mssrs. Wu and Woods were not authorized corporate representatives of the Debtor, nor that legal

3   advice provided to a business's representatives in their corporate capacity are not advice provided to

4   the business.  Further, for reasonably equivalent value, courts do not even require a "dollar for dollar"

5   exchange, only that the value be reasonably equivalent.  *In re Pringle*, 495 B.R. 447, 464 (9th Cir.

6   BAP 2013); *see also In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1125–26 (5th Cir. 1993), *abrogated*

7   *in part on other grounds by In re Dunham*, 110 F.3d 286, 286 (5th Cir. 1997) ("Although the

8   minimum quantum necessary to constitute reasonably equivalent is undecided, it is clear that the

9   debtor need not collect a dollar-for-dollar equivalent to receive reasonably equivalent value.").

10      Finally, the question of "reasonably equivalent value" cannot be viewed in hindsight but must

11  be evaluated based on what the parties knew and expected at the time of the transfer.  *In re*

12  *Maddalena*, 176 B.R. 551, 553 (Bankr. C.D. Cal. 1995); *Peltz v. Hatten*, 279 B.R. 710, 738 (D. Del.

13  2002) ("When sophisticated parties make reasoned judgments about the value of assets that are

14  supported by then prevailing marketplace values and by the reasonable perceptions about growth,

15  risks, and the market at the time, it is not the place of fraudulent transfer law to reevaluate or question

16  those transactions with the benefit of hindsight."); *In re Sneed*, No. 06-10085-B-7, 2008 WL

17  1782375, 7 (Bankr. E.D. Cal. Apr. 18, 2008) ("It would be particularly unfair to consider, by

18  hindsight, subsequent events, . . ." in determining reasonably equivalent value); *VFB LLC v.*

19  *Campbell Soup Co.*, 482 F.3d 624, 630-631 (3rd Cir. 2007).  In other words, a bankruptcy trustee

20  cannot claim a lack of reasonably equivalent value because the transfer ended up being a bad deal.

21  *In re El-Atari*, 2012 WL 404947, 3 (Bankr. E.D. Va. 2012).

22      Potter Anderson performed services at the direction of the representatives of the Debtor.

23  Although the Trustee now asserts that those services did not provide any value to the Debtor, that

24  position, even if correct, is taken with the benefit of hindsight, and cannot serve as a substitute for

25  the Debtor's authorized decisionmakers at the time the transfers were made.  The Trustee cannot turn

26  to fraudulent transfer law to attempt to hold Potter Anderson liable for business decisions made by

27  the Debtor's representatives that she disagrees with.  Potter Anderson simply performed the work

28  requested by the Debtor's representatives pursuant to its retainer agreement and was only paid for

11

MOTION

1   about two-thirds of that work, as reflected in Potter Anderson's Proof of Claim.   Under these

2   circumstances, the Trustee's allegations regarding lack of reasonably equivalent value must fail as a

3   matter of law.

4              **2.      Reasonably Equivalent Value is Cleary Evident When Due Diligence is**

5              **Conducted.**

6          Count I should be dismissed for the sole legal proposition wholly-owned subsidiaries exist

7   for the benefit of their parent.  This alone refutes the Trustee's assertion that every dollar should be

8   clawed back for lack of reasonably equivalent value since there was no dollar-for-dollar benefit to

9   the Debtor. *See id.*, ¶ 37.   However, the Trustee's continued lack of diligence is made crystal clear

10  through the Trustee presenting little to no analysis of what amounts specifically did not benefit the

11  Debtor and instead makes blanket assertions that all services performed by Potter Anderson in no

12  way indirectly or directly benefitted the Debtor.  *See id.*, ¶ 33.

13         Even a cursory review of the docket in the Delaware Bankruptcy Case reveals the

14  unquestioned value provided by Potter Anderson to the Debtor.  For example, on January 29, 2021,

15  the EHT Debtors in the Delaware Bankruptcy Case filed a 2004 motion (the "First 2004 Motion")

16  seeking an examination of "Taylor Woods, Howard Wu, **Urban Commons, LLC**, and Current or

17  Former Affiliated Persons and Entities" [Delaware Docket No. 122] (emphasis added).  In response,

18  Potter Anderson filed a lengthy objection on behalf of the 2004 targets, including Urban Commons

19  [Delaware Docket No. 219], and entered into countless discussions with the EHT Debtors over the

20  appropriateness and scope of the proposed examination.  After two hearings and some narrowing of

21  the scope of the 2004 examination, on March 16, 2021, the Court granted the First 2004 Motion

22  requiring production of certain documents within thirty days and production of all other document

23  requests within sixty days.  [Delaware Docket No. 376], at ¶ 2.  Appendix 1 to the Order reflects that

24  Urban Commons was a direct target of many of the EHT Debtors' document requests.  Thereafter,

25  Potter Anderson was required to review tens of thousands of documents and produce responsive

26  documents related to the EHT Debtors' requests, at great expense to the Debtor.  That process was

27  substantially completed within the required timeframe, but some supplemental requests from the

28  EHT Debtors were completed afterwards.  The Former Clients, with the assistance of Potter

                                        12                              MOTION

1  Anderson, substantially complied with the EHT Debtors' 2004 order in advance of its withdrawal

2  from its representation of the Former Clients on August 16, 2021 [Delaware Docket No. 1043].

3        As the first 2004 process was being completed, the official committee of unsecured creditors

4  in the Delaware Bankruptcy Case (the "Committee") began informally requesting additional

5  information and documents that it claimed it did not receive from the EHT Debtors and were not

6  responsive to the First 2004 Motion.  Potter Anderson worked consensually with the Committee to

7  reduce legal expenses in connection with the Committee's investigation.  Nonetheless, the

8  Committee filed its own 2004 motion (the "Second 2004 Motion" and together with the First 2004

9  Motion, the "2004 Motions") directed to **Urban Commons, LLC**, the Master Lessees, EHT Asset

10  Management, LLC, Taylor Woods, Howard Wu, and Others" [Delaware Docket No. 936] (emphasis

11  added).  As with the First 2004 Motion, the Committee sought documents and information directly

12  from Urban Commons.  Potter Anderson met and conferred with the Committee on numerous

13  occasions to narrow the scope of the requests, review and produce responsive documents, and attempt

14  to consensually resolve the matter.  Significant work was done by Potter Anderson in response to the

15  Second 2004 Motion, all of which benefitted the Debtor, directly or indirectly.

16        As mentioned in the Original MTD, during the hearing on Potter Anderson's withdrawal,

17  former Judge Sontchi noted the "excellent work" provided by Potter Anderson during the case, and

18  stated that "there's no question in my mind" that Potter Anderson met its professional and highly

19  ethical obligations to the Former Clients.[9]  Former Judge Sontchi further stated: "[Potter Anderson

20  has] acted professionally throughout the case.  They've won some things, they've lost some things

21  and that's – you know, that's what we do when we are involved in these cases."  Clearly, former

22  Judge Sontchi believed Potter Anderson provided value and was "certainly worth the price" further

23  underscoring that Potter Anderson provided significant value to Urban Commons and acted

24  appropriately at all times throughout its representation of the Debtor.

25        The Trustee continues to make the assertion that Potter Anderson has not provided proof of

26  legal services, despite requests made by the Trustee. Am. Compl. ¶¶ 25 & 27.  However, the Trustee

27   

28  [9]  *See generally In re EHT US1, Inc., et al.*, Case No. 21-10036 (CSS) (Bankr. D. Del.)*,* Aug. 12, 2021, Hr'g Tr.
56-65 [Delaware Docket No. 1046] attached hereto as **Exhibit C**.

MOTION

1  was appointed almost two years prior to the filing of the Original Complaint and should have access

2  to all demanded invoices, as the custodian of the Debtor's books and records.  Section 704(a)(2)

3  requires the trustee to be accountable for all property received and Fed. R. Bankr. P. 2015 imposes a

4  duty on a trustee to keep records, make reports, and give notice of a case to persons holding property

5  of the estate. *See* Exec. Office for U.S. Trustees, U.S. Dep't of Justice, Handbook for Chapter 7

6  Trustees, 4–2 (2012), available at https://www.justice.gov/ust/private-trustee-handbooks-reference-

7  materials/chapter-7-handbooks-reference-materials ("[T]he trustee's primary statutory duties are set

8  forth in part in section 704 of the Bankruptcy Code and are detailed more thoroughly in other parts

9  of this Handbook [for Chapter 7 Trustees]."); *See also* 11 U.S.C. § 704(a)(2); *See also* Fed. R. Bankr.

10  P. 2015.  Section 704(a) requires the trustee to ensure that a debtor surrenders non-exempt property

11  of the estate and turns over books and records to the trustee.  *See* 11 U.S.C. § 704.  Indeed, it is the

12  Trustee's ***duty*** to "use reasonable diligence in the discharge of their duty to collect and reduce to

13  money the property of the estates for which they are trustees and to secure possession of all the

14  property and collect debts due." 6 *Collier on Bankruptcy* ¶ 704.04 (16th ed. 2023) (emphasis added).

15  Section 704(a)(2) requires the trustee to be accountable for all property received and Bankruptcy

16  Rule 2015 imposes a duty on a trustee to keep records, make reports, and give notice of a case to

17  persons holding property of the estate. *See* 11 U.S.C. § 704(a)(2); *See also* Fed. R. Bankr. P. 2015.

18  "Failure to reasonably carry out these fiduciary duties makes a trustee liable for damages." 6 *Collier*

19  *on Bankruptcy* ¶ 704.04 (16th ed. 2023). "If the trustee neglects to bring assets into the estate's

20  possession, the trustee may be charged with their value. *Id*. (citing *In re Rollins*, 32 C.B.C.2d 609,

21  175 B.R. 69 (Bankr. E.D. Cal. 1994)).  Finally, the Trustee submitted no discovery demand of Potter

22  Anderson through a 2004 motion or the like during the course of her two plus years prior to or after

23  filing the Original Complaint.[10]

24

25  _____

26  [10] Additionally, the Withdrawal Order in the Delaware Bankruptcy Case states all raw data and documents obtained
   from the Former Clients shall be preserved and nothing would prevent Everest Discovery LLC from providing copies

27  of those material to any party, "including without limitation the chapter 7 trustee in the chapter 7 bankruptcy case of
   Urban Commons LLC." *See* Delaware Docket No. 1043. The Order gave the Trustee access to thousands of documents

28  produced throughout the Delaware Bankruptcy Case by the Former Clients with the assistance of Potter Anderson.

MOTION

1   With the Trustee's statutory obligation, access to the Debtor's books and records, and two

2   years of time with litigation tools at her disposal, it is not Potter Anderson's fault that the Trustee

3   cannot assert non-conclusory allegations regarding the supposed lack of reasonably equivalent value

4   in the Amended Complaint.  Any attempt to shift the burden to Potter Anderson, a creditor with a

5   $329,212.95 claim for unpaid legal fees, should be  ignored, and Count I should be dismissed on this

6   separate ground.

7       **C.    PLAINTIFF'S CLAIMS UNDER SECTION 550 AND 551 (COUNT FOUR)**

8           **AND SECTION 502(d) (COUNT FIVE) SHOULD BE DISMISSED, AS**

9           **PLAINTIFF DID NOT ALLEGE AN AVOIDABLE TRANSFER.**

10      For the reasons explained above and in the Original Complaint, which is incorporated by

11  reference herein in full, including all factual assertions and legal arguments, Plaintiff's claims under

12  sections 550 and 551 (Count Four) and section 502(d) of the Bankruptcy Code (Count Five) should

13  also be dismissed.  Count II of the Trustee's Complaint seeks to recover or preserve the alleged

14  transfers for the benefit of the estate, pursuant to sections 550 and 551 of the Bankruptcy Code. Both

15  sections 550 and 551 of the Bankruptcy Code are applicable in this instance only to the extent the

16  transfers are first avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code.  As set forth

17  above, the Amended Complaint, like the Original Complaint, on its face, fails to state a claim

18  pursuant to section 548(a)(1)(B) of the Bankruptcy Code, and must be dismissed.  In the absence of

19  an avoided claim, there can be no recovery or preservation for the benefit of the estate. For the reasons

20  set forth above, Counts I through III fail to state a claim upon which relief may be granted, and Count

21  IV must be dismissed for the same reasons.

22      In order to disallow a claim pursuant to section 502(d), the Court must first determine that

23  Potter Anderson is the transferee of an avoidable transfer as alleged in Counts I through III of the

24  Complaint.  For the reasons set forth above and in the Original MTD, Counts I through III fail to

25  state a claim upon which relief may be granted and Count V must be dismissed for the same reasons.

26  Moreover, the Trustee chose not to revise, amend, or support any portion of Count Four and Five of

27  the Complaint and should result in dismissal once again.

28

15                                          MOTION

1  **V.      THE COURT SHOULD NOT GRANT THE TRUSTEE LEAVE TO AMEND THE**

2  **COMPLAINT AGAIN.**

3       Allowing the Trustee to amend the Complaint a second time would give the Trustee a third

4  bite at the apple, would cause undue prejudice to Potter Anderson, and would be futile.  *See Rolo v.*

5  *City Investing Co. Liquidating Trust*, 155 F.3d 644, 655 (3d Cir. 1998) (rejecting proposed second

6  amended complaint where plaintiffs proposed adding allegations that could have been pled earlier

7  and finding duration of case and substantial effort and expense in resolving underlying motion to

8  dismiss could constitute prejudice to defendants).

9       It is axiomatic that leave to amend should be denied as futile where the proposed claims

10  would not survive a motion to dismiss.  That is precisely the case here.  No additional legal assertions

11  in the Amended Complaint led to any viable claims against Potter Anderson for fraudulent transfer

12  because, as a matter of law, Potter Anderson provided value to the Debtor well in excess of what it

13  received.  Further, despite the benefit of two years with full access to the Debtor's books and records

14  at her disposal, the detailed Response Letter from Potter Anderson explaining why these claims have

15  no merit, the Original MTD, the Original Reply, the statements on the record at the Hearing, and the

16  additional time granted to amend the Original Complaint, the Trustee chose to only amend the

17  allegations related to Count I and did not meaningfully supplement any allegations related to the

18  other counts.

19       No factual allegations exist to support Count II and III, and thus granting leave to amend

20  would be futile.  *See* Original MTD, Page 10 & 14 (arguing the Trustee cannot assert any of the

21  payments were made on account of antecedent debt because every payment made to Potter Anderson

22  was a retainer payment and that section 547(b) now requires that the trustee satisfy a condition

23  precedent, *i.e.*, reasonable due diligence and consideration of known or knowable affirmative

24  defenses).  *See also* Original MTD, Page 11 (arguing Potter Anderson provided more than

25  $429,451.29 of services during the Gap Period, which greatly exceeds the lone $75,000 payment

26  sought to be avoided under section 549).  The Trustee should be well aware that Counts II and III

27  fail without any additional support but still proceeded with incorporating an exact replica of those

28  allegations in the Amended Complaint.  Arguably, the Trustee has conceded those Counts by not

MOTION

1  asserting supplemental allegations in the Amended Complaint.  Regardless, because the Trustee

2  cannot allege any avoidable transfer for the reasons set forth above, she likewise cannot assert any

3  claim under sections 550, 551 or 502(d), so leave to amend the Complaint with respect to Counts IV

4  and V would also be futile and not in the interests of justice.

5      Finally, the Trustee has, in fact, known (or at the very least should have known) years ago,

6  well before this action was filed—as well as before its prior amendment—the details of the Transfers.

7  *See, e.g.*, *Lieb v. Korangy Pub'g, Inc.*, 2016, WL 8711195, at *6 (E.D.N.Y. Sept. 30 2016) (denying

8  leave to amend where movant "knew or should have known" about facts underlying proposed

9  amendment); *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp*, 215 F.R.D. 100, 104 (S.D.N.Y.

10  2003) (denying leave to amend where "'substance of defendants' 'new' claim was known when [they]

11  filed their original amended answer and added their counterclaim").  The Original Complaint was

12  lacked any semblance of diligence, but the Amended Complaint does little to remedy that problem.

13  The lack of diligence from the Trustee a second time around is once again best demonstrated by the

14  allegation, again upon information and belief, that Potter Anderson, one of the oldest law firms in

15  the country that has always done business in Delaware, is a California business.  Am. Compl., ¶ 20.

16  Not only was it made clear in the Original MTD and on the record at the Hearing, but any simple

17  online search reveals Potter Anderson's nearly 200-year history as a Delaware law firm.  The Court

18  should not reward the Trustee's lack of diligence by permitting her leave for another attempt to craft

19  a proper fraudulent transfer and preference count well after the statute of limitations would have

20  otherwise run.

21  ///

22  ///

23

24

25

26

27

28

17

MOTION

**VI.**   **CONCLUSION**

Potter Anderson respectfully requests that all Counts of the Amended Complaint be dismissed with prejudice and without leave to amend.  Potter Anderson further requests that the Court grant it all costs and fees, including attorneys' fees in defending this action.

Respectfully submitted,

Dated:  January 2, 2023                    GOLDEN GOODRICH LLP


By:   */s/ Beth E. Gaschen*
         JEFFREY I. GOLDEN
         BETH E. GASCHEN
         Attorneys for Defendant
         Potter Anderson & Corroon LLP

MOTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1 **GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
2 jgolden@go2.law
Beth E. Gaschen, State Bar No. 245894
3 bgaschen@go2.law
3070 Bristol Street, Suite 640
4 Costa Mesa, California 92626
Telephone     714-966-1000
5 Facsimile     714-966-1002

6

R. Stephen McNeil (Delaware Bar No. 5210)
7 rmcneill@potteranderson.com
**POTTER ANDERSON & CORROON LLP**
8 1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
9 Admitted Pro Hac Vice

10

Attorneys for Defendant
11 Potter Anderson & Corroon LLP

12                   **UNITED STATES BANKRUPTCY COURT**

13                   **CENTRAL DISTRICT OF CALIFORNIA**

14                   **LOS ANGELES DIVISION**

15 | In re | Case No. 2:21-bk-13523-WB |

16 URBAN COMMONS, LLC,                Chapter 7

17          Debtor.

18 ──────────────────────────────
CAROLYN A. DYE, Chapter 7 Trustee,          Adv. No. 2:23-ap-01292-WB
19
          Plaintiff,                        **ORDER GRANTING POTTER ANDERSON**
20                                          **& CORROON LLP'S MOTION TO**
                                            **DISMISS AMENDED COMPLAINT**
21
POTTER ANDERSON & CORROON LLP,              **DATE:    JANUARY 23, 2023**
22                                          **TIME:    2:00 PM (PT)**
          Defendant.                        **CTRM:  1375**
23 ──────────────────────────────

24          Upon consideration of Potter Anderson & Corroon LLP's Motion to Dismiss Amended

25 Complaint (the "Motion") filed by the Defendant pursuant to Rule 12(b)(6) of the Federal Rules of

26 Civil Procedure, made applicable herein by Rule 7012(b) of the Federal Rules of Bankruptcy

27 Procedure; and upon consideration of any responses and replies thereto, and the argument of counsel,

28 if any:

                                            1                                    ORDER

11229787v.9

1    IT IS ORDERED THAT:

2       1.       The Motion is granted.

3       2.       The Causes of Action asserted against the Defendant in the Complaint are

4    DISMISSED WITH PREJUDICE.

5       5.       The Court shall retain jurisdiction to hear and determine all matters arising from or

6    related to the implementation, interpretation, and/or enforcement of this Order.

7

8                                                    ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2                                                    ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

MOTION

1  LEONARD PEÑA (State Bar No. 192898)
   JULIE A. SOMA (State Bar No. 180170)
2  lpena@penalaw.com
   PEÑA & SOMA, APC
3  402 South Marengo Ave., Suite B
   Pasadena, California 91101
4  Telephone (626)396-4000
   Facsimile (626)498-8875

5
   Attorneys for Plaintiff
6  Carolyn A. Dye, Chapter 7 Trustee

7               UNITED STATES BANKRUPTCY COURT

8               CENTRAL DISTRICT OF CALIFORNIA
9
10                   LOS ANGELES DIVISION

11

12  In re:                      ))Case No. 2:21-bk-13523 ERWB
13
14  URBAN COMMONS, LLC,         ))Chapter 7

15                              ))
16  _____ )) Adv. No. 2:23-ap-01292-WB
17  CAROLYN A. DYE, Chapter 7   ))
    Trustee,                    ))FIRST AMENDED COMPLAINT FOR (1)
18                              ))AVOIDANCE AND RECOVERY OF
19          Plaintiff,          ))FRAUDULENT TRANSFERS, (2)
                                ))AVOIDANCE OF POST-PETITION
20  v.                          ))TRANSFER, (3) PRESERVATION OF
                                ))FRAUDULENT, PREFERENTIAL AND
21                              ))POST PETITION TRANSFER
22  POTTER ANDERSON & CORROON, LLP ))TRANSFERS, AND (4) DISALLOWANCE
                                ))OF CLAIMS
23          Defendant.          ))
24                              ))
25                              ))[11 U.S.C. §§ 105, 502, 544,
                                ))547, 548, 549, 550 and 551]
26
27                              ))Date: [TO BE SET BY
                                ))SUMMONS]January 23, 2024
28                              ))Time: 2:00PM
                                 )Place: Courtroom 15681375
                                  Roybal Federal Building
                                  255 E. Temple Street
                                  Los Angeles, CA 90012

--

1    **TO THE HONORABLE ~~ERNEST M. ROBLES~~JULIA W. BRAND, UNITED STATES BANKRUPTCY**

2

3    **JUDGE:**

4        Plaintiff Carolyn A. Dye the Chapter 7 Trustee (the

5    "Plaintiff") for the bankruptcy estate of *Urban Commons, LLC* avers and complains, by way of this First Amended

6    Complaint, as follows:

7        **STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

8        1.    In accordance with the requirements of Local

9    ~~Bankruptcy~~

10   Bankruptcy Rule 7008-1, the Trustee hereby alleges that the

11   claims for relief in this complaint constitute core proceedings

12   under 28 U.S.C. § 157(b)(2)(A), (B), (F), (K), and (O) and are

13   related to the Debtor's bankruptcy case because the outcome of

14   such claims for relief could have a significant effect on the

15   estate. Regardless of the core or non-core nature of the claims

16   for relief asserted herein, the Trustee consents to the entry of

17   final orders and judgment by the Bankruptcy Court to the maximum

18   extent permitted by applicable law. Defendant Potter Anderson &

19   Corroon, LLP ("Defendant") is hereby notified that Federal Rules

20   of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the

21   defendant to plead whether each claim for relief asserted

22   against the defendant is core or non-core and, if non-core,

23   whether consent is given to the entry of final orders and

24   judgment by the Bankruptcy Court.

25        2.    This Court has jurisdiction over this adversary

26   ~~proceeding~~

27   proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

28        3.    This adversary proceeding is brought pursuant to Rule
     7001, et seq. of the FRBP and 11 U.S.C. §§ 105, 502, 544, 547,
     548, 549, 550 and 551 and Local Rules and Orders of the United
     States District Court for the Central District of California

governing the reference and conduct of proceedings arising under

 or related to cases under Title 11 of the United States Code,
including General Order No. 13-05, dated July 1, 2013.

    4.   Venue in this Court is proper pursuant to 28 U.S.C. §
~~1409~~

1409 as this adversary proceeding arises under and in connection
with <u>In re Urban Commons, LLC</u> a chapter 7 bankruptcy case
pending in the United States Bankruptcy Court, Central District,
Los Angeles Division (the "Court") as Case No. 2:21-bk-13523 ER
(the "Bankruptcy Case").

    5.   Plaintiff consents to entry of final orders or
judgment by
    the Court.

### RELEVANT BACKGROUND, PARTIES, AND

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

    6.   The Bankruptcy Case was initiated by the filing of an
Involuntary Petition against Urban Commons, LLC ("Debtor")
on April 29, 2021 (the "Petition Date").

    7.   On June 24, 2021, the Order for Relief was entered in
this case.

    8.   On June 24, 2021, the United States Trustee appointed
Carolyn A. Dye, as the Chapter 7 Trustee.

    9.   As the trustee of the Debtor's bankruptcy estate the
Plaintiff is charged with recovering and paying out estate
property to the Debtor's creditors, assessing claims, and
liquidating any other assets of the Debtor for the benefit of
the estate and its creditors. The Plaintiff is in the process
of marshalling the Debtor's assets, and the liquidation of
Debtor's. However, such assets will not be sufficient to
reimburse the creditors of the Debtor for the over

$100,000,00.00 of dollars in prepetition unsecured claims. Consequently, the Trustee must use her broad authority Bankruptcy Code to pursue recovery for the Debtor's creditors.

10. Based upon the Plaintiff's ongoing investigation as the Debtor's chapter 7 Trustee it now appears that the Debtor was insolvent at all times from its inception until the time of its bankruptcy filing. It is also apparent that neither the Debtor, nor its subsidiaries or affiliates had any significant income from business operations and that the source of their income was from loans and money received from investors.

11. The Debtor's books and records also reveal that the Debtor was not paying is debts as they came due, it was many months behind on its loan payments, rent payments, payments to its vendors and its attorneys which is further evidenced by the numerous prepetition lawsuits and judgments entered against the Debtor.

12. The Plaintiff's review of the Debtor's books and records and investigation of the Debtor's prepetition financial condition revealed that at all times relevant to this Complaint and in particular for the periods ending 12/31/18, 12/31/19, 04/30/20, and 11/11/21 and in particular the balance sheets for those periods show that the Debtor's liabilities exceeded its assets and thus was insolvent. For the period ending 12/31/19 the Debtor's total assets were $72,776,886 and its total liabilities were $82,685,449. For the period ending 12/31/2018 the Debtor's Total Assets were $15,285,972 and its Total Liabilities were $16,612,049. The Plaintiff's review of the Debtor's books and records reveal that by the time of the

petition date in the Debtor's case, the Debtor's liabilities exceeded its assets by nearly $30,000,000.00.

13. The Plaintiff's investigation of the Debtor's assets further revealed that the Debtor was the managing member, member, and sometimes both the managing member and member of various limited liability companies.

14. In particular, the Plaintiff learned the Debtor was the sole managing member of EHT Asset Management, LLC ("EHT LLC") and that in turn EHT Asset Management LLC was the sole and managing member of at least 18 other limited liability companies called EHT HIDH, LLC; EHT ESAN, LLC; EHT RDH, LL; EHT HISM, LLC; EHT HIOR, LLC; EHT SPH, LLC; EHT ESPD, LLC; EHT HIA, LLC; EHT FPSJ, LLC; EHT WSAC, LLC; EHT CPDCT, LLC; EHT QMLB, LLC; EHT HAN, LLC; EHT DHSLC, LLC; EHT SDTC, LLC; EHT CPDGA, LLC; EHT HHG,LLC; and EHT RWH, LLC ("EHT Entities").

15. Like the financial condition of the Debtor, the Plaintiff and the Plaintiff's accountants' review of the books and records of the EHT Entities show that at all times relevant to the claims in this Amended Complaint the EHT Entities were insolvent both individually and also when consolidated under their sole managing member EHT Asset Management, LLC.

16. The Plaintiff's investigation of the financial condition of the EHT Entities evidence that at the time the Debtor made the transfers described below to the Defendant the EHT Entities, EHT Asset Management, LLC and the Debtor were all insolvent.

9. 17. Plaintiff brings this action solely in her capacity as chapter 7 trustee for the Debtor's estate and its respective creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective

transfers or obligations under California or other applicable
law before the Petition Date.

~~10.~~    18. Plaintiff was appointed as chapter 7 trustee after the
    Petition Date.

~~11.~~    ~~As a result, Plaintiff does not have personal~~

19. As a result, Plaintiff does not have personal knowledge of
the facts alleged in this Complaint that occurred

 prior to her appointment and, therefore, alleges ~~all those~~certain facts on information and belief. Plaintiff reserves
the right to amend this Complaint to allege additional claims
against defendants

 and to challenge and recover transfers made to or for the ~~and
to challenge and recover transfers made to or for the~~
    benefit of defendants in addition to those transfers
alleged in this Amended Complaint.

### **DEBTOR FRAUDULENTLY TRANSFERRED $550,000.00 TO OR**

### **FOR THE BENEFIT OF POTTER ANDERSON & CORROON, LLC**

~~12.~~    20. The Trustee is informed and believes and based thereon
    alleges that Defendant Potter Anderson & Corroon, LLP
("Defendant") is a limited liability partnership formed in
California that did business in this state and is subject to
the jurisdiction of this Court. ~~At all relevant times, the~~

21. At all relevant times, the Defendant was the initial
transferee of the transfers alleged herein or was the party for
whose benefit the transfers were

 made and/or an immediate or mediate transferee of such initial
~~made and/or an immediate or mediate transferee of such initial~~

    transferee.

~~13.~~    ~~With respect to the Defendant, during the ninety-day~~
    22. In August 2021, or earlier, the Plaintiff learned that
on or about February 2, 2021, the Debtor, EHT Asset Management,

("Retaining Parties") entered into a retainer agreement with
the Defendant to provide legal services to them in the
bankruptcy case of EHT US1, Inc. case no. 21-10036 CSS pending
in the United States Bankruptcy Court for the District of
Delaware ("Delaware Case").

23. With respect to the Defendant, during the ninety-day period
prior to the Petition Date, the Debtor made transfers of
the Debtor's property in the form of approximately 10
payments to Defendant during the 90-day period prior to the
Petition Date in the total aggregate amount of $475,000.00
(collectively, the "Pre-petition Transfers"). *See* Exhibit "1"
attached hereto.

Case 2:23-ap-01292-ER Doc 1 Filed 06/21/23 Entered 06/21/23 11:50:25 Desc
Main Document      Page 5 of 20

    14.      With respect to the Defendant, after the Petition

24. With respect to the Defendant, after the Petition Date, the
Debtor made approximately 1 payment to the Defendant
      in the total aggregate amount of $75,000.00
("Post-Petition Transfer"). *See* Exhibit "1" attached hereto.

    25. Prior to the filing of this lawsuit, the Plaintiff
demanded from Defendant that it provide Plaintiff with proof of
the legal services it had provided or performed for the Debtor
and or invoices, or other information that would evidence the
legal services the Debtor received in exchange for the $550,000
in Pre and Post Petition Transfers. Other than providing a copy

of the retainer agreement between the Defendant and the
Retaining Parties, the Defendant did not provide any proof of
legal work or other services that it might have provided to
the Debtor or legal work that benefitted the Debtor, even
indirectly, in exchange for the $550,000.00.

    26. Prior to the filing of this lawsuit, the Plaintiff
demanded that as the Trustee of the Debtor and the rightful
holder of the Debtor's attorney-client privilege with the
Defendant and as the managing member of EHT Asset Management,
LLC and the EHT Entities the Defendant turnover to her all the
Debtor's legal files, the legal files of EHT Asset Management,
LLC and the EHT Entities and communications between the
Debtor, EHT Asset Management, LLC and the EHT Entities.

    27. Notwithstanding Defendant's assertions that it had been
hired by the Retaining Parties, Defendant refused to turnover
any of the legal files or provide any copies of invoices or
documentation evidencing the legal work performed for the Debtor
or any other of the Retaining Parties. Defendant further failed
to provide any proof that the Defendant performed any legal work
or services that either directly or indirectly benefited the
Debtor in exchange for the $550,000.00.

28. Prior to the filing of this lawsuit, the Plaintiff learned that the Defendant had filed approximately 25 adversary cases ("Delaware Adversary Cases") in the Delaware Case on behalf of the EHT Entities and other entities. No adversary case was filed for the Debtor, nor does it appear from the docket in the Delaware Case that the Defendant performed any legal services for the Debtor in the Delaware Case.

29. The Plaintiff reviewed the dockets in the 25 Delaware Adversary Cases and determined that:

a. The plaintiffs in the Delaware Adversary Cases were the EHT Entities and were filed on behalf of the EHT Entities;

b. But for different plaintiffs, all the Delaware Adversary Cases were the same complaint and alleged the same causes of action, namely, Complaint For (I) Breach Of Lease, (Ii) Breach Of Omnibus Assignment And Assumption Of Contracts And Other Obligations And Assets Agreement, And (Iii) Unjust Enrichment;

c. None of the Delaware Adversary Cases name the Debtor as a plaintiff;

d. The Delaware Adversary cases were ultimately all dismissed;

e. The Plaintiff's review of the docket in the Delaware Adversary Case evidence that all of the cases were dismissed;

f. A review of the Debtor's books and records and those of the Debtor, EHT Asset Management LLC and the EHT Entities does not disclose any financial benefit to the Debtor or any of the other Retaining Parties through a settlement or other financial gain for the Debtor;

30. The Plaintiff asserts and alleges that at the time of the $550,000.00 payment to the Defendant of the Pre and Post Petition Transfers to the Defendant, the Debtor, EHT Asset Management LLC and the EHT Entities were all insolvent.

31. The Plaintiff asserts and alleges that the Debtor received no reasonably equivalent value in exchange for the $550,000.00 to the Defendant. The $550,000 payment was for the benefit of persons and entities other than the Debtor.

32. The Plaintiff asserts and alleges that when the Debtor made the $550,000.00 to the Defendant on behalf of its subsidiaries and or affiliates all those entities and persons were insolvent, therefore any equity that the Debtor might hold in those entities had no value and therefore the payment of the $550,000.00 did not benefit the Debtor or the Debtor's creditors.

33. Plaintiff asserts and alleges that the Debtor did not benefit either directly or indirectly from the $550,000 payment to the Defendant in that it did not receive any good or service in exchange for the $550,000 payment to the Defendant.

34. Plaintiff asserts and alleges that the $550,000 payment to the Defendant only benefited third parties therefore there was no reasonably equivalent value received by the Debtor.

35. The Plaintiff asserts and alleges that the Debtor received no reasonably equivalent value in exchange for $550,000 paid to the Defendant on behalf of the EHT Entities, EHT Asset Management, LLC, Mr. Woods and Mr. Wu.

36. The Plaintiff asserts and alleges that there is a presumption under Ninth Circuit authority that the Debtor's transfers to Defendant that benefited EHT Entities, EHT Asset Management, LLC, Mr. Woods and Mr. Wu are "of nominal value" to the Debtor, unless there is contrary evidence proving that some "clear and tangible benefit" accrued to the Debtor. The benefit

to the Debtor must conform to the Ninth Circuit's holding that "any consideration not involving utility for the creditors [of the debtor]" is not value.

37. The Plaintiff further alleges and asserts that there was no dollar-for-dollar benefit to the Debtor for the transfers to the Defendants made on behalf of the EHT Entities, EHT Asset Management, LLC, Mr. Woods and Mr. Wu.

38. The Plaintiff further alleges and asserts that the Plaintiff has not discovered any evidence that the transfer of the $550,000 to the Defendant resulted in any benefit to the Debtor, its estate and creditors and therefore the $550,000.00 is avoidable.

39. Based on the foregoing, the Defendant asserted a claim in the Debtor's case on account of prepetition debts owed to it by the Debtor. The Plaintiff asserts and alleges that the $550,000.00 to the Defendant was applied in full or in part to the prepetition debts allegedly owed to the Defendant.

40. The Plaintiff as the Trustee of the Debtor's case did not authorize nor did the Court authorize the $75,000.00 post petition transfer to the Defendant and it is therefore avoidable.

41. The Plaintiff asserts and alleges that there are presently insufficient funds in the Debtor's estate to pay the Debtor's prepetition claims in excess of $100,000,000.00 and therefore the monies received by the Defendant allowed it to receive more than it would have received pursuant to the priority scheme of the Bankruptcy Code.

/ / /

**FIRST CLAIM FOR RELIEF**
(Avoidance and Recovery of Pre-Petition Transfers
Pursuant to U.S.C. §§ 548(a)(1)(B) and 550)

~~15.~~ 42. Plaintiff realleges and incorporates herein by
reference each and every allegation contained in paragraphs
1 through ~~14~~41 as though set forth in full.

~~16.~~ 43. Plaintiff is informed and believes, and on that basis
alleges thereon, that during the two-year period preceding the
Petition Date, the Debtor made the Pre-Petition Transfers to
or for the benefit of the Defendant.

~~17.~~ 44. Plaintiff is informed and believes, and on that basis
alleges thereon, that Debtor received less than a reasonably
equivalent value in exchange for the Pre-Petition Transfers, and
(a) the Debtor was insolvent on the date that such transfers
were made or became insolvent as a result of such transfers, (b)
the Debtor was engaged in business or a transaction, or was
about to engage in business or a transaction, for which any
remaining property remaining with Debtor was an unreasonably
small capital, or (c) the Debtor intended to incur, or believed
that it would incur, debts that would be beyond its ability to
pay as such debts matured.

~~18.~~ 45. Plaintiff is informed and believes, and based
thereon
alleges thereon that, at all relevant times, the Pre-Petition
Transfers were voidable under 11 U.S.C. § 544(b) by one or more

creditors who held and hold unsecured claims against the
Debtor that were and are allowable under 11 U.S.C. § 502, or
that were and are not allowable only under 11 U.S.C. § 502(e).
These

creditors include those claimants who are listed in the Debtor's

1    schedules as holding undisputed claims or who have filed proofs

of claim against the Debtor's estate.

2

3    ~~19. Plaintiff is informed and believes, and on that basis~~

4    46. Plaintiff is informed and believes, and on that basis
alleges thereon, that, based on the foregoing, Plaintiff may

5        avoid the Pre-Petition Transfers and recover the
equivalent value of said fraudulent transfers for the benefit

6    of the Debtor's estate from Defendant pursuant to 11 U.S.C. §§

7    544(b) and 550.

8                        **SECOND CLAIM FOR RELIEF**

9

10    [For Avoidance Of Preferential Transfer - 11 U.S.C § 547]
        ~~20.~~ 47. Plaintiff re-alleges and incorporates by

11    this

12    reference each and every allegation set forth in paragraphs

13    1 through ~~19~~46, inclusive, as though fully set forth herein.

14        ~~21.~~ 48. Plaintiff is informed and believes and

15    based thereon

16    alleges that the Pre-Petition Transfers were a transfer of an

17    interest of the Debtor in property.

18        ~~22.~~ 49. Plaintiff is informed and believes and

19    based thereon

20    alleges that the Pre-Petition Transfers were made to or for

21    the benefit of Defendant at a time in which Defendant was

22    creditor of the Debtor.

23        ~~23.~~ 50. Plaintiff is informed and believes and

24    based thereon

25    alleges that the Pre-Petition Transfers were made for or on

26    account of antecedent debt owed by Debtor before such

27    transfers were made.

28

24.    51. Plaintiff is informed and believes and based thereon

    alleges that the Pre-Petition Transfers were made while

Debtor was insolvent.

~~25.~~   52.  Plaintiff is informed and believes and based thereon

alleges that the Pre-Petition Transfers were made on or within 90 days before the Petition Date.

~~26.~~   53. Plaintiff is informed and believes and based thereon alleges that the Pre-Petition Transfers enabled Defendant to receive more than Defendant would otherwise receive if (a) the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the Pre-Petition Transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

~~27.~~   ~~Based on her reasonable due diligence in the~~

54. Based on her reasonable due diligence in the circumstances of the case and taking into account Defendant's known or reasonably knowable affirmative defenses, Plaintiff may avoid the Pre-Petition Transfers pursuant to 11 U.S.C. § 547(b).

~~28.~~   55. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Pre-Petition Transfers are avoided and recovered for the benefit of the Debtor's creditors.

### THIRD CLAIM FOR RELIEF

[For Avoidance Of Post-Petition Transfer – 11 U.S.C § 549]

~~29.~~   56. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through ~~28~~55 of this Complaint, as though fully set forth herein.

~~30.~~   57. Plaintiff is informed and believes, and based thereon alleges that the Post-Petition Transfer was a transfer of an interest of the Debtor in property.

31.    58. Plaintiff is informed and believes, and based
thereon
      alleges that the Post-Petition Transfer was made after
the Petition Date.

32. 59. Plaintiff is informed and believes, and based thereon

alleges that the Post-Petition Transfer was not authorized under the Bankruptcy Code or by the Court.

33. 60. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 549 that the Post-Petition Transfer is avoided and recovered for the benefit of the Debtor's creditors 11 U.S.C. § 549(a).

### FOURTH CLAIM FOR RELIEF

[For Recovery and Preservation Of Transfer

11 U.S.C. §§ 550 and 551]

34. 61. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 33 60 of this Complaint, inclusive, as though fully set forth herein.

35. 62. Plaintiff is informed and believes, and based thereon alleges that Defendant is the initial transferee of the Pre-Petition Transfers and the Post-Petition Transfers, and to the extent it was not the initial transferee, it was the immediate or mediate transferee of the initial transferee of the Pre-Petition Transfers and Post-Petition Transfers.

36 63. Upon avoidance of the Pre-Petition Transfers and Post-Petition Transfers, as alleged herein, Plaintiff is entitled to recover the Pre-Petition Transfers and Post-Petition Transfers, together with interest at the applicable rate from the date of the Pre-Petition Transfers and Post-Petition Transfers from Defendant as the initial transferee, the immediate or mediate

transferee of such initial transferee, or as the entity for

Case 2:23-ap-01292-ER    Doc 1    Filed 11/21/23    Entered 11/21/23 11:50:25    Desc
Main Document    Page 9 of 20

transferee of such initial transferee, or as the entity for whose benefit the Two-Year Transfers and Preferential Transfer

were made, pursuant to 11 U.S.C. § 550 and to preserve them pursuant to 11 U.S.C. § 551.

### FIFTH CLAIM FOR RELIEF

[For Disallowance of Claim - 11 U.S.C. § 502]

~~37.~~ 64. Plaintiff realleges and incorporates herein by this reference the foregoing allegations in paragraphs 1 through ~~40~~63 of this Complaint, inclusive, as though fully set forth herein.

~~38.~~ 65. The Pre-Petition Transfers and Post-Petition ~~Transferss~~Transfers are recoverable from Defendant pursuant to 11 U.S.C. §550, and Defendant has not paid the amount of the Pre-Petition Transfers and Post-Petition Transfers to the Plaintiff.

~~39.~~ 66. Based on the foregoing, any and all claims of the Defendant against the Debtor must be disallowed pursuant to 11 U.S.C. § 502(d).

### RESERVATION OF RIGHTS

~~40~~67. Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Two-Year Transfers and Preferential Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

claims for relief that Plaintiff may have against the Defendant, on any

Case 2:23-ap-01292-ER    Doc Filed 01/21/23    Entered 01/21/23 11:50:25    Desc
Main Document    Page 10 of 20

and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be

construed as a waiver of Plaintiff's right to object to any

 proof of claim filed by ~~the Defendant. Ac~~cordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

A. On the First, Second and Third Claims for Relief: A judgment in favor of Plaintiff and against Defendant (1) avoiding the Pre-Petition Transfers and Post-Petition Transfers, (2) entitling Plaintiff to recover from Defendant the Pre-Petition Transfers and Post-Petition Transfers or the value thereof, for the benefit of the estate, and (3) entitling Plaintiff to recover from Defendant attorneys' fees and expenses incurred in connection with the claims asserted herein to the extent allowable under applicable law;

B. On the Fourth Claim for Relief: A judgment that Plaintiff is entitled to recover and preserve the Pre-Petition Transfers and Post-Petition Transfers, or the value thereof, from Defendant under 11 U.S.C. §§ 550 and 551;

C. On the Fifth Claim for Relief: A judgment in favor of Plaintiff and against Defendant disallowing any and all claims of the Defendant against Debtor;

/////////////////////

Case 2:23-ap-01292-ER Doc 1 Filed 06/21/23 Entered 06/21/23 11:50:25 Desc
Main Document    Page 11 of 20

D. On All Claims for Relief: For such other and further relief as the Court deems just and proper.

DATED: ~~June 20~~November 30, 2023    PEÑA & SOMA, APC

By: /s/ Leonard Peña
LEONARD PEÑA
JULIE A. SOMA
Attorneys for Plaintiff
Carolyn A. Dye,
Chapter 7 Trustee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

XXH1928DPCSTM    0131210800317123[1]

XX81928DPCSTM          0131210800317123¹

135 N. Los Robles Ave., 6TH
FL. Pasadena, CA. 91101

URBAN COMMONS LLC

ACCOUNT STATEMENT ?age
6 of 7 STARTING DATE:
January 01, 2021 ENDING
DATE: January 31, 2021
Total days in statement
period: 31 80-03171231
2)

135 N. Los Robles Ave., 6TH
FL. Pasadena, CA. 91101

URBAN COMMONS LLC

A C C O U N T   S T A T E M E N T   P a g e   6
o f   7   S T A R T I N G   D A T E :
J a n u a r y   0 1 ,   2 0 2 1   E N D I N G
D A T E :   J a n u a r y   3 1 ,   2 0 2 1
T o t a l   d a y s   i n   s t a t e m e n t
p e r i o d :   3 1   8 0 - 0 3 1 7 1 2 3 1
2 )

|  |  |  |
|---|---|---|
| 01-25 POS Purchase | GRUBHUBVERSAILLESC USA GRUBHUB C NY 4490950001142046 SEQ U 102228713-186 MERCHANT PURCHASE TERMINAL 449215 GRUBHUBGENWAYOREAN BBQ GRUBHUB C NY 4490950001142046 SEQ 0 102328715557 | |
| 01-25 Tesla 13 AGNT PYMNT 210125 | Preauth Debit | |
| 01-25 WELLS FARGO CARD RESERVE 210125 | Preauth Debit | |
| 01-26  DTO ACC 06003171346 | Onln Bkg Trfn | |
| 01-26  DTO ACC 08003050575 | Onln Bkg Trfn | |
| 01-26  REP CF *MBFS* D000007852 210126 Preauth | | |
| 01-27 Preauth Debit | GRUBHUBBBQBILL GRUBHUB C NY 4490950001142046 SEQ 0 102626715764 BANK OF AMERICA QRMT Pymt 210126 URBAN COMM | |
| 01-28 Outgoing Wire | Mick Management In c. | |
| 01-28 Onln Bkg Trfn | DTO ACC 08003171348 | |
| 01-26 Onln Bkg Trfn | DTO ACC 08003171346 | |
| 01-26 Onin Bkg Trfn | DTO ACC 08003171346 | |
| 01-26 Onln Bkg Trfn | DTO ACC 08003050575 | |
| 01-28 Onln Bkg Trfn | DTO ACC 06003050575 | |
| 01-29 Outgoing Wire | Brian Thomas De Ma rco | |
| 01-29 Outgoing Wire | Potter Anderson 4 Corroon LLP | |
| 01-29 Onln Bkg Trfn | DTO ACC 08003050575 | |
| 01-29 Onln Bkg Trfn | DTO ACC 08003086439 MERCHANT PURCHASE TERMINAL 449215 GRUBHUBNORTHERNCAF ECH GRUBHUB C NY | |

ACCOUNT STATEMENT

135 N. Los Robles Ave., 6TH FL.Pasadena, CA. 91101

URBAN COMMONS LLC

Page 2 of 6 STARTING DATE: February 01, 2021 ENDING DATE: February 28, 2021 Total days in statement period:

80-03171237

Nick Management In c.
DTO ACC 08003171363
AMEX EPAYMENT ACH PMT 210122
Taylor Woods
Howard Wu
DTO ACC 08003050575
DTO ACC 08003050575
MERCHANT PURCHASE TERMINAL 44921I.
GRUBHUBVERSAILLESC UBA GRUBHUB C NY
4490950001142046 SEQ U 102226713466
MERCHANT PURCHASE TERMINAL 449215
GRUBHUBGENWAXOP.EAN BBQ GRUBHUB C NY
4490950001142046 SEQ 0 102328715557
Tesla 13 AGNT PYMNT 210125
WELLS FARGO CARD RESERVE 210125
Mick Management In c.
JMBM Depository Ac ct
DTO ACC 08003171348
DTO ACC 08003050575
REP CF MBFS D000007852 210126
NSF'S - 15.00 D000007844 210126
DTO ACC 08003050575
DTO ACC 08003171348
MERCHANT PURCHASE TERMINAL 449215
GRUBHUBBBQBILL GRUBHUB C NY
4490950001142046 SEQ 0 102626715764
BANK OF AMERICA QRMT Pymt 210126 URBAN COMM

Mick Management In c.
DTO ACC 08003171348
DTO ACC 08003171348
DTO ACC 08003171348
DTO ACC 08003050575
DTO ACC 08003050575
Brian Thomas De Ma rco
Potter Anderson & Corroon LLP
DTO ACC 08003050575
DTO ACC 08003086439
MERCHANT PURCHASE TERMINAL 449215
GRUBHUBNORTHERNCAF ECH GRUBHUB C NY
4490950001142046 SEQ 0 102822715904

135 N. Los Robles Ave., 6TH FL.
Pasadena, CA. 91101

ACCOUNT STATEMENT Page 2
of 6 STARTING DATE:
February 01, 2021 ENDING

| | | | | Total *days in statement* period: *28* | |
| URBAN COMMONS LLC | | | | 80-03171231 | |
| *1* | | | | | *I1* |

| 02-16 | Deposit | | TLR 606 BR 8006 | 10,000.00 | 02130060612532" |
| 02-17 | Onin | Trft | FR  06003121178 | 2,000.00 | 012000217125715 |
| 02-17 | Onin | Trft | FR  08003121178 | 10,000.00 | 012000217155835 |
| 02-17 | Onln | Trft | FR  08003121178 | 14,000.00 | 012000217123643 |
| 02-17 | Deposi | | | 22,538.68 | 000007054120520 |
| 02-19 | Onln | Trft | FR  08003121178 | 100.00 | 012000219162114 |
| 02-19 | Onln | Trft | FR  08003121178 | 5,000.00 | 012000219114723 |
| 02-22 | Onln | Trft | FR  08003050575 | 600.00 | 012000222112418 |
| 02-22 | Onin | Trft | FR  08003171264 | 3,600.00 | 012000222112224 |
| 02-26 | Wire Trans-IN | TAYLO | R WOODS | 20,000.00 | 000000000009678 |

| CHECKS | | | |
| --- | --- | --- | --- |
| Humber | Date | Amount | Control |
| 104 | 02-16 | 2,000.00 | 000009267890480 |

| DEBITS | | | | |
| 02-01 Outgoing Wire | Potter Anderson L Corroon LLF | | 25,000.00 | 000000000009542 |
| 02-0 1 | FOS Purchase | MERCHANT PURCHASE TERMINAL 449215 GRUBHUBHAIDILAOHOT POT GRUBHUB C NY 4490950001142046 SEQ 8 103028719068 | 92.77 | 00000719068000C |
| 02-0 2 | ?OS Purchase | MERCHANT PURCHASE TERMINAL 469216 AMEN Mktp US RR57F 4723 Amzn com WA | 69.48 | 000001003910000 |
| 02-0 | Outgoing | Richard B. Gerdts | 5,095.89 | 000000000009053 |
| 02-0 | Outgoing | First Choice Bank | 10,000.00 | 000000000009014 |
| 02-0 | Outgoing | JMBM Depository Ac ct | 15,000.00 | 000000000007802 |
| 02-0 | Outgoing | Howard Wu | 15,000.00 | 000000000008396 |
| 02-0 | Outgoing | Taylor Woods | 15,000.00 | 000000000008437 |
| 02-0 | Outgoing | Potter Anderson 6 Corroon LLP | 100,000.00 | 000000000007821 |
| 02-0 | Orlin Bkg Trfn | DTO ACC 08003050575 | 100.00 | 012000205145820 |
| 02-0 | Onin Bkg | DTO ACC 08003171263 | 100.00 | 012000205145900 |
| 02-0 | Onln Bkg | DTO ACC 08003171348 | 1,000.00 | 012000205160712 |
| 02-0 | Onln Bkg | DTO ACC 08003086439 | 68,300.00 | 012000205161805 |
| 02-0 | Outgoing | Howard Wu | 27,000.00 | 000000000008207 |
| 02-0 | Onln Bkg | DTO ACC 08003091066 | 2,400.00 | 012000206180336 |
| 02-0 | Onln Bkg | DTO ACC 0800305056: | 3,000.00 | 012000208161117 |
| 02-0 | Onln Bkg | DTO ACC 08003050575 | 4,200.00 | 012000208115358 |
| 02-0 | Onln Bkg | DTO ACC 08003050906 | 6,200.00 | 012000208190808 |
| 02-0 | Onln Bkg | DTO ACC 08003171348 | 6,700.00 | 012000208115708 |
| 02-0 | Onin Bkg | DTO ACC 08003050515 | 10,000.00 | 012000208115319 |
| 02-0 | Orlin Bkg Trfn | DTO ACC 08003171264 | 17,000.00 | 012000208181808 |

Case 2:23-ap-01292-WB Doc 25 Filed 01/03/23 Entered 01/03/23 12:43:03 Desc
Case 2:23-ap-01292 Main Document Page 56 of 100

Case 2:23-ap-01292-WB Doc 25 Filed 06/21/23 Entered 06/21/23 11:50:25 Desc
Main Document Page 15 of

XXH1928DPCSTM        02282108003171231

XXH1928DPCSTM        02282108003171231 k   Main Document        Page 22 of 29

```
                      A C C O U N T   S T A T E M E N T    P a g e   3   o f   6
              S T A R T I N G   D A T E :   F e b r u a r y   0 1 ,   2 0 2 1
1     E N D I N G   D A T E :   F e b r u a r y   2 8 ,   2 0 2 1   T o t a l
3                   d a y s   i n   s t a t e m e n t   p e r i o d :   2 8
5                                                   6 0 - 0 3 1 7 1 2 3 1   1 )
^
.
L
o
s
R
o
b
l
e
s
A
v
e
.
,
6
T
H
F
L
.
P
a
s
a
d
e
n
a
,
C
h
.
9
1
1
0
1
```

U
R
B
A
N
C
O

Total days in statement period: 28

URBAN COMMONS LLC

60-03171231

| Date | Transaction Description | | Subtractions | Control Number |
|------|------------------------|---|--------------|----------------|
| 02-08 | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 GRUBHUBGENWAKOP.EP.N BBQ GRUBHUB C NY | | |
| 02- | POS Purchase | MERCHANT PURCHASE TERMINAL 449215 GRUBHUBGENWAKOREP.N BBQ GRUBHUB C NY 4490950001142046 SEQ # 103728715572 | 156.80 | 000007155720000 |
| 02-09 | Outgoing Wire | Outgoing Wire Mick Management In c. | 33,000.00 | 000000000007319 000000000007379 |
| 02-09 | Onln Bkg Trfn | Onln Bkg Trfn DTO ACC?.CC 08003171348 | 8,000.00 | 012000209122450 |
| 02-09 | Onln Bkg Trfn | Onln Bkg Trfn DTO ACC 08003171363 | 9,500.00 | 012000209122243 |
| 02-09 | Onln Bkg Trfn | Onln Bkg Trfn DTO ACC 08003171348 | 20,000.00 | 012000209122149 |
| 02-09 | Preauth Debit | Preauth Debit DTPDTF - 0.00 D000008388 210209 | 1,65/.84 | 096016930076472 |
| 02-10 | Outgoing Wire | Outgoing Wire Global Law Group C erporationorporation | 1,811.00 | 000000000004937 |
| 02-10 | Outgoing Wire | Outgoing Wire Donald J. Watson J r | 5,000.00 | 000000000007361 |
| 02-10 | Outgoing Wire | Outgoing Wire PWC Developers LLC | 20,000.00 | 000000000007476 |
| 02-10 | Outgoing Wire | Outgoing Wire Potter Anderson G Corroon LLP | 100,000.00 | 000000000007338 |
| 02-10 | Onln Onln Bkg Trfn DTO ACC 08003171348 | | 1,000.00 | 012000210113745 |
| 02-10 | Onln Bkg Trfn Bkg Trfn DTO ACC 08003171348 | | 2,700.00 | 012000210162214 |
| 02-10 | Onln Bkg Trfn | Onln Bkg Trfn DTO ACC 08003050575 | 3,000.00 | 012000210113713 |
| 02-10 | Onln Bkg Trfn | Onln Bkg Trfn DTO ACC 08003086439 | 29,000.00 | 012000210160450 |
| 02-10 | Preauth Debit | Preauth Debit AMEX £PAYMENT ACH PM? 210210 | 5,930.99 | 091000011034959 |
| 02-11 | Outgoing Wire | Outgoing Wire JHBMJPIBM Depository Ac ct | 15,000.00 | 000000000003537 |
| 02-11 | Outgoing Wire | Outgoing Wire Howard Wu | 30,000.00 | 000000000003403 |
| 02-11 | Onln Bkg Trfn | Onln Bkg Trfn DTO ACC 08003171348 | 2,500.00 | 012000211124321 |
| 02-11 | Onln Bkg Trfn | Onln Bkg Trfn DTO ACC 08003050575 | 4,500.00 | 012000211124227 |
| 02-11 | Onln Bkg Trfn | Onln Bkg Trfn DTO ACC | 4,650.00 | 012000211161541 |

Exhibit B, Page 51

| | | | | |
|---|---|---|---|---|
| 02-11 | Onln 3kg Trfn | ~~08003171348~~0900317 1348 ~~Onln 3kg Trfn~~ DTO ACC ~~08003050575~~0900305 0575 | 7,500.00 | 012000211161657 |
| 02-12 | Outgoing Wire | ~~Outgoing Wire~~ Brian Thomas De Ma rco | 7,500.00 | 000000000003143 |
| 02-12 | Outgoing Wire | ~~Outgoing Wire~~ Howard Wu | 10,000.00 | 000000000002463 |
| 02-12 | Outgoing Wire | ~~Outgoing Wire~~ Taylor Woods | 10,000.00 | 000000000002476 |
| 02-12 | Onln Bkg Trfn | ~~Onln Bkg Trfn~~ DTO ACC 08003171348 | 4,200.00 | 012000212124158 |
| 02-12 | Onln Bkg Trfn | ~~Onln Bkg Trfn~~ DTO ACC 08003171264 | 16,500.00 | 012000212124332 |
| 02-12 | Onln 3kg Trfn | ~~Onln 3kg Trfn~~ DTO ACC 08003050575 | 17,100.00 | 012000212124123 |
| 02-12 | Onin Bkg Trfn | ~~Onin Bkg Trfn~~ DTO ACC 08003086439 | 66,760.00 | 012000212125646 |
| ~~02-~~ | ~~POS Purchase~~ | ~~MERCHANT PURCHASE TERMINAL 494300 AIR001215 651103FORT WORT TX~~ | | |
| 02-12 | POS Purchase | MERCHANT PURCHASE TERMINAL 494300 AMERICAN AIR001215 651103FORT WORT TX | 11.20 | 000009780000000 |
| 02-12 | ?OS Purchase | ~~?OS Purchase~~ MERCHANT PURCHASE TERMINAL 494300 AMERICAN AIR001215 651103FORT WORT TX 4490950001142046 SEQ 8 1042269¦8000 | 11.20 | 000009780000000 |
| ~~02-~~ | ~~POS Purchase~~ | ~~AIR001215 651103FORT WORT TX 4490950001142046 SEQ 9 1042269"8000 MERCHANT PURCHASE TERMINAL 494300 AIR001215 651103FORT WORT TX~~ | ~~11.20~~ | ~~000009780000000~~ |
| 02-12 | POS Purchase | MERCHANT PURCHASE TERMINAL 494300 AMERICAN AIR001215 651103FORT WORT TX | 11.20 | 000009780000000 |
| 02-12 | Preauth Debit | ~~Preauth Debit~~ BANK OF AMERICA ~~ORM?~~QRMT ?~~Tut~~Tilt 210211 URBAN COMM | 102.32 | 051000019175686 |
| 02-12 | Freauth Debit | ~~Freauth Debit~~ BANE OF AMERICA QRMT Pymt 210211 URBAN COMM | 1,398.18 ~~1,398.18~~ | 051000019175688 ~~051000019175688~~ |
| 02-16 | Outgoing Wire | ~~Outgoing Wire~~ NES Financial Corp . | 3,000.00 | 000000000006704 |

```
                              ACCOUNT STATEMENT
                                Page 3 of 5
  :35 N. Los Robles Ave.,                  6TH FL.  STARTING DATE: March 01,
2021
  Pasadena, CA.                91101ENDING DATE: March 31, 2021
Total days in statement period:                      31
URBAN COMMONS LLC                                80-03171231
                                                      0)
```

```
03-10 Onln SkgEkg Trfn DTO ACC 08003171348          2,200.00    012000310120308
93-11 Outgoing Wire Potter Anderson 6 Corroon LLP  100,000.00   00000000005907
03-11 Onln Ekg Trfn DTO ACC 08003050575               200.00    012000311113336
03-11 Onln Ekg Trfn DTO ACC 08003121178            50,000.00    012000311151820
03-15 POS Purchase MERCHANT PURCHASE TERMINAL 449215 POSTMATES
                   405D3 ME ET F HTTPSPOST CA 4490950001142046
                   SEQ # 10732663742"                  24.66    0000063'4270000
                                                                 0000063'4270000
03-15 POS Purchase MERCHANT PURCHASE TERMINAL 449215 POSTMATES

                   SEQ # 10732763742'                  68.16    0000063'4270000
                                                                 0000063'4270000
03-15 POS Purchase  MERCHANT PURCHASE TERMINAL 46921E.
                   VERIZONWRLSS RTCCR VS 600 922 0
                   4490950001142046 SEQ #
                   10"32310017110"32310017             527.74   000001001710000
03-16 FOS Purchase MERCHANT PURCHASE TERMINAL 449215 POSTMATES

                   107526637479                         6.17    0000063'4790000
03-16 POS Purchase MERCHANT PURCHASE TERMINAL 449215 POSTMATES
                   TIP HTTPSPOST CA 4490950001142046 S£Q #
                   107528637479                        17.04    0000063'4790000
03-16 Analysis ServicANALYSIS ACTIVITY FOR 02/21     4,260.37   00000000000000
03-17 POS Purchase MERCHANT PURCHASE TERMINAL 449215 POSTMATES

                   SEQ # 107523637515                  46.39    0000063'5150000
03-18 Onln Ekg Trfn DTO ACC 08003050906                50.00    012000318124024
03-18 Onln Ekg Trfn DTO ACC 08003171348               850.00    012000318121619
03-18D3-18 POS PurchaseMERCHANT PURCHASE TERMINAL 449215 POSTM
                   TIP HTTPSPOST CA 4490950001142046 SEQ
                   107621637526                         11.60    0000063'5260000
03-18 POS Purchase MERCHANT PURCHASE TERMINAL 449215 POSTMATES
                   4050340803 ME ET F HTTPSPOST CA 4490950
                   001142046
                   SEQ # 107623637564                  16.79    0000063'5640000
03-19 Outgoing Wire Woolley Investment s LLC         5,000.00    00000000007569
03-19 Onln Bkg Trfn DTO ACC 08003086439              2,000.00    012000319163016
03-19 Onln Bkg Trfn DTO ACC 08003050575              5,000.00    012000319161449
03-19 Onln Bkg Trfn DTO ACC 08003050906              6,000.00    012000319191129
03-19 Onln Eke Trfn DTO ACC 08003171256             27,000.00    012000319191803
03-19 POS Purchase POS PURCHASE TERMINAL 77827301 SO *BRIGITTE

                   107719188346                        75.00    000001883460000
```

```
03-19 FOS Purchase  MERCHANT PURCHASE TERMINAL BILL AGGREGATES
                    107823637621                                          4.20    0000063'6210000
03-22 Outgoing Wire Potter Anderson   Corroon LLP              20,000.00          00000000008466
03-22 Onln Bkg Orin Bkg Trfn DTO ACC 08003050906                 675.00          012000322140555
```

06/21/23 11:50:25 Desc



XH192BDPCSTM        0331210800317123        (

135 N. Los Robles Ave., 6TH FL.
Pasadena, CA. 91101

URBAN COMMONS LLC

135 N. Los Robles Ave., 6TH
FL. Pasadena, CA. 91101

URBAN COMMONS LLC

ACCOUNT STATEMENT Page 4 of 5
STARTING DATE: March 01, 2021
ENDING DATE: March 31, 2021 Total
days in statement period: 31
60-0317123I

ACCOUNT STATEMENT Page 4 of
5 STARTING DATE: March 01,
2021 ENDING DATE: March 31,
2021 Total days in
statement period: 31
60-0317123I

( 0)

Date    Transaction Description
03-22 Onln Bkg Trfn DTO ACC 08003171348
03-22 FOS Purchase    MERCHANT    PURCHASE
          TERMINAL 449215 POSTMATES
          TIP      HTTPSPOST      CA
          4490950001142046 SEQ 9
          106129637757
03-22 FOS Purchase           PURCHASE
          TERMINAL 449215 POSTMATES
          TIP      HTTPSPOST      CA
          4490950001142046 SEQ
          107921637675
03-22 POS Purchase    MERCHANT PURCHASE TERMINAL
          449215 POSTMATES 40803 NO
          BLE HTTPSPOST CA
          4490950001142046 SEQ 9
          107921637712
13-22 FOS63-22 ?OS Purchase    MERCHANT
          PURCHASE TERMINAL 449215
          POSTMATES 40803 *LIYI FANG
          HTT?SPOST          CA
          4490950001142046  SEQ 90
          10782963766'
03-23 OnlnOnin 8kg Trfn DTO ACC 08868001960
03-23 FOS Purchase    MERCHANT PURCHASE TERMINAL
          449215;149215    POSTMATES
          TIP      HTTPSPOST      CA
          4490950001142046 SEQ 0
          108229637800
03-23 POS Purchase    MERCHANT    PURCHASE
          TERMINAL 449215 POSTMATES
          40803 CA SSIA HTTPSPOST
          CA 4490950001142046 SEQ 9
          108128637792
03-25 Onln Eke Trfn DTO ACC 08003050575
03-25 POS Purchase    MERCHANT    PURCHASE
          TERMINAL 449215 POSTMATES
          TIP      HTTPSPOST      CA
          4490950001142046 SEQ

03-25 ?OS Purchase    108420637887
                      MERCHANT PURCHASE TERMINAL
                      449215 POSTMATES
                      40803403D3 NO BLE
                      HTTPSPOST CA
                      4490950001142046 SEQ 94
                      108329637881
03-26 Onln Bkg Trfn DTO ACC 08003050575
03-26 ?OS Purchase    MERCHANT PURCHASE TERMINAL
                      449215 POSTMATES
                      40803340B03 LJ S S
                      HTTPSPOST CA
                      4490950001142046 SEQ 9
                      108424637925
°03-29 Outgoing. Wire Potter Amderson a Corroon
                      LLP
03-29 Onln Bkg Trfn DTO ACC 08003091066
03-29 Onln Bkg Trfn DTO ACC 08868001960
03-29 POS Purchase    MERCHANT PURCHASE
                      TERMINAL 449215 POSTMATES
                      TIP HTTPSPOST CA
                      4490950001142046 S£Q
                      9H 108726637025
03-29 POS Purchase    MERCHANT PURCHASE TERMINAL
                      449215 POSTMATESPOSTI4ATES
                      TIP      HTTPSPOST      CA
                      4490950001142046 SEQ 0
                      108523637935
03-29 FOS Purchase    MERCHANT PURCHASE TERMINAL
                      449215 POSTMATESPOSTI4ATES
                      40803 YI FANG HTTPSPOST CA
                      4490950001142046  SEQ  0
                      10652363797'

Subtractions Control Numbe:
                  3,800.00 01200032216281Q

        5.08 0000063'7570000

        6.64 0000063'6750000

       20.30 0000063'7120000

       26.55 0000063'6670000
      100.00 012000323173523

       25.34 0000063'8000000

      101.36 0000063'7920000
      200.00 012000325124251

        5.69 0000063'8870000

       22.77 0000063'8810000
    1,000.00 012000326161609

      46.91 0000063'9250000 30,000.00
000000000007989 2,060.00 012000329131448
             50,000.00 012000329153927

        4.09 0000063'0250000

       11.73 0000063'9350000

   16.35 ~~0000063'9770000~~0000063'9,70000

XXH1928DPCSTM                    03312108003171231

A C C O U N T    S T A T E M E N T
P a g e    5    o f    5
D A T E :    M a r c h    0 1 ,
2 0 2 1    D A T E :    M a r c h
3 1 ,    2 0 2 1    s t a t e m e n t
Total days in    p e r i o d :    3 1
8 0 - 0 3 1 7 1 2 3 1    0 )

135 N. Los Robles Ave., 6TH
Fl. Pasadena, Ch. 91101    STARTING
ENDING
URBAN COMMONS LLC

Date   Transaction Description    Subtractions Control Number

;13-30 Preauth Debit BANK OF AMERICA ORNT
Pymt 210329 URBAN COMM
670.44 051000017819732
25,000.00 000000000000022
25,000.00 000000000008327

03·31 Outgoing Wire Potter
Anderson s Corroon LLP 08-3i
Outgoing Wire Potter Anderson &
Corroon LLP

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 02-2 | 14,736.44 | 03-10 | 2,023.70 | 03-22 | 1,332.01 |
| 03-0 | 12,336.44 | 03-11 | 1,823.70 | 03-23 | 1,105.31 |
| 03-0 | 1,836.44 | 03-15 | 1,203.14 | 03-25 | 876.85 |
| 03-0 | 44,136.44 | 03-16 | -3,080.44 | 03-26 | 829.94 |
| 03-0 | 26,236.44 | 03-17 | 8'3.17 | 03-29 | 7.77 |
| 03-0 | 5.119.59 | 03-18 | 244.78 | 03-30 | 337.33 |
| 03-0 | 6,823.'0 | 03-19 | 165.58 | 03-31 | 37.33 |

OVERDRAFT/RETURN ITEM FEES

Total for    I    Total

| | Total for | Total |
|---|---|---|
| Total Overdraft | $0.00 I | $0.00 |
| Total Returned Item Fees | | |
| Total Returned Item Fees | 50.00 I | $0.00 |

---------------------------------- ------------- ----------------

------------------------------------------------------------------

**Case 2:23-ap-01292-W**B    Doc 25    Filed 01/02/24    Entered 01/02/24 18:43:10    Desc
Main Document        Page 66 of 100    ~~06/21/23~~ 11/30/23

Entered ~~06/21/23 11:50~~ 11/30/23 22:25:23  Desc
Main Document        Page ~~19~~26 of ~~20~~29

.0011928DPCSTM          0430210800317¦231

:33 N. Los Robles Ave., 6TH FL.
Pasadena, C.S. 91101

URBAN COMMONS LLC

A C C O U N T
S T A T E M E N T  Page  3  of  4
S T A R T I N G   D A T E :   A p r i l   0 1 ,
2 0 2 1   E N D I N G   D A T E :   A p r i l   3 0 ,
2 0 2 1   Total  days  in  statement
p e r i o d :   3 0   8 0 - 0 3 1 7 1 2 3 1
2)

135 N. Los Robles Ave., 6TH
FL. Pasadena, CA. 91101

URBAN COMMONS LLC

STARTI
NG
ENDING
Total days in

ACCOUNT STATEMENT
Page 3 of 4 DATE:
April 01, 2021
DATE: April 30,
2021 statement
period: 30

| Date | Transaction Description | | Subtractions | Control Number |
|---|---|---|---|---|
| ~~04-13~~ POS Purchase | MERCHANT PURCHASE TERMINAL 449215 ~~UBER~~VEER EATS HELP ~~UBER~~[JEER CA 4490950001142046 SEQ ~~Vh~~ 110324717618 ~~110324717618~~ | | 61.53 | ~~0000071~618~~0000 0000071 616000 |
| 04-14 ATM Withdrawal | CASH WITHDRAWAL TERMINAL 00624071 10900 WILSHIRE ~~BLV~~SLV LA CA 4490950001142046 SEQ 110414143036 | | 203.00 | 000001430360000 |
| 04-14 Onln ~~Bkg~~Ekg Trfn | DTO ACC 08003050906 | | 50.00 | ~~012000414~~ ~~130258~~012 00041413 0256 |
| 04-14 POS Purchase | MERCHANT PURCHASE TERMINAL 475542 LAX AIRPORT LOT P 4 LOS ANGEL CA 4490950001142046 SEQ ~~6~~9 110321161038 | | 320.00 | 00000161 0380000 00000000 00000755: |
| ~~04-15 Outgoing Wire~~ 04-15 Outgoing Wire | ADR Services, ~~In~~ in. | 1,500.00 | | ~~00000000~~ ~~007518~~000 00000000 7576 |
| ~~04-15 Outgoing Wire~~ 04-15 Outgoing Wire | High Speed, LLC | 1,500.00 | | ~~012000415~~ ~~163508~~012 00041516 3506 |
| ~~04-15 Onln Bkg Trfn~~ 04-15 Onln aka Trfn | DTO ACC 08003171348 | 800.00 | | ~~021000027~~ ~~776867~~021 00002777 6887 |
| ~~04-15 Preauth Debit~~ 04-15 Preauth Debit | ALLSTATE INS CO PREM PYMT 210415 | 1,394.90 | | |
| ~~04-16 Outgoing Wire~~ 04-16 Outgoing Wire | Potter Anderson ~~6~~S Corroon LLP | 25,000.00 | | 0005325 |
| ~~04-16 Onln Bkg Trfn~~ 04-16 Onin 3kg Trfn | DTO ACC 08003171348 | ~~80.00~~60.00 | | 01200041 |

Exhibit B, Page 60

04-16 ?OS Purchase    04-16 ?OS Purchase    MERCHANT PURCHASE TERMINAL 449015340190 CA
SEQ 9 110521637653
MA    NPUK    HTTPSPOST    CA
4490950001142046    SEQ    9
110521637653
0000063'8
530000

04-19 Outgoing Wire    04-10 Outgoing Wire    ASAP Propert7 Property Hold *ings*    5,000.00    0000000
Inc.    106.41    0007397

04-19 Onln Bkg Trfn    04-19 Onln Bkg Trfn    DTO ACC 08868001960    10,000.00    01200041
9162721

04-20 Onln Skg Trfn    04-20 Onln 3kg Trfn    DTO ACC 08003050575    5,000.00    01200041
0122355

04-20 Analysis ServicANALYSIS ACTIVITY FOR 03/21    3,269.62    09601693
0524706

04-21 ?reauth Preauth Debit    REP CF MBFS D000012333 210421    15.00    09601693
0524657

04-21 ?reauth Debit    04-21 ?reauth Debit    DTF - 14.95 D000012330 0000012330    789.45    09601693
210421    0055132

04-22 Outgoing Wire    04-22 Outgoing Wire    Loretta Wu    3,000.00    00000000
0007048

04-22 Outgoing Wire    Goodwin Procter LL P    10,000.00    00000000

04-22 Onln Onin Bkg Trfn DTO ACC 08003050575    2,800.00    01200042
2163554

04-22 Onln Bkg Trfn    04-22 Onln 3kg Trfn    DTO ACC 08003050575    5,500.00    01200042
2165102

04-22 Onln Eke Trfn    04-22 Onln Eka Trfn    DTO ACC 08003171348    5,515.00    01200042
2160830

04-22 Onln Skg Trfn    04-22 Onln 5kg Trfn    DTO ACC 08003171363    7,960.00    01200042
2163924

04-23 Outgoing Wire    04-23 Outgoing Wire    Mick Management in In c.    20,000.00    00000000
0004993

04-23 Onln Bkg Trfn    04-23 Onln Bkg Trfn    DTO ACC 08003050906    8,225.00    01200042
3123809

04-23 Onln Bkg Trfn    04-23 Onln 3kg Trfn    DTO ACC 08003050575    8,500.00    01200042
3124547

04-26 Preauth Debit    04-26 Preauth Debit    REP CF MBFS    8.95    096015930
D000012667 D000012661 210426    554258 096
01693055
4258

04-26 Preauth Debit    04-26 Preauth Debit    MBFS - 8.95 D000012676 0000012676    2,588.772    09601693
210426    0555132

04-26 Preauth Debit    04-26 Preauth Debit    AMEX EPAYMENT EPAYI4ENT ACH PMT    10,816.66    09100001
210426    0037111

04-27 Onln Eke Trfn    04-27 Onln 3kg Trfn    DTO ACC 08003050575    130.00    012000.12
7122118 01
20004271
22118

04-27 Onln 3kc Trfn    04-27 Onln 3kc Trfn    DTO ACC 08003050575    6,520.00    01200042
7152802

04-21 Onln 3kg Trfn    04-27 Onln Bkg Trfn    DTO ACC  08003171348    7,515.00    01200042
7152723

04-28 Outgoing Wire    JMBM 04-28 Outgoing Wire ,JMBM Depository Ac ct    5,000.00    00000000
0006584

04-28 Outgoing Wire    04-28 Outgoing Wire    Frost Brown Todd L LC    12,822.50    00000000
0006912

04-30 Onln Bkg Trfn    04-30 Onln 3kg Trfn    DTO ACC 06003050906 08003050906    5,000.00    01200043
0115435

#0XX81928CPCSTV 0XX81928CPCS7V      05312108003171231

```
                            A C C O U N T   S T A T E M E N T   P a g e   3
                    o f   5   S T A R T I N G   D A T E :   M a y   C 1 ,
                    2 0 2 1   E N D I N G   D A T E :   M a y   3 1 ,
                                2 0 2 1   T o t a l   d a y s   i n
                    s t a t e m e n t   p e r i o d :     3 1
                                        8 0 - 0 3 1 7 1 2 3 1
135 N. Los Robles Ave., 6TH
FL. Pasadena, CA. 91101
                                                f 2)
        URBAN COMMONS LLC
```

| Number | Date | Transaction Descrip=ion | | Additions | Control Number |
|--------|------|-------------------------|--|-----------|----------------|
| | 05-27 | Wire Trans-: | MATTHEW H TAYLOR | 500.00 | 00000000006484 |
| | 05-27 | Wire Trans-: | SUNNY HSU PAOHUA Y EH | 500.00 | 00000000007703 |
| | 05-28 | Wire Trans-: | JIA BAO INVESTMENT INC | 500.00 | 00000000007044 |
| | 05-28 | Wire Trans-: | NIVEDITA KOHLI | 1,250.00 | 00000000005059 |
| | 05-28 | Wire Trans-: | CNNY VENTURE LLC | 1,500.00 | 0000000000838: |
| | 05-28 | Wire Trans-: | STE?HEN DARBY B | 2,000.00 | 00000000005042 |
| | 05-28 | Wire Trans-: | 40047891219 | 2,000.00 | 0000000000068:1 |
| | 05-28 | Pre-Ruth Credit | HSI TIEN SENDER 524967056 | | |
| | | | | 500.00 | 113000029222785 |

CHECKS
| Number | Dale | Amount | Control |
|--------|------|--------|---------|
| 503 | 05-05 | 996.06 | 000009119412120 |

DEbITS
| Date | Transact ion Description | Subtractions | Control Number |
|------|-------------------------|--------------|----------------|
| 05-03 | Cnln Bkc Trfn DTO ACC 00003091066 | 20.00 | 012000503142001 |
| 05-04 | Cnln Bkg Trfn DTO ACC 08003171363 | 280.00 | 01200050413044: |
| 05-04 | Cnln Bkc Trfn DTO ACC 08003171348 | 2,280.00 | 012000504130359 |
| 05-04 | Cnln Bkc Trfn DTO ACC 08003050575 | 6,050.00 | 012000504130300 |
| 05-05 | Cnln Bkg Trfn DTO ACC 08003171363 | 520.00 | 012000505155622 |
| 05-07 | Cnln Bkg Trfn DTO ACC 08003171348 | 860.00 | 012000507134232 |
| 05-07 | Cnln Bkg Trfn DTO ACC 08003050575 | 1,100.00 | 012000507134140 |
| 05-10 | Outgoing Wire  Mick Management In c. | 1,500.00 | 00000000008421 |
| 05-10 | Onln Bkc Trfn DTO ACC 08003050575 | 6,000.00 | 012000510165642 |
| 05-13 | Outgoing Wire  Massive Dynamic In C. | 2,000.00 | 00000000006817 |
| 05-13 | Outgoing Wire  Twanmoh, Peng & As sociates, CPAS, | 2,500.00 | 00000000006280 |
| 05-13 | Outgoina Wire  Mick Management In c. | 4,500.00 | 00000000005770 |
| 05-13 | Cnln Bkg Trfn DTO ACC 08003050906 | 100.00 | 012000513182262: |
| 05-13 | Cnln Bkc Trfn DTO ACC 08003050575 | 500.00 | 012000513316292: |
| 05-13 | Cnln Bkg Trfn DTO ACC 08003050567 | 2,900.00 | 012000513182345 |
| 05-13 | Cnln Bkg Trfn DTO ACC 08868001960 | 10,000.00 | 012000513161841 |
| 05-13 | Cnln Bkg Trfn DTO ACC 08003086439 | 29,500.00 | 012000513162156 |
| 05-14 | Outgoing Wire  Massive Dynamic In c. | 2,000.00 | 00000000007217 |
| 05-14 | Outgoing Wire  Tamara Woods | 2,000.00 | 00000000007243 |
| 05-14 | Outgoing Wire  Capital Educators Federal Credit | 2,000.00 | 00000000007457 |
| 05-14 | Outgoing Wire  Neufeld Marks | 25,000.00 | 00000000007422 |
| 05-14 | Outgoino Wire  J. Bring | a,000.00 0000 | |
| | Aaiiit 60²?ctcrlt:tb.tLEtVit³      '01LEt | | OPTf64ε⁵ 1i |
| nln | Trfn DTO ACC 08003171348 | 3,400.00 | 012000514163736 |
| 05-14 | Cnln Alcq Trfn DTO ACC 08003171363 | 7,960.00 | 0120005141636'8 |
| 05-17 | Outgoing Wire  Massive Dynamic In c. | 2,500.00 | 00000000007839 |

| In re: | CHAPTER: 7 |
|---|---|
| Dye v. Potter Anderson & Corroon LLP | CASE NUMBER: 2:23-ap-01292 WB |
| Debtor(s). | |

Adversary Cover Sheet Page 1 of 2

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** CAROLYN A. DYE, CHAPTER 7 TRUSTEE | **DEFENDANTS** POTTER ANDERSON & CORROON, LLP |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) PEÑA & SOMA, APC 402 South Marengo Ave., Suite B Pasadena, CA 91101 Tel: 626-396-4000 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ❑ Debtor  ❑ U.S. Trustee/Bankruptcy Admin ❑ Creditor  ❑ Other ❑ Trustee | ❑ Debtor ❑ U.S. Trustee/Bankruptcy Admin ❑ Creditor  ❑ Other ❑ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Avoid preferential and fraudulent transferes 11 USC 547 and 548

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ❑11-Recovery of money/property - §542 turnover of property | ❑61-Dischargeability - §523(a)(5), domestic support |
| ❑12-Recovery of money/property - §547 preference x   ❑68-Dischargeability - §523(a)(6), willful and malicious injury X 13-Recovery of money/property – §548 fraudulent transfer | ❑63-Dischargeability - §523(a)(8), student loan |
| ❑14-Recovery of money/property - other | ❑64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** ❑  21-Validity, priority or extent of lien or other interest in property | ❑ 65-Dischargeability - other |
| **FRBP 7001(3) – Approval of Sale of Property** ❑ 31-Approval of sale of property of estate and of co-owner - §363(h) - other | **FRBP 7001(7) – Injunctive Relief** ❑ 71-Injunctive relief – imposition of stay ❑ 72-Injunctive relief |
| **FRBP 7001(4) - Objection/Revocation of Discharge** ❑  41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest** ❑   81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** ❑51-Revocation of confirmation ❑ 91-Declaratory judgment FRBP 7001(6) – Dischargeability ❑ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | **FRBP 7001(9) Declaratory Judgment** ❑ **FRBP 7001(10) Determination of Removed Action** |

| ❑ Check if this case involves a substantive issue of state law | ❑ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ❑  Check if a jury trial is demanded in complaint | Demand $    550,000 |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>URBAN COMMONS, LLC | BANKRUPTCY CASE NO.<br>2:21-bk-13523 ER | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Ernest M. Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/S/ LEONARD PENA | | |
| DATE<br>6/13/2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) LEONARD PENA | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Attorney or Party Name, Address, Telephone &
FAX Nos., State Bar No. & Email Address

LEONARD PEÑA (State Bar No. 192898)
JULIE A. SOMA (State Bar No. 180170)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

*Attorney for Plaintiff*

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES**

In re:

URBAN COMMONS, LLC,

CASE NO.: 2:21-bk-13523-ER

CHAPTER: 7

ADVERSARY NO.:

Debtor(s).

CAROLYN A. DYE, Chapter 7 Trustee,

Plaintiff(s)

Versus

POTTER ANDERSON & CORROON, LLP

**SUMMONS AND NOTICE OF STATUS
CONFERENCE IN ADVERSARY PROCEEDING
[LBR 7004-1]**

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the
Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of
your written response on the party shown in the upper left hand corner of this page. The deadline to file and serve a
written response is_____. If you do not timely file and serve the response, the court may enter a judgment by
default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| **Hearing Date:**_____ | **Address:** |
| **Time:**_____ | 255 East Temple Street, Los Angeles, CA 90012 |
| | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

Exhibit B, Page 67

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
             Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                                    F 7004-1.SUMMONS.ADV.PROC
Exhibit B, Page 68

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
402 S. Marengo Avenue Suite B Pasadena, CA 91101

A true and correct copy (1) of the foregoing document entitled: SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1] and (2) the accompanying pleading(s) entitled: (*specify*): First Amended Complaint. **will be served or was served (a)** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/30/2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR)
trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com

Beth Gaschen on behalf of Defendant Potter Anderson & Corroon LLP
bgaschen@go2.law,

kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law

Beth Gaschen on behalf of Interested Party Courtesy NEF
bgaschen@go2.law,

kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law

Jeffrey I Golden on behalf of Defendant Potter Anderson & Corroon LLP
jgolden@go2.law,

kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Leonard Pena on behalf of Plaintiff Carolyn A Dye
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Service information continued on attached
Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/30/2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Julia W. Brand
United States Bankruptcy Court
225 E. Temple Street, Suite 1382

Los Angeles, CA 90012

Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER 7 |
|---|---|---|
| Urban Commons, LLC | Debtor(s). | CASE NUMBER 2:21-bk-13523-ER |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)*       , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/30/2023 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in by the United States Bankruptcy Court for the Central District of California.

Exhibit B, Page 71

# EXHIBIT C

MOTION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**


IN RE:                          :Chapter 11

EHT US1, Inc., et al.,     :Case No. 21-10036(CSS)


    Debtors.                :
--------------------------
--------------------------
THE CITY OF LONG BEACH,    :824 Market Street
                              Wilmington, Delaware 19801
    vs.                     :
                              Thursday, August 12, 2021
URBAN COMMONS QUEENSWAY,   :Adv. Proc.No. 21-50316(CSS)
LLC, d/b/a QUEEN MARY,
--------------------------
ASAP INTERNATIONAL HOTEL, :
LLC,
      vs.                   :Adv. Proc.No. 21-50547(CSS)

SKY HARBOR ATLANTA         :
NORTHEAST, LLC,
--------------------------
ASAP PROPERTY HOLDINGS,    :Adv. Proc.No. 21-50458(CSS)
INC.,
      vs.                   :

SKY HARBOR ATLANTA         :
NORTHEAST,LLC.


            TRANSCRIPT OF VIDEO HEARING
     BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI
       CHIEF UNITED STATES BANKRUPTCY JUDGE


Audio Operator:   Electronically Recorded
                  By Leslie Murin, ECRO


Transcription Co:  Reliable
                  1007 N. Orange Street
                  Wilmington, Delaware 19801

                  Telephone: (302) 654-8080
                  E-Mail:  gmatthews@reliable-co.com


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

```
 1
    URBAN COMMONS QUEENSWAY, :
 2  LLC.
                           :Adv. Proc. No. 21-50476(CSS)
 3      vs.
    EHT ASSET MANAGEMENT,    :
 4  LLC., TAYLOR WOODS, AND
    HOWARD WU,               :
 5  ------------------------

 6  APPERANCES VIA ZOOM: (On the Record)

 7

 8  For the Debtors:          G. David Dean, Esq.
                              COLE SCHOTZ, PC.
 9
                              Nicholas Bassett, Esq.
10                            PAUL HASTINGS, LLP

11
    For the Official Committee  Eric Monzo, Esq.
12  Of Unsecured Creditors:     MORRIS JAMES, LLP

13
                              Bradley O'Neill, Esq.
14                            KRAMER LEVIN NAFTALIS &
                              FRANKEL, LLP
15

16  For Monarch Alternative    Matthew Friedenberg, Esq.
    Capital, LP:               WEIL GOTSHAL & MANGES, LLP
17

18
    For Urban Commons, LLC      Christopher Samis, Esq.
19  Et al, EHT Asset            POTTER ANDERSON &
    Management, LLC, Taylor     CORROON, LLP
20  Woods and Howard Wu:

21

22

23

24

25
```

3

1                          **I N D E X**

2                        **August 12, 2021**

3   PROCEEDING                                    PAGE

4   Debtor's 9019 Motion                          5

5   Potter, Anderson's Motion                     15

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1              (Proceeding Commenced At 11:00:44 a.m.)

2              THE COURT:  Good morning, everyone.  Yes,

3   hang on for just a second.  How about now?  That's

4   good.  I am not getting it anymore.  Sorry about that,

5   technical difficulties.

6              Good morning, everyone.  This is Judge

7   Sontchi.  We're here in the EHT matter, number of

8   matters up for today.  Let me turn it over, per our,

9   sort of, normal procedure, to debtor's counsel to just

10  run through the Agenda.

11             MR. DEAN:  Thank you.  Good morning, Your

12  Honor.  David Dean of Cole Schotz on behalf of the

13  Debtors and Debtors in possession with our co-counsel

14  with Paul Hastings.  As you mentioned, there are a

15  number of items up today.  Our agenda has four matters

16  going forward today, each ironically with separate

17  movants.  We have the Committee's 2004 motion, which

18  was carried over from the last hearing.  We have

19  Potter Anderson's motion to withdraw as counsel and

20  the final hearing on their client's motion to extend

21  the summary judgment deadline with respect to the PPP

22  adversary proceeding and then finally, Your Honor, the

23  matter that we'd like to take first is the Debtor's

24  9019 motion relating to Scott's, which is Agenda Item

25  Number 8.  So, if it please the Court, I'd like to

1  turn it over now to Mr. Despins to address the

2  debtor's 9019 motion.

3          THE COURT:  Any objection?  And then I think

4  we'll turn to Potter Anderson's motion next, but any

5  objection, Mr. Samis or -- about the taking the 9019

6  motion first?

7          MR. SAMIS:  Your Honor, provided that Potter

8  Anderson's motion is taken second, no.

9          THE COURT:  Okay.  That's fine.  Mr.

10  Despins?

11          MR. DESPINS:  Good  morning, Your Honor.

12  For the record, Luc Despins with Paul Hastings on

13  behalf of the Debtors.  This is a -- and I'll

14  apologize -- I'll start with an apology, Your Honor.

15  We know that -- and we were reminded before the

16  hearing by Mr. Dean very clearly that if there are

17  matters that are to be adjourned, we cannot do that on

18  the fly and we need to advise jeepers as long as

19  before the hearing as possible, but this is one

20  situation where there are a lot of moving pieces and

21  I'd like to tee this up and -- but I think that the

22  hearing on this matter should be fairly narrow and

23  discreet this morning.

24          So, in a nutshell, Your Honor, you know, the

25  Debtors are a little bit stuck between Scott's and

55

1          MR. SAMIS:  Okay.  With response to the

2  Committee then, so, Your Honor is correct.  I mean, I

3  don't think that's there any real prejudice in having

4  to serve registered agents.  The point of hearing this

5  motion first, at least in our view, was to try to

6  obtain relief that -- that would not result in their

7  being prejudice to our clients today.  So, we would

8  ask that the Court rule on our motion to withdrawal.

9          I think that if there -- that order

10  ultimately conditions our withdrawal on our clients,

11  you know, responding to the -- the 2004 motion in some

12  fashion in, you know, short order, reasonable order,

13  then I think that that would accomplish the goal.

14  Again, there are remedies to all of the situations

15  that Mr. O'Neill has described as potential threats.

16  You can serve a registered agent, our clients as

17  individuals and they end up accepting service.  We

18  don't have any of that authority today.  So, we would

19  ask that the motion to withdrawal be ruled upon and

20  then the parties address that amongst themselves in

21  order to avoid direct prejudice to our client in

22  connection with the withdrawal.

23          THE COURT:  All right.  Thank you, Mr.

24  Samis.

25          MR. SAMIS:  Of course.

56

1          THE COURT:  Well, this is an unfortunate

2     situation to say the least.  It's unfortunate that a

3     firm of Potter Anderson's reputation and excellence is

4     put in a position of not being paid for what I, at

5     least as far as I've seen, has been excellent work and

6     certainly worth the price that they charge and the

7     market rates that they charge and this Court has to be

8     very cognizant of the demands of justice, due process,

9     and prejudice to the parties that arises when a law

10    firm has to withdrawal as opposed to simply a

11    substitution of counsel because it leaves a party

12    without counsel, which increases the difficulty and

13    expense associated with running the suit, running the

14    case, whether it be a bankruptcy case or an adversary

15    proceeding, but at the same time, so far as I

16    understand the world we live in, at least in this

17    country, you don't have to work for free.  You have,

18    of course, professional obligations, highly ethical

19    obligations, and there's no question in my mind and I

20    think it's uncontested that Potter Anderson has met

21    the criteria set forth in the Delaware Rules of

22    Professional Responsibility and also our local rules

23    and the ABA model rules with regard to withdrawing as

24    counsel and it really is a question of how do I

25    fashion relief to protect the parties that are

57

1  involved in the case from any significant prejudice

2  arising from Potter Anderson's withdrawal.

3          Clearly, there will be added expense, there

4  will be added hearings probably, there will be added

5  difficulty for counsel in the case that ultimately

6  will end up on the backs of the estate or their

7  clients in additional expense, but everything that is

8  going to arise so far going forward -- excuse me,

9  everything that is going to arise going forward in

10  connection with this case being more difficult is no

11  different than what you would normally have in a case

12  had Potter Anderson never been involved.  You would

13  have had to serve subpoenas on registered agents, you

14  would've had to seek motions for default judgment if

15  entities don't answer or individuals don't answer.

16  The Court will -- might have to deal with pro se

17  litigants, which I do, you know, quite often.  Pro se

18  litigants are more expensive and more difficult to

19  deal with, but we deal with them in an appropriate way

20  that respects due process, but doesn't let people

21  escape civil liability or the means of ends of justice

22  simply because they've decided not to retain counsel

23  or can't afford counsel.

24          What ultimately might happen here, and I

25  wouldn't be surprised, is we end up with bankruptcy

58

1 cases filed on behalf of these non-debtor entities and

2 Mr. Woods and Mr. Wu and if so, that's fine, we'll

3 deal with it as you would deal with any bankruptcy

4 being filed by an opponent.

5          So, I don't really see any situation where

6 Potter is really creating additional difficulties that

7 are above and beyond the normal difficulties that

8 would arise if dealing with a pro se client or an

9 unrepresented client and I don't see any reason to

10 beyond taking actions.  It sounds like everybody's

11 pretty much agreed to, although I haven't seen any

12 order, to, you know, protect the integrity of the

13 record, for example, and the documents, which is

14 critical.  I don't really see any point or need to

15 make Potter Anderson continue to fund the convenience

16 of the Committee and Debtor's cases on their backs.

17 It's going to cost the Committee and the Debtor more.

18 It's going to be more of a hassle, but there's no

19 reason -- and Potter Anderson has done nothing in bad

20 faith, they haven't done anything that I've seen that

21 would remotely put this Court in a situation where I

22 would want to, kind of, punitively put them on the --

23 on the hook to pay the bill.  They've acted

24 professionally throughout the case.  They've won some

25 things, they've lost some things and that's -- you

59

1 know, that's what we do when we are involved in these

2 cases.

3            So, I am going to allow them to withdrawal.

4 The withdrawal will be effective upon entry of the

5 order.  However, I'll get to in a second how I think

6 this affects the rest of today's agenda.  There are

7 some caveats.  It sounds like many of them have been

8 negotiated and I am certainly not going to stand in

9 the way of any conditions that have been negotiated.

10 It does need to make clear that the documents

11 currently maintained by Everest on its server or its

12 vendor's server has to be maintained.  Of course if

13 they're using a vendor to maintain the documents,

14 there is some cost to Everest and I do appreciate

15 their willingness to continue to maintain those

16 documents.  Again, no one needs to work for free, but

17 if you're involved in the legal world and as a legal

18 service provider, you are certainly sometimes going to

19 be put in a situation where you have to front some

20 money in order to preserve documents that have been

21 put in your trust.

22            With regard to the current amount

23 outstanding, I am not going to address that.  That's

24 an issue that doesn't really affect the estate.

25 However -- or the parties here.  That's a question

1 between Everest and its clients.  However, if

2 documents are going to be -- or searches are going to

3 happen or documents are going to be retrieved from the

4 Everest database, at least until otherwise ordered by

5 the Court, the parties getting that access and getting

6 those documents is going to have to pay for it.  I

7 don't think Everest should be put in a position of

8 having to continue to provide anything other than

9 maintenance services without being paid, but that

10 doesn't mean they get their arrearage.  That's -- you

11 know, that's a bill they will have to collect from

12 somebody else.

13          With regard to those documents -- well, let

14 me move onto something else.  As far as I understand

15 from what was told to me today, the documents that

16 Everest has have all been reviewed by Potter Anderson.

17 They have been reviewed for relevance to the Debtor's

18 first 2004 and for privilege and a privilege log has

19 been provided.  To me, that's really a very clean --

20 excuse me.  I think we're in -- with those documents,

21 I think we're in a great position.  However, with

22 requests going forward, the Debtor's revised requests

23 and the Committee's 2004, we'll have to figure out at

24 a later date exactly how to proceed there, but

25 frankly, I'd be -- I think a motion will need to be

1 filed or some, sort of, procedure, but if it's not

2 responded to, I would simply require -- I don't care

3 about relevance.  I'd require the production of

4 everything that wasn't privileged.  If -- if we're

5 going to get into producing privileged documents that

6 have already been identified as privileged, the Court

7 is going to have to figure out how to do that if these

8 people are -- continued to be unrepresented.  An

9 unrepresented may require an appointment of a -- of an

10 independent party to review or something along those

11 line, but I would not be opposed to simply requiring a

12 blanket production of those documents that have not

13 been identified as privileged.  Otherwise, you are

14 putting the Committee and the Debtor in an awkward

15 position, but I am not -- that's not going to be part

16 of this order.  That would be, I think, a follow up

17 order on the 2004 that we can deal with at a later

18 time.

19         With regard to prejudice against the Urban

20 Commons Entities and Mr. Woods and Mr. Wu, I am

21 concerned about that.  They are not going to be

22 represented.  They need a fair opportunity to figure

23 out how to get represented if they want to be

24 represented.  So, the deadline to file the summary

25 judgment motion response, which is the answering

62

1  brief, will be extended 28 days from the entry of the

2  order.  No further extensions will be granted without

3  consent, even on an argument that counsel is just

4  about to get retained.  That is not going to fly.

5          With regard to the adversary proceedings

6  that the unrepresented entities started, they will be

7  dismissed 28 days after entry of this order, unless --

8  without prejudice, dismissed without prejudice by the

9  Court for proceeding without counsel, as required by

10 the law.  They will be dismissed 28 days after entry

11 of the order, unless an entry of appearance is made by

12 -- by some attorney preferably -- well, an attorney

13 enters an order of appearance.

14          With regard to the subpoenas, I am not going

15 to require Potter Anderson to accept service of

16 subpoenas on behalf of entities for personal clients.

17 I think they are getting out of this case.  To the

18 extent the Committee wants to serve subpoenas, they

19 are going to have to do so on registered agents and

20 individuals and those entities will be required to

21 respond and if they don't, the Court will enforce

22 appropriately non-response to subpoenas and, again,

23 that might be simply to say you can have access to

24 those 80,000 documents to the extent they are not

25 privileged sitting at Everest.

1        It's a little unclear to me what Potter has

2   in its personal files, but certainly they have all

3   their drafts, they have all their documents on their

4   regular doc server.  I am sure they have all their

5   emails.  Everybody -- you know, I am glad they've

6   agreed to preserve emails, I am sure they were going

7   to preserve emails anyway.  So, the Court, you know,

8   should definitely require that and they've agreed to

9   it, obviously subject to whatever language the general

10  counsel comes up with, but, yes, they should

11  absolutely preserve those documents.

12        To the extent Potter gets served with a

13  subpoena after they withdraw as counsel for documents

14  or correspondence or what have you, Potter Anderson

15  will have to respond like any other party who receives

16  a third-party subpoena and all their rights and

17  obligations are completely unaffected by this order to

18  any subpoena that gets served on them going forward.

19        Basically, I think Potter Anderson has acted

20  professionally and appropriately in seeking to

21  withdrawal.  I think they've done a lot -- well, let's

22  put it this way.  They've done what they could to

23  smooth the transition.  They've been unable to do some

24  things because they have an uncooperative client.

25  That happens.  That's not their fault.  I am very

64

1  narrowly tailoring their obligations here to make sure

2  that they get a clean cut out of his case, while at

3  the same time hopefully preserving the Debtor's and

4  the Committee's rights.

5          Jumping ahead, I am happy to grant the 2004

6  motion and I think it's going to be unopposed, but

7  it's -- again, that order is fine as long as it's

8  consistent with this order and you're just -- I am

9  just not going to require Potter to accept service of

10 subpoenas on behalf of any of the entities.  You can

11 certainly build something in there reserving your

12 rights with regard to the documents that are in

13 Everest's possession and with regard to the summary

14 judgment motion, I think it's most appropriate to,

15 again, like I said, kick that out one time, one time

16 only, 28 days.  I don't think August 27th is fair.

17 Even if they were able to hire counsel today, it's a

18 lot of get up to speed on.

19          Nothing that we are doing in any way shall

20 adversely affect the current situation with regard to

21 potential criminal liability associated with the

22 potentially fraudulent PPP loan.  That is not an issue

23 that is in front of this Court, nor will it ever be in

24 front of this Court and I just want to make it clear

25 that to the extent there's an argument that's made in

1  the future there should be some delay or influence

2  based on what this Court did or didn't do is

3  absolutely not the case.  I am not addressing that

4  issue one -- one bit.  That is a potential future

5  issue based on the actions that occurred and it's

6  outside of my jurisdiction and it will proceed

7  accordingly.  Any questions?

8           MR. SAMIS:  Your Honor, it's Chris Samis

9  from Potter Anderson.  I just want to ask one question

10 for clarity and make one point of clarification on my

11 own and I'll do the point of clarification first.  To

12 the extent it wasn't obvious from the presentation,

13 the review of the documents, the Everest documents

14 that Your Honor just commented on as having been

15 quote, unquote, "all reviewed by Potter Anderson,"

16 they were reviewed, but they were reviewed consistent

17 with search terms.  So, the extent that search terms

18 did (indiscernible) particular document, those weren't

19 reviewed by Potter Anderson.  They were reviewed in

20 the context of (indiscernible).

21           THE COURT:  Understood.

22           MR. SAMIS:  Okay.  The other point that I

23 wanted to make, Your Honor -- or the question that I

24 had rather is I heard Your Honor state that you were

25 prepared to enter an order on the Committee's 2004

66

1 | motion.  I take it then that Your Honor is denying my

2 | request for there be additional time for Mr. Wu and

3 | Mr. Woods to engage with the Committee to try to put

4 | together a consensual form?

5 | THE COURT:  Correct.

6 | MR. SAMIS:  Okay.  Thank you, Your Honor.

7 | THE COURT:  You're welcome.  Mr. Despins, do

8 | you have a question?

9 | MR. DESPINS:  Yes, just a clarification,

10 | Your Honor.  You took the preliminary injunction

11 | motion under advisement and that's obviously perfectly

12 | fine.

13 | THE COURT:  Thank you.

14 | MR. DESPINS:  There's nothing implicit with

15 | what you're doing today -- sorry, I didn't mean that

16 | way, but there's nothing that you're ruling on today

17 | that somehow would not allow this to take its own

18 | course?

19 | THE COURT:  Yes.

20 | MR. DESPINS:  Meaning, you're not staying

21 | consideration of that --

22 | THE COURT:  No.  I --

23 | MR. DESPINS:  -- based on your --

24 | THE COURT:  Thank you.  That's a very good

25 | question.  Nothing today affects the preliminary

1 injunction under advisement.  I am going to decide

2 that as soon as it's ready for decision.  I am not

3 going to await counsel, I am not going to await 28

4 days.  If I do await 28 days, it's because it's taking

5 that long to get it done.  I am a little short staffed

6 right now, but if it takes 28 days, it's not because

7 of anything I've done today.  It's just internal.  So,

8 that will be issued as -- that will be issued as soon

9 as the Court is in a position to issue it.

10          MR. DESPINS:  Thank you, Your Honor.

11          THE COURT:  You're welcome.  Mr. O'Neill,

12 any questions?

13          MR. O'NEILL:  From what I understand your

14 premise to be, Your Honor, we will submit an order

15 with respect to the 2004 motion.

16          THE COURT:  Okay.  Sounds good.  Yes, and we

17 can either bill that 28 days on the summary judgment

18 into the Potter Anderson order or you can simply

19 submit a cert in connection with your own motion,

20 however you want to do it, but it should be 28 days

21 from the entry of the order letting Potter Anderson

22 out and I am available -- what's today, Thursday?  I

23 am in all next week.  So, whenever that order is

24 ready, just submit it under certification to counsel.

25 Ms. Semansky (phonetic) is out until Monday.  So, if

68

1  you have it tomorrow, Mr. Dean, submit it to Ms.

2  Gatson (phonetic).

3          MR. DEAN:  Thank you, Your Honor.

4          MR. SAMIS:  Thank you, Your Honor.

5          THE COURT:  You're welcome.  Is there

6  anything else for today or was that it?  I think I am

7  forgetting something.  I don't think so.

8          MR. DEAN:  No, I think that covers it.

9          THE COURT:  Okay.  That's enough work for

10 one day.  All right.  Listen, thank you.  I appreciate

11 it, all of your professionalism with what is

12 absolutely perhaps the most -- one of the most

13 delicate things we have to do in connection with

14 professional responsibility and again, I think Potter

15 Anderson appeared, done well, and exited well and I

16 very much appreciate the professionalism of the

17 Committee and the debtor and their counsels in

18 responding appropriately to the situation that has

19 arisen.  So, I think you all for your professionalism

20 on this and we are adjourned.

21          MR. SAMIS:  Thank you.

22          MR. DESPINS:  Thank you.

23          MR. O'NEILL:  Thank you, Your Honor.

24          (Proceeding Concluded At 12:28:16 p.m.)

25

69

1

2                    **<u>CERTIFICATION</u>**

3       I, KRISTIN CORRADO, the assigned transcriber, do

4  hereby certify the foregoing transcript of proceedings

5  is prepared to the best of my ability and in full

6  compliance with the current Transcript Format for

7  Judicial Proceedings and is a true and accurate non-

8  compressed transcript of the proceedings, as recorded.

9

10 BY:   _____*Kristin Corrado*_____

11     Kristin Corrado              8/12/2021

12     Reliable Transcription            Date

13

14

15

16

17

18

19

20

21

22

23

24

25

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol Street, Suite 640, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **POTTER ANDERSON & CORROON LLP'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) AVOIDANCE OF POST-PETITION TRANSFER, (3) PRESERVATION OF FRAUDULENT, PREFERENTIAL AND POST PETITION TRANSFER TRANSFERS, AND (4) DISALLOWANCE OF CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **January 2, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) **January 2, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382 / Courtroom 1375
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 2, 2024 | David M. Fitzgerald | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**
0.0

**<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**
Carolyn A Dye (TR)    trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com
Beth Gaschen    bgaschen@go2.law,
kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law
Jeffrey I Golden    jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov