LEONARD PEÑA (State Bar No. 192898)
JULIE A. SOMA (State Bar No. 180170)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Plaintiff,
Carolyn A. Dye, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No. 2:21-bk-13523 WB |
| | ) |
| URBAN COMMONS, LLC, | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| —————————————————— | ) Adv. No. 2:23-ap-01292 WB |
| CAROLYN A. DYE, Chapter 7 Trustee, | ) |
| | ) PLAINTIFF'S OPPOSITION TO |
| Plaintiff, | ) MOTION TO DISMISS |
| | ) |
| v. | ) Date: January 23, 2024 |
| | ) Time: 2:00 PM |
| POTTER ANDERSON & CORROON LLP, | ) Place: Courtroom 1375 |
| | ) Roybal Federal Building |
| Defendant. | ) 255 E. Temple Street |
| | ) Los Angeles, CA 90012 |

-1-

Plaintiff Carolyn A. Dye, the Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *Urban Commons, LLC* hereby submits her opposition to Defendant Potter Anderson & Corroon LLP's motion to dismiss ("Motion").

## I. LEGAL STANDARD

To withstand a challenge under Rule 12(b)(6), "a complaint must set forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept[ ] as true all of the factual allegations contained in the complaint and draw[ ] all inferences in favor of the nonmoving party." *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014) (quotation marks omitted). Moreover, "[a] complaint survives a motion to dismiss even '[i]f there are two alternative explanations, one advanced by [the] defendant and the other advanced by [the] plaintiff, both of which are plausible.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (*quoting Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Even if the defendant believes that its version will "prove to be the true one . . . that does not relieve defendant[ ] of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery." *Id.*

A complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle

him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

"When analyzing a motion to dismiss under Rule 12, a court must accept as true the material allegations contained in the non-moving party's pleading and construe the pleadings in the light most favorable to that party." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1990).

A complaint must provide a short and plain statement that provides the defendant with notice of the claim being asserted, and supply enough factual matter, taken as true, to suggest a violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). In *Twombly* the Supreme Court stated that a complaint is "not require[d] [to include] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In determining whether a complaint alleges a plausible claim, a court must accept as true all well-pled facts and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009).

When considering a motion to dismiss the Court should not consider exhibits that "go beyond the pleadings, attachments thereto and documents incorporated by reference therein" because doing so converts the motion for judgment on the pleadings into a Rule 56 motion for summary judgment. *Aikens v. U.S. Transformer, Inc.,* No. CV-07-138-E-EJL-LMB, 2008 U.S. Dist. LEXIS 19285, at *11 (D. Idaho Mar. 11, 2008).

While the Defendant may not agree with the Plaintiff's interpretation of the facts as alleged in the First Amended Complaint, that is not the standard when evaluating a motion to dismiss. Rather, a motion to dismiss merely tests the legal sufficiency of a complaint and here the Plaintiff alleges that the facts as alleged and the claims as plead in the First Amended Complaint, if ultimately proved result in the Defendant owing the estate tens of thousands of dollars.

## II. ARGUMENT

The Plaintiff is sympathetic to the Defendant in as much as it provided legal services that purportedly remain unpaid. However, as described in detail in the First Amended Complaint and admitted by the Defendant, its legal services were provided to non-debtor entities, entities that might have been subsidiaries or affiliates of the Debtor but nonetheless were separate entities and it remains disputed whether the services to those entities were of any value to the Debtor.

The Motion argues that that the Plaintiff's fraudulent transfer claims should be dismissed "as a matter of law". Notably, however, the Defendants do not cite any Ninth Circuit authority for the legal position instead relying on a non-binding Delaware authority.

In fact, as fully described in the Ninth Circuit authority described *infra* the Motion should be denied "as a matter of law".

/ / /

/ / /

/ / /

### a. Defendant Concedes It Received A Transfer Of The Property Of The Insolvent Debtor.

In its Motion, the Defendant makes critical concessions. First, Defendant acknowledges that that the Debtor made transfers to it in the amount of $550,000.00 ("Transfer"). Second, the Defendant does not controvert that the first amended complaint alleges that the Debtor and its affiliates were insolvent at the time of the Transfer to the Defendant.

In fact, the only issue of material fact in dispute is the Defendant's allegation that that the Transfer cannot be avoided because the Debtor received reasonable equivalent value in exchange for the Transfer.

Most of the Motion is dedicated to arguing that the Debtor received reasonably reasonable equivalent value in exchange for the Transfer because . . . "Services Provided to the Debtor's Subsidiaries were for the Benefit of the Debtor" Motion at pg. 14 ln. 10.  This argument fails, and this is a material fact in dispute that requires discovery and a trial.

### b. Debtor Received No Value For Transfer On Behalf Of Its Subsidiaries.

Defendants purposefully ignore the Ninth Circuit authority controverting their argument that as a matter of law value to a subsidiary is value to the parent.  The Debtor received no direct value when it made the Transfer to the Defendant.  The Defendant's argument that the Debtor received reasonably equivalent value in exchange for the Transfer for its subsidiaries fails.  Any parent affiliate relationship does not

by itself establish that the Debtor received reasonably equivalent value in exchange for the Transfer.

Undoubtedly, a parent entity can receive reasonably equivalent value in exchange for payments of a subsidiary's debt. *In re Bay W. Kailua Bay,* Nos. 11-03124, 13-90045, 2014 Bankr. LEXIS 5080, at *12 (Bankr. D. Haw. Dec. 18, 2014). However, to make a finding that a debtor received reasonably equivalent value in exchange for the payment of its affiliate's debt requires a detailed inquiry into the facts of the case. *Rubin v. Manufacturers Hanover Trust Co.,* 661 F.2d 979, 993-94 (2d Cir. 1981). Courts presume that a parent's payments that benefit a subsidiary are "of nominal value" to the parent, unless there is contrary evidence proving that some "clear and tangible benefit" accrued to the parent. *Pajaro Dunes Rental Agency, Inc. v. Spitters (In re Pajaro Dunes Rental Agency, Inc.),* 174 B.R. 557, 579 (Bankr. N.D. Cal. 1994). The benefit must conform to the Ninth Circuit's holding that "any consideration not involving utility for the creditors [of the debtor]" is not value. *Hayes v. Palm Seedlings Partners (In re Agricultural Research and Technology Group, Inc.)*, 916 F.2d 528, 540 (9th Cir. 1990).

This Court should rely on the Ninth Circuit authority in *Pajaro Dunes Rental Agency, Inc. v. Spitters (In re Pajaro Dunes Rental Agency, Inc.),* 174 B.R. 557, 579 (Bankr. N.D. Cal. 1994) and *Hayes v. Palm Seedlings Partners (In re Agricultural Research and Technology Group, Inc.)*, 916 F.2d 528, 540 (9th Cir. 1990) that payments by parents for their affiliates or subsidiaries are presumed to be of "nominal" value for the

parent and that "consideration not involving utility for the creditors [of the debtor]" is not value."

Other than Defendant's assertions that the Debtor received value, the issue of reasonably equivalent value and whether the Debtor received some clear and tangible benefit for the Transfer is a material fact in dispute that require a trial.  More importantly, contrary to the Defendant's assertions, it is not a matter of law that value to a subsidiary is automatically value to its parent, in fact the Ninth Circuit holds that this type of value is at best "nominal".

### III. CONCLUSION

For the foregoing reasons the Motion should be denied and the Defendant be ordered to answer.

DATED: January 9, 2024                    PEÑA & SOMA, APC

                                By: /s/ Leonard Peña
                                    LEONARD PEÑA
                                    JULIE A. SOMA
                                    Attorneys for Plaintiff
                                    Carolyn A. Dye,
                                    Chapter 7 Trustee

| In re: | | CHAPTER: 7 |
|---|---|---|
| Dye v. Potter Anderson & Corroon LLP | Debtor(s). | CASE NUMBER: 2:23-ap-01292 WB |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.    My business address is:
402 S. Marengo Avenue Suite B Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*):   Opposition To Motion to Dismiss.      will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   1/9/2024    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Carolyn A Dye (TR)
trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com

Beth Gaschen on behalf of Defendant Potter Anderson & Corroon LLP
bgaschen@go2.law,
kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law

Beth Gaschen on behalf of Interested Party Courtesy NEF
bgaschen@go2.law,
kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law

Jeffrey I Golden on behalf of Defendant Potter Anderson & Corroon LLP
jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com

Leonard Pena on behalf of Plaintiff Carolyn A Dye
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On   1/9/2024    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Julia W. Brand
United States Bankruptcy Court
225 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

---

This form is mandatory.    It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June   2012*                                                                                                                                    **9013-3.1.PROOF.SERVICE**

| In re: Urban Commons, LLC | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER 2:21-bk-13523-WB |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/9/2024 | NOEMI SANDOVAL | /S/ NOEMI SANDOVAL |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.   It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                              F 9013-3.1