**GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@go2.law
Beth E. Gaschen, State Bar No. 245894
bgaschen@go2.law
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

R. Stephen McNeill (Delaware Bar No. 5210)
rmcneill@potteranderson.com
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Admitted Pro Hac Vice

Attorneys for Defendant
Potter Anderson & Corroon, LLP

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>URBAN COMMONS, LLC,<br><br>Debtor. | Case No. 2:21-bk-13523-WB<br><br>Chapter 7 |
| CAROLYN A. DYE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>POTTER ANDERSON & CORROON, LLP,<br><br>Defendant. | Adv. No. 2:23-ap-01292-WB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) AVOIDANCE OF POST-PETITION TRANSFER, (3) PRESERVATION OF FRAUDULENT, PREFERENTIAL AND POST PETITION TRANSFERS, AND (4) DISALLOWANCE OF CLAIMS**<br><br>**DATE:** March 5, 2024<br>**TIME:** 2:00 p.m.<br>**PLACE:** In person (or via ZoomGov) |

1    ANSWER

Potter Anderson & Corroon LLP ("Defendant" or "Potter Anderson"), by and through its undersigned counsel, hereby answers and asserts defenses to the First Amended Complaint dated November 30, 2023 [Adv. D.I. 24] (the "Complaint") filed by Carolyn A. Dye, Chapter 7 Trustee ("Trustee" or "Plaintiff") as follows:

**GENERAL DENIAL**

Unless expressly admitted, all allegations, including any allegations contained or implied anywhere in the Complaint (whether in the body, headings, footnotes, or otherwise) are denied. Unless expressly otherwise stated, a denial of the allegations in a given Paragraph is a denial of any allegations contained in a footnote in that Paragraph. Unless otherwise noted, Potter Anderson uses the same defined terms as Plaintiff uses in the Complaint, but Potter Anderson's use of such defined terms in this Answer should not be interpreted as, and is not, an admission that: (i) Potter Anderson agrees with Plaintiff's characterization or use of the defined terms; (ii) the defined terms are accurate; or (iii) the documents or items described by the defined terms actually exist or are accurately described. Potter Anderson uses the defined terms solely for purposes of responding to the allegations of the Complaint. Potter Anderson denies that the headings contained in the Complaint constitute allegations of fact and denies them to the extent that they are considered as such. Potter Anderson expressly reserves the right to amend and/or supplement its Answer and Defenses to the Complaint as may be necessary.

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

1. The allegations in Paragraph 1 contain legal conclusions to which no response is required. As required by the Federal Rules of Bankruptcy Procedure, Potter Anderson admits that the First, Fourth, and Fifth Claims for Relief assert core claims. The Second and Third Claims for Relief have been dismissed with prejudice, so no response to those claims is required.

2. The allegations in Paragraph 2 contain legal conclusions to which no response is required.

3. The allegations in Paragraph 3 contain legal conclusions to which no response is required.

4. The allegations in Paragraph 4 contain legal conclusions to which no response is required.

5. Paragraph 5 is a statement of Plaintiff's position and does not contain any allegations requiring a response. Potter Anderson does not consent to entry of final orders or judgment by this Court.

**RELEVANT BACKGROUND, PARTIES, AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

6. Admitted.

7. Admitted.

8. Admitted.

9. The first sentence of Paragraph 9 contains a legal conclusion to which no response is required. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies them.

10. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11. Paragraph 11 of the Complaint refers to the Debtor's books and records, documents which speak for themselves, and any mischaracterization thereof is denied. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies them.

12. Paragraph 12 of the Complaint refers to the Debtor's books and records, documents which speak for themselves, and any mischaracterization thereof is denied. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

13. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore denies them.

14. Admitted.

15. Paragraph 15 of the Complaint refers to the Debtor's books and records and the books and records of the EHT Entities, documents which speak for themselves, and any

mischaracterization thereof is denied. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies them.

16. The allegations in Paragraph 16 contain legal conclusions to which no response is required. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies them.

17. The allegations in Paragraph 17 contain legal conclusions to which no response is required. To the extent that a response is required, denied.

18. Admitted.

19. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19. Potter Anderson denies the remaining allegations in Paragraph 19. Potter Anderson denies that Plaintiff is entitled to any relief and that Plaintiff is entitled to recover any transfers not alleged in the Complaint.

**DEBTOR FRAUDULENTLY TRANSFERRED $550,000.00 TO OR FOR THE BENEFIT OF POTTER ANDERSON & CORROON, LLC**

20. Denied.

21. The allegations in Paragraph 21 contain legal conclusions to which no response is required. To the extent that a response is required, denied.

22. Potter Anderson admits that it was retained by the Debtor, two of its corporate representatives, and certain of the Debtor's wholly-owned subsidiaries in the Delaware Case. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore denies them.

23. Potter Anderson admits that it received $475,000 from the Debtor between January 29, 2021 and the Petition Date. Potter Anderson denies the remaining allegations of Paragraph 23.

24. Potter Anderson admits that it received $75,000 from the Debtor after the Petition Date. The remaining allegations of Paragraph 24 are denied.

25. Potter Anderson admits that the Trustee sent a demand letter and that Potter Anderson responded to that letter. Potter Anderson denies the remaining allegations of Paragraph 25.

26. The first sentence of Paragraph 26 contains a legal conclusion to which no response is required. Potter Anderson admits that the Trustee sent a demand letter. Potter Anderson denies the remaining allegations of Paragraph 26.

27. Potter Anderson denies that it has any obligation to provide documents to the Trustee that were previously provided to the Debtor and are already in the Trustee's possession. Potter Anderson denies the remaining allegations of Paragraph 27.

28. Potter Anderson admits that it filed 25 adversary cases on behalf of the Debtor's wholly-owned subsidiaries in the Delaware Case and that no adversary case was filed on behalf of the Debtor in its own name. Potter Anderson denies the remaining allegations of Paragraph 28.

29. Paragraph 29 refers to complaints filed in the Delaware Case, documents which speak for themselves, and the dockets of the Delaware Adversary Cases, which are a matter of public record, and any mischaracterization thereof is denied. Potter Anderson admits that the plaintiffs in the Delaware Adversary Cases were wholly-owned subsidiaries of the Debtor, that the Debtor was not a plaintiff in any of the Delaware Adversary Cases, and that the Delaware Adversary Cases were ultimately dismissed. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore denies them.

30. The allegations in Paragraph 30 contain legal conclusions to which no response is required. Potter Anderson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies them.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

1  36. The allegations in Paragraph 36 contain incorrect legal conclusions to which no

2  response is required.  To the extent a response is required, denied.

3  37. Denied.

4  38. Denied.

5  39. Denied.

6  40. Potter Anderson admits that the Trustee did not authorize the $75,000 post petition

7  payment, which was made prior to the Trustee's appointment.  Potter Anderson denies the

8  remaining allegations in Paragraph 40.

9  41. The allegations in Paragraph 41 contain legal conclusions to which no response is

10  required.  Potter Anderson is without knowledge or information sufficient to form a belief as to the

11  truth of the remaining allegations in Paragraph 41, and therefore denies them.

## FIRST CLAIM FOR RELIEF

[Avoidance and Recovery of Pre-Petition Transfers Pursuant to U.S.C. §§ 548(a)(1)(B) and 550]

14  42. Potter Anderson reincorporates paragraphs 1 – 41 as if fully restated herein.

15  43. Potter Anderson admits that the Debtor made certain transfers to Potter Anderson

16  during the two years preceding the Petition Date.  Potter Anderson denies the remaining allegations

17  in Paragraph 43.

18  44. Denied.

19  45. Denied.

20  46. Denied.  Potter Anderson denies that Plaintiff is entitled to any relief.

## SECOND CLAIM FOR RELIEF

[For Avoidance of Preferential Transfer – 11 U.S.C. § 547]

23  47. Pursuant to the Court's January 26, 2024 ruling, the Second Claim for Relief has

24  been dismissed, and therefore, no response is required for Paragraphs 47 - 55.

## THIRD CLAIM FOR RELIEF

[For Avoidance of Post-Petition Transfer – 11 U.S.C. § 549]

27  56. Pursuant to the Court's January 26, 2024 ruling, the Third Claim for Relief has been

28  dismissed, and therefore, no response is required for Paragraphs 56 – 60.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## FOURTH CLAIM FOR RELIEF

[For Recovery and Preservation of Transfer 11 U.S.C. §§ 550 and 551]

61. Potter Anderson reincorporates paragraphs 1 – 60 as if fully restated herein.

62. The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent a response is required, denied.

63. Denied.

## FIFTH CLAIM FOR RELIEF

[For Disallowance of Claim – 11 U.S.C. § 502]

64. Potter Anderson reincorporates paragraphs 1 – 63 as if fully restated herein.

65. Denied.

66. Denied.

## RESERVATION OF RIGHTS

67. Paragraph 67 is a purported reservation of rights by Plaintiff, to which no response is required. To the extent a response is required, Potter Anderson denies that Plaintiff is entitled to any relief purported to be reserved in Paragraph 67, or any relief at all.

68. Paragraph 68 is a purported reservation of rights by Plaintiff, to which no response is required. To the extent a response is required, denies that Plaintiff is entitled to any relief purported to be reserved in Paragraph 68, or any relief at all.

## PRAYER FOR RELIEF

69. Potter Anderson admits that Plaintiff seeks the above-requested relief but denies that Plaintiff is entitled to such relief, or any relief at all.

## DEFENSES

Potter Anderson asserts the following defenses regarding the allegations and causes of action asserted in the Complaint without assuming the burden of proof on such defenses that would otherwise rest upon Plaintiff. Potter Anderson reserves the right to supplement and amend its

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

defenses and/or raise additional defenses that may become available or appropriate, as additional facts are obtained through discovery.

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms of the relevant agreements.

### THIRD DEFENSE

The claims asserted in the Complaint are barred by the doctrines of laches, waiver and/or estoppel.

### FOURTH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by Debtor's actions and breaches of the relevant agreements.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to mitigate its damages.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH DEFENSE

Some or all of the claims in the Complaint are barred or reduced under the doctrine of recoupment and/or the law of setoffs and offsets. The alleged transfers are subject to Defendant's right to setoff and/or recoupment with respect to its pre-petition and/or post-petition claims against the Debtor.

### NINTH DEFENSE

To the extent that the Complaint contemplates the avoidance of any alleged transfer(s) not specifically identified on Exhibit A to the Complaint, the Complaint should be dismissed because it fails to satisfy the pleading requirements of Fed. R. Civ. P. 8 and Fed. R. Bankr. P. 7008.

## TENTH DEFENSE

The claims alleged in the Complaint are barred either in whole or in part to the extent that any transfers to Potter Anderson were made at a time when the Debtor was solvent and the alleged transfers did not render the Debtor insolvent or leave the Debtor with an amount of remaining capital that was unreasonably small.

## ELEVENTH DEFENSE

The claims alleged in the Complaint are barred in whole or in part, because Potter Anderson took one or more of the alleged transfer(s) from the Debtor for value, in good faith and without knowledge of the voidability of the transfer(s) pursuant to 11 U.S.C. § 550(b).

## TWELFTH DEFENSE

The claims alleged in the Complaint have not been pled with the requisite particularity set forth in Fed. R. Civ. P. 9 (b), made applicable by Rule 7009 of the Federal Rules of Bankruptcy Procedure.

## THIRTEENTH DEFENSE

The claims alleged in the Complaint are barred either in whole or in part to the extent that Potter Anderson is a transferee or obligee of the transfer or obligation that took for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, in that Potter Anderson gave value to the Debtor in exchange for such transfer or obligation pursuant to 11 U.S.C. § 548(c).

1  **WHEREFORE**, Potter Anderson respectfully requests that this Court: (1) deny any and all relief requested by Plaintiff; (2) award Potter Anderson its costs and expenses, including, but not limited to, its reasonable attorneys' fees, incurred in defending this action; and (3) award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: February 13, 2024         GOLDEN GOODRICH LLP

By: /s/ Jeffrey I. Golden
JEFFREY I. GOLDEN
BETH E. GASCHEN
Attorneys for Defendant
POTTER ANDERSON & CORROON, LLP

10                                                         ANSWER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3070 Bristol Street, Suite 640, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) AVOIDANCE OF POST-PETITION TRANSFER, (3) PRESERVATION OF FRAUDULENT, PREFERENTIAL AND POST PETITION TRANSFERS, AND (4) DISALLOWANCE OF CLAIMS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 13, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR)   trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com
Beth Gaschen   bgaschen@go2.law, kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law
Jeffrey I Golden   jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
Leonard Pena   lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) **February 13, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 13, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 13, 2024 | Kelly Adele | */s/ Kelly Adele* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                       F 9013-3.1.PROOF.SERVICE
0.0